IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**<br><br>and<br><br>**COMMONWEALTH OF PENNSYLVANIA**<br><br>Plaintiffs,<br><br>v.<br><br>**THOMAS JEFFERSON UNIVERSITY**<br><br>and<br><br>**ALBERT EINSTEIN HEALTHCARE NETWORK**<br><br>Defendants. | No. 2:20-cv-01113-GJP |

**PARTIES' JOINT STATUS REPORT AND
<u>RESPECTIVE PROPOSALS FOR CASE MANAGEMENT ORDER</u>**

Plaintiffs Federal Trade Commission ("FTC" or "Commission") and the Commonwealth of Pennsylvania (collectively with the FTC, "Plaintiffs") have met and conferred with Defendants Thomas Jefferson University and Albert Einstein Healthcare Network (collectively, "Defendants"). The parties have reached agreement on a number of issues, primarily relating to discovery, and respectfully submit their resolution to those matters for the Court's review. Three issues remain in dispute, however. In particular, the parties differ on 1) the sequencing of expert depositions and the right to supplement expert testimony; (2) the allocation of time for certain third-party depositions; and (3) the hearing dates and the pre-hearing schedule for the proceeding. The matters on which the parties agree are reflected in regular font and the matters on which the parties do not agree are reflected in **bold-face type**.

1

The parties jointly submit the following Respective Proposals for Case Management Order.  The parties have also attached for the Court's consideration a table comparing the dates proposed by each side.  These disputed dates are left blank in the paragraphs below.[1]

**A.     TEMPORARY RESTRAINING ORDER**:  The Court entered the Stipulation and Temporary Restraining Order on February 28, 2020.

**B.     DISCOVERY**

1. Initial Disclosures.  The parties will serve the other side with initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by XX.  The disclosures shall include the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claim or defenses in this action.  If the parties need to supplement or correct their Rule 26(a)(1) disclosures during the pendency of this action, they will do so pursuant to Federal Rule of Civil Procedure 26(e).

2. Fact Discovery.  The parties shall complete fact discovery by XX.

3. Pre-Trial Discovery Conference.  This stipulated Order relieves the parties of their duty under Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery plan.

4. Third-Party Discovery.  No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service.  Each party shall produce all materials received pursuant to a third-party subpoena, and all materials received voluntarily in lieu of a

---

[1] The parties recognize that ongoing public health developments may affect the relevant dates in this action and stand ready to confer with each other and the Court to modify the schedule for the proceeding.

2

subpoena, including any declarations or affidavits obtained from a third party, to the opposing parties within two (2) business days of receiving those materials. Production shall occur in the format the materials were received, except that in the event a non-party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the documents, electronic information, or electronic media and produce them in an appropriate timeframe.  Unless otherwise agreed or with leave of Court upon a showing of good cause, the parties shall produce all declarations of individuals, including third parties, and all letters of support, no later than fourteen days before the close of fact discovery.

5. <u>Document Requests and Production.</u>  There shall be no limit on the number of requests for production the parties may serve.  The parties shall serve any objections to requests for the production of documents no later than ten (10) calendar days after the date of service of the document requests to which they assert objections.  Within three (3) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections, and the parties shall also meet and confer with respect to any requests that may present obstacles to a production within the timeframe set forth below.  Documents responsive to requests for production shall be produced on a rolling basis, and the parties shall substantially comply with requests for production no later than twenty (20) calendar days after the date of service, or after entry of this Order, whichever is later.  In response to any document requests, the parties need not produce to each other in discovery in this action any documents previously produced by Defendants to either Plaintiff in the course of any investigation of the integration agreement between Albert Einstein

Healthcare Network and Thomas Jefferson University. All documents previously produced by either Defendant to either Plaintiff in the course of any investigation of the integration agreement between Albert Einstein Healthcare Network and Thomas Jefferson University are deemed produced in this matter.

6. <u>Requests for Admission.</u> Requests for admission shall be limited to thirty (30) per side. The parties shall serve objections and responses to requests for admission no later than fourteen (14) calendar days after the date of service.

7. <u>Interrogatories.</u> The parties shall serve no more than twenty-five (25) interrogatories per side. The parties shall serve objections and responses to interrogatories no later than twenty-one (21) calendar days after the date of service.

8. <u>Deadline to Issue Written Discovery to Parties.</u> The parties shall serve document requests, interrogatories, and requests for admission to parties as early as practicable and by no later than XX.

9. <u>Expert Reports.</u> Plaintiffs shall serve their expert reports on XX. Defendants shall serve their expert reports on YY. Plaintiffs shall serve their expert rebuttal reports on ZZ.

   **[Plaintiffs' position: Oppose Defendants' proposal.]**

   **[Defendants' proposal: Defendants reserve the right to supplement expert testimony prior to the Preliminary Injunction hearing solely to contradict or rebut expert evidence disclosed by Plaintiffs in their rebuttal reports, consistent with the disclosure obligations in the Federal Rules of Civil Procedure.]**

10. <u>Expert Materials Not Subject to Discovery.</u> Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

4

a) Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

   i. any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants retained in anticipation of litigation, or between any such experts themselves;

   ii. any form of communication or work product shared between an expert(s) retained in anticipation of litigation and persons assisting the expert(s);

   iii. expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact;

   iv. drafts of expert reports, analyses, or other work product; or

   v. data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 10(b).

b) The parties agree that they will disclose the following materials with all expert reports:

   i. a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly; and

   ii. for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

11. <u>Exchange of Lists of Witnesses to Appear at Hearing.</u>

    a) *Preliminary Fact Witness Lists:*  The parties shall exchange preliminary party and third-party fact witness lists no later than 5:00 p.m. Eastern Time on XX. Preliminary fact witness lists shall summarize the general topics of each individual witness's anticipated testimony.  No more than forty (40) individuals may appear on either side's preliminary fact witness list.  The preliminary fact witness list shall include the name of the employer of each individual witness and a description of the responsibilities of any third-party witness.  Each party will update its preliminary fact witness list promptly as it adds or deletes witnesses.  Each side may add witnesses from their preliminary witness lists by agreement of the parties or with leave of the Court for good cause shown, subject to the forty (40) witness limit described above. The opposing parties shall have a reasonable opportunity to depose any witness not included on a party's initial preliminary fact witness list but subsequently added thereto.

    b) *Final Fact and Expert Witness Lists:*  The parties shall exchange final party and third-party fact witness lists no later than 5:00 p.m. Eastern Time on XX. Final fact witness lists shall summarize the general topics of each witness's anticipated testimony.  The preliminary and final fact witness lists shall represent a good faith effort to identify all witnesses the producing party expects that it may present at the evidentiary hearing, other than solely for impeachment.  No more than fifteen (15) individuals may appear on either side's final fact witness list.  Absent agreement of the parties or leave of the Court for good cause shown, no witness may be included on a final witness

list who was not listed on a preliminary witness list.  The parties shall exchange expert witness lists by 5:00 p.m. Eastern Time on XX.  Additional witnesses may be added to the final fact and expert witness lists after these dates only by agreement of the parties or with leave of the Court for good cause shown.

12. Depositions.

   a) Deposition Limits.  Each side may (a) take up to 30 depositions or (b) depose any individual who is listed on either side's preliminary, supplemental, or final witness list or who provides a declaration or letter of support, plus up to five (5) depositions of individuals who are not listed on any party's witness list and did not provide a declaration or letter of support, whichever is greater.  Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown.

   b) Allocation of Time.  All depositions, including depositions of fact and expert witnesses, shall proceed in accordance with the Federal Rules of Civil Procedure.  Notwithstanding the Federal Rules of Civil Procedure:

   i. **[Plaintiffs' proposal:  Unless otherwise agreed, and except as provided in Paragraph 12(b)(ii), each side will have three-and-a-half (3.5) hours per side for cross-noticed third-party depositions.  Unused time in a deposition shall revert to the other side.]**

   **[Defendants' proposal:  For third-party witnesses who provided a previous statement, the side that elicited the previous statement will have one (1) hour for examination, and the side**

7

           **that did not elicit the previous statement will have six (6) hours for examination.  Unused time in a deposition shall revert to the other side.]**

      ii.    For party witnesses (including current and former employees) or third-party witnesses retained by any party (e.g., as a consultant, agent, contractor, or representative) in connection with the integration agreement between Albert Einstein Healthcare Network and Thomas Jefferson University, the opposing side will have seven (7) hours for examination, absent agreement of the parties or leave of the Court for good cause shown.

      iii.    Unless otherwise agreed or with leave of the Court upon a showing of good cause, each side shall have the opportunity to depose each expert witness only one (1) time.

c) <u>Notice.</u>  Unless otherwise agreed or with leave of Court upon a showing of good cause, the parties may not serve a deposition notice with fewer than seven (7) calendar days' notice.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The parties shall use reasonable efforts to reduce the burden on any witness noticed for deposition and to accommodate the witness's schedule.  If a party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the non-party's compliance with the subpoena for the production of documents or electronically stored information.

8

      d) <u>Deposition Designations.</u>  The parties need not designate portions of investigational hearings or depositions taken in the litigation.  The parties reserve the right to object to the admissibility of any investigational hearing or deposition transcript, or any portion thereof.

13. <u>Expert Depositions.</u>  Expert depositions cannot occur until at least seven (7) calendar days after submission of any expert's final report.

    **[Plaintiffs' position:  Oppose Defendants' proposal.]**

    **[Defendants' proposal:  In addition, Defendants shall have an opportunity to depose Plaintiffs' experts before their own experts are made available for depositions.]**

    These dates shall be subject to any revision in the dates that expert reports are produced.  Expert depositions must be completed on or before XX.

14. <u>Discovery Uses.</u>  All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding (FTC Docket No. 9392).  Only discovery obtained by a party in the Part 3 administrative proceeding (FTC Docket No. 9392) prior to the close of fact discovery in this proceeding may be used as part of this litigation.

**C.    MOTIONS AND BRIEFING SCHEDULE**

15. Plaintiffs will file their memorandum in support of their motion for a preliminary injunction by XX.  This brief is not to exceed forty (40) pages.

16. Defendants will file their opposition to the Plaintiffs' motion for a preliminary injunction by XX.  This brief is not to exceed forty (40) pages.

17. Plaintiffs will file their reply memorandum in further support of their motion for a preliminary injunction by XX.  This brief is not to exceed twenty (20) pages.

18. Motions to seal documents or testimony identified on either party's exhibit list for use at trial shall be filed by XX.  Responses to motions to seal shall be filed by XX.  The parties will not submit any reply briefs in support of motions to seal.

19. Any motions *in limine*, including any *Daubert* motions, shall be filed by XX. Responses to motions *in limine* shall be filed by XX.  The parties will not submit any reply briefs in support of motions *in limine* including reply briefs in support of *Daubert* motions.

20. The parties' proposed findings of fact and conclusions of law shall be submitted by 5:00 pm Eastern Time on XX.  Each side's proposed findings of fact and conclusions of law shall not exceed seventy-five (75) pages.

**D.    PRELIMINARY INJUNCTION EVIDENTIARY HEARING**

21. The Court has scheduled an evidentiary hearing on Plaintiffs' motion for a preliminary injunction to take place from XX to YY, with closing arguments to be scheduled by the Court.  Defendants and Plaintiffs shall split the time available at the hearing evenly, with direct examination of witnesses counting against the party conducting the direct examination and cross-examination of witnesses counting against the party conducting the cross-examination.  Plaintiffs may reserve a portion

of its time for rebuttal.  All objections made at the hearing shall not count against either party's time limit.  Should the Court augment the time available for this proceeding, any additional time shall be divided equally between Plaintiffs and Defendants.

**E.**     **OTHER MATTERS**

22. Service.  Service of any documents not filed via ECF, including pleadings, discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the following individuals designated by each party:

   For Plaintiffs:

   Mark Seidman: mseidman@ftc.gov

   James Weingarten: jweingarten@ftc.gov

   Charles Dickinson: cdickinson@ftc.gov

   Tracy Wertz: twertz@attorneygeneral.gov

   Jennifer Thomson: jthomson@attorneygeneral.gov

   Abigail Wood: awood@attorneygeneral.gov

   For Defendants:

   Kenneth M. Vorrasi:  kenneth.vorrasi@faegredrinker.com

   Paul H. Saint-Antoine:  paul.saint-antoine@faegredrinker.com

   Daniel J. Delaney:  daniel.delaney@faegredrinker.com

   John L. Roach, IV:  lee.roach@faegredrinker.com

   Jonathan H. Todt:  jonathan.todt@faegredrinker.com

   John S. Yi: john.yi@faegredrinker.com

   Alison M. Agnew:  alison.agnew@faegredrinker.com

>Leigh L. Oliver: leigh.oliver@hoganlovells.com
>
>Virginia A. Gibson: virginia.gibson@hoganlovells.com
>
>Robert F. Leibenluft: robert.leibenluft@hoganlovells.com
>
>Stephen A. Loney, Jr.: stephen.loney@hoganlovells.com
>
>Justin W. Bernick: justin.bernick@hoganlovells.com
>
>Kimberly D. Rancour: kimberly.rancour@hoganlovells.com
>
>Katie Hughes: kathleen.hughes@hoganlovells.com

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

23. <u>Answer.</u>  Defendants shall answer the complaint on or before XX.

24. <u>Nationwide Service of Process.</u>  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23 to issue from this Court that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

25. <u>Third-Party Confidential Information.</u>  The Protective Order Concerning Confidentiality ("Protective Order") shall govern discovery and production of Confidential Information.  Any party serving discovery requests, notices, or subpoenas sent to a non-party shall provide the non-party with a copy of the Protective Order.

26. <u>Exhibit Lists.</u>  The parties shall exchange final exhibit lists under Federal Rule of Civil Procedure 26(a)(3) by 5:00 pm Eastern Time on ==XX==.  The parties shall meet and confer before 5:00 pm Eastern Time on ==YY== regarding challenges to the authenticity or admissibilty of any documents or records.

27. <u>Witness Disclosure.</u>  Each side shall provide opposing counsel a list of witnesses the parties intend to present during the first day of the hearing, including the order in which the witnesses will be presented, no later than 5:00 pm Eastern Time three (3) calendar days prior to the first day of the evidentiary hearing.  For each subsequent day of the hearing, each side shall provide opposing counsel a list of witnesses the parties intend to present, including the order in which the witnesses will be presented, no later than 9:00 pm Eastern Time three (3) calendar days before the witness is presented.  A list of all exhibits anticipated to be used on direct examination of the particular witness will be disclosed to opposing counsel by 9:00 pm Eastern Time two (2) calendar days prior to the hearing day when such witness is intended to be called.[2]  With prior notice and permission from the Court, witnesses may be called out of order in either parties' case where necessary to accommodate the schedule of the witness.

---

[2] **Parties' joint proposal**:  If the Court would find it useful, the parties will provide the Court with a binder or CD/DVD of PDFs for each day of the hearing, which shall include all direct examination exhibits pertaining to each witness that the parties include on the list of exhibits provided to opposing counsel.

28. <u>Demonstrative Exhibits.</u>  The parties shall disclose direct examination demonstrative exhibits and/or slide decks, if any, to opposing counsel by 9:00 pm Eastern Time two (2) calendar days prior to the hearing day when such demonstratives and/or slide decks are intended to be displayed or presented to the Court.  Demonstrative exhibits and slide decks will not be submitted with the pre-hearing order.

29. <u>Inadvertent Production of Privileged Material.</u>  In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product of the inadvertently produced material, provided that the producing party notifies the receiving party within three (3) business days of learning of the inadvertent production.  When a party determines that it has inadvertently produced such material, it will notify other parties, who will promptly return, sequester, or delete the protected material from their document management systems.  Within two (2) business days of identifying inadvertently produced information or documents(s), the party seeking claw-back of such materials shall provide a revised privilege log for the identified information or documents.  A party may move the Court for an order compelling production of the material, but such party may not assert as a gound for entering such an order the mere fact of inadvertent production.  The party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review.

30. <u>Attorney Work-Product.</u>  The parties will neither request nor seek to compel the production of any interview notes, interview memoranda, or recitation of information contained in such notes or memoranda, created by any party's Counsel, except as

specified in Paragraph 10.  Nothing in this Order requires the production of any party's attorney work-product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process privilege or any other privilege.

31. <u>Electronically Stored Information.</u>  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI").

    a) All Parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this action.  In addition, the Parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

    b) All Parties agree that the use of Technology Assisted Review tools may assist in the efficient production of ESI.  However, if a party desires to use such technologies, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology.

    c) All parties will request ESI in the form or forms that facilitate efficient review of ESI.  In general, the parties will produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation.

32. <u>Evidentiary Presumptions.</u>

    a) Documents produced by non-parties from the non-parties' files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901.  Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to trial exhibits.  If a party

serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

b) All documents produced by a Defendant either in response to document requests in this litigation or in the course of the Pennslyvania Office of Attorney General's or FTC's pre-complaint investigation of the proposed integration agreement, FTC File No. 181-0128, or any prior FTC investigation, are presumed to be authentic.

c) Any party may challenge the authenticity or admissibility of a document for good cause shown, and if necessary may take discovery related solely to authenticity or admissibility of documents.

33. <u>Discovery Disputes.</u>  Prior to filing any discovery motions, the parties shall meet and confer and otherwise comply with Paragraph II.C.2 of Judge Pappert's Policies and Procedures.

34. <u>Modification of Scheduling and Case Management Order.</u>  Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

## SCHEDULE

| Event | Plaintiffs' Proposed Dates | Defendants' Proposed Dates |
| --- | --- | --- |
| Service of Initial Disclosures | March 19, 2020 | March 19, 2020 |
| Defendants' Answer to Plaintiffs' Complaint | March 19, 2020 | March 19, 2020 |
| Exchange of Preliminary Fact Witness Lists | March 26, 2020 | March 30, 2020 |
| Deadline to Serve Written Discovery to Parties | April 6, 2020 | May 1, 2020 |
| Deadline to Produce Declarations and Letters of Support | April 22, 2020 | May 8, 2020 |
| Exchange of Expert Witness Lists | April 24, 2020 | May 15, 2020 |
| Close of Fact Discovery | May 6, 2020 | May 22, 2020 |
| Plaintiffs Produce Expert Report(s) | May 12, 2020 | May 29, 2020 |
| Plaintiffs' Memorandum of Law in Support of Preliminary Injunction Motion | May 15, 2020 | June 5, 2020 |
| Defendants Produce Expert Report(s) | May 26, 2020 | June 15, 2020 |
| Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction | June 2, 2020 | July 2, 20202 |
| Exchange of Final Witness Lists | June 2, 2020 | June 19, 2020 |
| Plaintiffs Produce Rebuttal Expert Report(s) | June 5, 2020 | June 22, 2020 |
| Close of Expert Discovery | June 16, 2020 | July 2, 2020 |
| Exchange of Exhibit Lists | June 16, 2020 | July 2, 2020 |
| Last Day for Motions *In Limine* to be Filed | June 17, 2020 | July 6, 2020 |

| Event | Plaintiffs' Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Plaintiffs' Reply to Defendants' Opposition to Preliminary Injunction Motion | **June 18, 2020** | **July 9, 2020** |
| Last day to file Motions to Seal and Respond to Motions *In Limine* | **June 18, 2020** | **July 9, 2020** |
| Objections to Exhibits | **June 19, 2020** | **July 9, 2020** |
| Pre-Hearing Conference | **June 22, 2020** | **July 10, 2020** |
| Evidentiary Hearing Begins | **June 25, 2020** | **July 13, 2020** |
| Proposed Findings of Fact and Conclusions of Law | **Seven days after the Hearing ends** | **Ten days after the Hearing ends** |

Dated: March 13, 2020

Respectfully Submitted,

/s/Mark D. Seidman
Mark D. Seidman
Charles Dickinson
James Weingarten
FEDERAL TRADE COMMISSION
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
(202) 326-3296
mseidman@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

/s/Tracy Wertz
Tracy Wertz. PA 69164
Jennifer Thomson, PA 89360
Abigail Wood, PA 325273
OFFICE OF THE ATTORNEY GENERAL
COMMONWEALT OF PENNSYLVANIA
Strawberry Square
Harrisburg, PA 17120
(717) 787-4530
twertz@attorneygeneral.gov

*Attorneys for Plaintiff Commonwealth of Pennsylvania*

/s/Paul H. Saint-Antoine
Paul H. Saint-Antoine  (ID# 56224)
John S. Yi  (ID# 318979)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone: 215-988-2700
Facsimile: 215-988-2757
paul.saint-antoine@faegredrinker.com
john.yi@faegredrinker.com

Kenneth M. Vorrasi (admitted *pro hac vice*)
John L. Roach, IV (admitted *pro hac vice*)
Jonathan H. Todt  (admitted *pro hac vice*)
Alison M. Agnew (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW, Suite 1100
Washington, DC  20005
Telephone: 202-842-8800
Facsimile: 202-842-8465
kenneth.vorrasi@faegredrinker.com
lee.roach@faegredrinker.com
jonathan.todt@faegredrinker.com
alison.agnew@faegredrinker.com

Daniel J. Delaney (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606

        Telephone: 312-569-1000
        Facsimile: 312-569-3000
        daniel.delaney@faegredrinker.com

*Counsel for Defendant Thomas Jefferson University*

*/s/Virginia A. Gibson*
Virginia A. Gibson (ID#32520)
Stephen A. Loney, Jr. (ID#202535)
HOGAN LOVELLS US LLP
1735 Market Street, Floor 23
Philadelphia, PA 19103
Telephone:  267-675-4600
Facsimile:  267-675-4601
virginia.gibson@hoganlovells.com
stephen.loney@hoganlovells.com

Robert F. Leibenluft (Of Counsel)
Leigh L. Oliver (Of Counsel)
Justin W. Bernick (Of Counsel)
Kimberly D. Rancour (Of Counsel)
Kathleen K. Hughes (Of Counsel)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone:  202-637-5600
Facsimile:  202-637-5910
robert.leibenluft@hoganlovells.com
leigh.oliver@hoganlovells.com
justin.bernick@hoganlovells.com
kimberly.rancour@hoganlovells.com
kathleen.hughes@hoganlovells.com

*Counsel for Defendant Albert Einstein Healthcare Network*

Dated: _____ SO ORDERED.

_____
Gerald John Pappert
United States District Judge