IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Federal Trade Commission, et al. | : |
| Plaintiff, | : |
| v. | : Civil Action No. 2:20-cv-01113-GJP |
| Thomas Jefferson University, et al. | : |
| Defendant. | : |

**SHANNONDELL, INC.'S MOTION TO QUASH AND/OR MODIFY THE SUBPOENAS TO PRODUCE DOCUMENTS**

Shannondell, Inc., ("Shannondell"), a nonparty in the above-captioned matter, by and through its undersigned counsel, Latsha Davis & Marshall, P.C., pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, respectfully moves this Court for an Order quashing and/or Modifying the Subpoenas to produce documents served upon it by the Federal Trade Commission ("Plaintiff") and Albert Einstein Healthcare Network ("Defendant"). A copy of the Subpoenas and Shannondell's Objections thereto are attached to this Motion and marked respectively as Exhibit "A" and Exhibit "B." In further support of this Motion, Shannondell incorporates by reference its Objections to the Subpoena and the annexed Memorandum of Law. Shannondell, states as follows:

1. Shannondell, Inc., is a Pennsylvania corporation that operates: (a) a continuing care retirement community with approximately one thousand (1000) independent living units ("CCRC") licensed by the Pennsylvania Department of Insurance, located at 10000 Shannondell Drive, Audubon, Pennsylvania, known as "Shannondell at Valley Forge"; (b) a 184 person personal care home with a 34 person Secure Dementia Unit ("PCH") licensed by the

15215898v1

Pennsylvania Department of Human Services, located at 6000 Shannondell Drive, Audubon, Pennsylvania, known as "The Meadows at Shannondell,"; and a 120 bed skilled nursing facility ("SNF") licensed by the Pennsylvania Department of Health, located at 5000 Shannondell Drive, Audobon, Pennsylvania known as "Rehab at Shannondell" (Collectively, the CCRC, PCH, and SNF are herein referred to as "Facilities."). In total, Shannondell serves approximately 1,400 of elderly residents across its Facilities.

2. Defendant, through their counsel issued the subpoena at issue and emailed the subpoena to Shannondell on March 30, 2020. Plaintiff also served a subpoena upon Shannondell seeking all documents produced by Shannondell in response to Defendant's subpoena. See Exhibit "A."

3. A course of discussion subsequently ensued between counsel for Plaintiff, Defendant, and Shannondell regarding both the scope of the Subpoena as well as the timeframe necessary for Shannondell to respond to the subpoenas.

4. In light of the COVID-19 pandemic, as well as the fact that this Honorable Court had not yet issued a Case Management Order, counsel for Plaintiff and Defendant agreed to provide Shannondell with additional time to both object and respond to their subpoenas.

5. More specifically, by agreement of counsel, Shannondell was provided until April 22, 2020 to serve counsel with any objections to the Subpoenas. Shannondell's Objections to the subpoena, attached hereto as Exhibit "B," were served upon counsel on April 22, 2020.

6. By agreement of counsel, Defendant initially agreed to extend the deadline for Shannondell to respond to its subpoena an additional ten days, or until April 30, 2020. Plaintiff agreed in writing to extend Shannondell's deadline to respond to its subpoena an additional twenty-five days, or otherwise until May 15, 2020. On Monday, April 27, 2020, counsel for

Defendant provided an additional extension until May 15, 2020 for Shannondell to provide all documents responsive to the subpoena requests.

7. The subpoenas command production of documents including various types of documents, data, referrals and logs as more specifically referenced and as listed in Appendices 1 and 2 attached to the subpoenas.

8. The subpoenas through its over-encompassing requests, also seek to obtain Shannondell's confidential research, and commercial/business information, business plans, research, rates, reports, analyses and competitive strategies and trade secrets that are privileged from production. Disclosure of such information would cause severe and irreparable harm to Shannondell.

9. Unfortunately, neither limited extension of time provided by the Plaintiff and Defendant afford Shannondell with a reasonably sufficient time to comply with and respond to the extensive, overly broad and burdensome document requests as contained in the subpoenas.

10. More specifically, and as this Honorable Court is aware and counsel for the parties is aware, Shannondell, much like the rest of the world's health care providers, is currently dealing with the COVID-19 crisis and tirelessly working around the clock to test, control and prevent the spread of this pandemic through its Facilities. As the statistics in the United States and more locally in Pennsylvania demonstrate, COVID-19 is being increasingly reported in elderly retirement communities and health care facilities across the United States as the nature of those facilities and the elderly population which they serve make them the most vulnerable and susceptible to the disease.

11. Accordingly, to the extent that this Honorable Court determines that the subpoenas are proper and within the permissible scope of discovery, and further requires

Shannondell to respond, in whole or in part, the subpoena should be modified pursuant to Rule 45(d)(3)(A)(i) to allow a reasonable time for Shannodell to comply in light of the current pandemic.

12. The subpoenas should also be quashed pursuant to the Court's inherent power to protect non-parties such as Shannondell from having to provide documents and confidential information and from undue burden and expense.

13. The subpoenas should be quashed to extent that it requests documents and information which are overly broad, and beyond the scope of permissible discovery, are privileged, and for which Plaintiff and Defendant have not shown are relevant to their claims and defenses and proportional to the needs of their case. See F.R.C.P. 26(b)(1).

14. The subpoenas should be quashed pursuant to the specific protections provided in Rule 45 of the Federal Rules of Civil Procedure.

15. The subpoenas should be quashed pursuant to Rule 45 (d)(3)(A)(iii) and (iv) because it "requires disclosure of privileged and protected mater" and "subjects a person to undue burden."

16. The subpoenas should be quashed pursuant to Rule 45(d)(3)(A)((B) because its requires Shannondell to "disclose a trade secret or other confidential research, development of confidential information."

17. In support of this Motion to Modify and Quash, Shannondell has filed a Memorandum of Law in Support as well as the Affidavit of Dan Freed.

18. Shannondell has conferred with the counsel for the parties regarding both its need for additional time to respond to the subpoenas as well as the scope, relevance and privileged and confidential nature of the subpoena requests but are unable to agree.

19. For the reasons set forth in those pleadings, Shannondell respectfully requests that this Honorable Court modify the time to respond to the subpoenas by providing Shannondell at least an additional ninety (90) days to respond to those limited requests which this Honorable Court rules are nonprivileged, relevant and with the proper scope of permissible discovery. In all other respects, Shannondell respectfully requests that this Court quash the subpoenas to protect it from the severe and irreparable harm it will suffer by producing the documents.

Respectfully submitted,

LATSHA DAVIS & MARSHALL, P.C.

Dated: April 30, 2020

/s/ *Brian A. McCall*
Kimber L. Latsha
klatsha@ldylaw.com
Attorney I.D. No. 32934
Brian A. McCall
bmccall@ldylaw.com
Attorney I.D. No. 83030
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
Tel: (717) 620-2424
Fax: (717) 620-2444
Attorneys for Shannondell, Inc.

15215898v1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Federal Trade Commission, et al. | : |
| Plaintiff, | : |
| v. | : Civil Action No. 2:20-cv-01113-GJP |
| Thomas Jefferson University, et al. | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I hereby certify on the date set forth below, that the foregoing document was served upon all counsel of record via the Court's CM/EMF system.

By:   */s/ Brian A. McCall*
Brian A. McCall, Esquire
Counsel for Shannondell, Inc.

Dated: April 30, 2020