# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Federal Trade Commission, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 20-01113 |
| Thomas Jefferson University, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Shannondell at Valley Forge
Rehab at Shannondell, 5000 Shannondell Drive, Audubon, PA 19403

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Attachment A.

| Place: Hogan Lovells | Date and Time: |
|---|---|
| 1735 Market Street, 23rd Floor Philadelphia, PA  19103 | 04/20/2020 9:00 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Virginia A. Gibson |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Albert Einstein
Healthcare Network                                                        , who issues or requests this subpoena, are:

Virginia A. Gibson, Hogan Lovells US, LLP, 1735 Market Street, Philadelphia, PA 19103, virginia.gibson@hoganlovells.com, (267) 675-4635

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  20-01113

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Shannondell at Valley Forge

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:   via email to Dan Freed at

dfreed@shannondell.com pursuant to agreement of CEO Jim Sorom

on *(date)*   03/30/2020   ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  03/30/2020

Kendyl E. Gilmore
_____
*Server's signature*

Kendyl E. Gilmore, Associate, Hogan Lovells
_____
*Printed name and title*

1735 Market Street
23rd Floor
Philadelphia, PA 19103
_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION and COMMONWEALTH OF PENNSYLVANIA, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS JEFFERSON UNIVERSITY and ALBERT EINSTEIN HEALTHCARE NETWORK, <br><br> Defendants. | Civil Action No. 20-01113 |

## ATTACHMENT A TO THE SUBPOENA TO PRODUCE DOCUMENTS ISSUED TO SHANNONDELL AT VALLEY FORGE

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Albert Einstein Healthcare Network ("Einstein"), by and through its attorney, request that Shannondell at Valley Forge produce and permit the inspection and copying of the following described documents in its possession, custody, or control (including non-privileged documents in the possession, custody or control of counsel) at 9:00 a.m. on April 20, 2020 at the offices of Defendant's counsel, Hogan Lovells US LLP, 1735 Market Street, 23rd Floor, Philadelphia, Pennsylvania, 19103.

Dated: March 30, 2020                    Respectfully submitted,


                                         /s/  Virginia A. Gibson
                                         Virginia A. Gibson (ID# 32520)
                                         Stephen A. Loney, Jr. (ID# 202535)
                                         HOGAN LOVELLS US LLP
                                         1735 Market Street, Floor 23
                                         Philadelphia, PA 19103
                                         Telephone:  267-675-4600
                                         Facsimile:  267-675-4601
                                         virginia.gibson@hoganlovells.com
                                         stephen.loney@hoganlovells.com

                                         Robert F. Leibenluft (admitted *pro hac vice*)
                                         Leigh L. Oliver (admitted *pro hac vice*)
                                         Justin W. Bernick (admitted *pro hac vice*)
                                         Kimberly D. Rancour (admitted *pro hac vice*)
                                         Kathleen K. Hughes (admitted *pro hac vice*)
                                         HOGAN LOVELLS US LLP
                                         555 Thirteenth Street, NW
                                         Washington, D.C. 20004
                                         Telephone:  202-637-5600
                                         Facsimile:  202-637-5910
                                         robert.leibenluft@hoganlovells.com
                                         leigh.oliver@hoganlovells.com
                                         justin.bernick@hoganlovells.com
                                         kimberly.rancour@hoganlovells.com
                                         kathleen.hughes@hoganlovells.com

                                         *Counsel for Defendant Albert Einstein*
                                         *Healthcare Network*

**SCHEDULE A**

**INSTRUCTIONS**

For the purpose of these Requests, the following Instructions shall apply:

A.     Unless otherwise specified, this request calls for the production of documents written, prepared, created, sent, or received from January 1, 2016, through the date this subpoena is received.

B.     If you have produced documents responsive to this Subpoena to the Plaintiffs in the course of the Merger Review, those documents need not be produced again so long as You identify such documents by Bates range or comparable means in your response to this Subpoena.

C.     For each request, You are to produce entire documents including all attachments, enclosures, cover letters, memoranda, and appendices.  Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) shall be treated as separate documents and produce separately.  Each draft of a document is a separate document.  A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

D.     Where a claim of privilege or other protection from discovery is asserted in objecting to any request or sub-part thereof, and any document is withheld (in whole or in part) on the basis of such assertion, You shall provide a log (the "Privilege Log") in Microsoft Excel format that identifies, where available:

a.  the nature of the privilege or protection from discovery (including but not limited to attorney-client, work product, and deliberative process) that is being claimed with respect to each document;

3

b.  the type of each document;

c.  the date of each document

d.  the author of each document;

e.  the addresses and recipients of each document (including those recipients cc-ed or bcc-ed);

f.  a description of each document containing sufficient information to identify the general subject matter of the document and to enable defendants to assess the applicability of the privilege or protection claimed; and

g.  the identity of and any production Bates numbers assigned to any attachment(s), enclosure(s), cover letter(s), or cover email(s) of each document, including the information outlined in subsections (a) through (g) above for each such attachment, enclosure, cover letter, or cover email.

Attachments, enclosures, cover letters, and cover emails shall be entered separately on the Privilege Log.  The Privilege Log shall include the full name, title, and employer of each author, addressee, and recipient, denoting each attorney with an asterisk. Submit all non-privileged portions of any responsive document (including non-privileged or redactable attachments, enclosures, cover letters, and cover emails) for which a claim of privilege is asserted, noting where redactions to the documents have been made.

E.  If You assert that part of the request is objectionable, respond to the remaining parts of the request to which You do not object.  For those portions of any document request to which You object, please state the reasons for such objection and describe the documents or categories of documents that are not being produced.  If no documents are responsive to a particular request, You must state that no responsive documents exist.

F.      These document requests shall not be deemed to call for identical copies of documents.  "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

G.      The documents responsive to these requests are to be produced as they were kept in the ordinary course of business, or in the way they were produced or otherwise provided to you from a Third Party, and are to be labeled in such a way as to show which files and offices they came from.

H.      The specificity of any single request shall not limit the generality of any other request.

I.      Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; and (c) the singular form of a word shall include the plural and vice versa.

J.      Provide all electronically stored information ("ESI") in standard, single-page Group IV TIFF format with searchable text and metadata in a Concordance or similar load file. Also, provide any spreadsheet or presentation files, including Microsoft Access, Excel, and PowerPoint files, as well as audio, audiovisual, and video files, in their native formats. Provide all hard copy documents as image files with searchable OCR text and unitize the hard copy documents to the extent possible (i.e., multi-page documents shall be produced as a single document and not as several single-page documents). Hard copy documents shall be produced as they are kept, reflecting attachment relationships between documents and information about the file folders within which the document is found. The use of global deduplication at the family level is permitted, but you must

produce all custodian and path values.   Produce the metadata for any responsive ESI with the responsive data, including the following fields: all custodians, author(s), recipient(s), copy recipient (s), blind copy recipient(s), subject, file sent date/time, file creation date/time, file modification date/time, file last accessed date/time, beginning bates, ending bates, parent beginning bates, attachment(s) beginning bates, hash value, application type, file type, file name, file size, all file paths, and all folder paths. Documents produced in native format shall be accompanied by a native link field. Those documents written in a language other than English must be translated into English; submit the foreign language document, with the English translation attached thereto.

K.     These requests are continuing in nature, and You must supplement Your responses pursuant to Federal Rule of Civil Procedure 26(e).  Defendants specifically reserve the right to seek supplementary responses and the additional supplementary production of documents before the hearing.

## DEFINITIONS

Unless otherwise noted, the following definitions shall apply to these Requests:

1.     "Acute Rehab Services" means physical rehabilitation services provided to patients at inpatient rehabilitation hospitals, inpatient rehabilitation units within hospitals, and/or skilled nursing facilities.  These services include physical therapy, occupational therapy, and speech therapy.

2.     "Administrative Proceeding" means the Federal Trade Commission Adjudicative Proceeding, *In re Thomas Jefferson University, et al.*, FTC Docket No. 9392.

3.     "AG" means the Pennsylvania Office of the Attorney General, its employees, attorneys, accountants, economists, staff, consultants, experts, agents, and representatives, and specifically includes any third party representative or agent, wherever located, acting or

purporting to act on behalf of or assisting the AG in connection with the Merger Review, as defined below.

4.      "All" and "each" shall be construed as all and each.

5.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

6.      "Any" means each and every.

7.      "Commercial health insurance" means any insurance plan or product not administered by the Government, including, but not limited to, managed Medicaid and managed Medicare plans.  "Commercial population" means the populations covered by such commercial health insurance plans.

8.      "Communication" or "communications" means all modes of conveying or transmitting information, including but not limited to telephone calls, e-mails and all other forms of electronic communication and electronic messaging, letters, memoranda, conversations, interviews, meetings, hearings, notices, agreements, and other written, electronic or spoken language or graphics between two or more persons, however transmitted or stored.

9.      "Complaint," as used herein, means the complaint filed in *Federal Trade Commission, et al. v. Thomas Jefferson University, et al.*, No. 20-01113 (E.D. Pa.) and any amended complaints that may be filed.

10.     "Concerning," "related to," "relating to," or "regarding" mean analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, describing, dealing with, discussing, evidencing, identifying, involving, reporting on, relating to, reflecting, referring to, regarding, studying, mentioning, or pertaining to, in whole or in part.

7

11.     "Declaration" means any declaration, affidavit, or other statement You were asked to make under oath, or attest to under penalty of perjury, by the Federal Trade Commission or the State Attorney General in connection with the Proposed Transaction.

12.     "Defendants" means Jefferson and/or Einstein.

13.     "Document" (or "document") or "Documents" (or "documents') are defined as broadly as those terms are construed under Rule 34 of the Federal Rules of Civil Procedure, and are meant to include, but are not limited to, all tangible and intangible modes of communicating, conveying or providing any information such as writings, correspondence, communications, notes, witness statements, transcripts, letters, memoranda, drawings, graphs, charts, photographs, discs, computer recordings, electronic mail, spreadsheets, data, databases, and any other data compilations from which information can be obtained, as well as drafts and any non-identical copies.

14.     "Einstein" means Albert Einstein Healthcare Network and its predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives.

15.     "FTC" means the Federal Trade Commission, its employees, attorneys, accountants, economists, staff, consultants, experts, agents, and representatives, and specifically includes any third party representative or agent, wherever located, acting or purporting to act on behalf of or assisting the FTC in connection with the Merger Review, as defined below.

16.     "Identify" shall mean (a) regarding an individual, the individual's full name, present address (or, if unknown, the last known address), telephone number, business address and telephone number, and place of employment and position; and (b) regarding an entity, the name under which the entity customarily does business, its address, its telephone number, and, if

8

known, the identity of the individual believed to have the most knowledge with respect to the matters in the relevant Request.

17.    "Interviewed" or "interviews" refers to any communications, verbal or otherwise, not specifically identified in deposition transcripts or declarations by or on behalf of the Plaintiffs with any individual or entity other than Jefferson or Einstein regarding the Proposed Transaction.

18.    "Investigation" means the FTC's investigation into the Transaction.

19.    "Jefferson" means Thomas Jefferson University, and its predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives.

20.    "Litigation" means the case *Federal Trade Commission, et al. v. Thomas Jefferson University, et al.*, No. 20-01113 (E.D. Pa.).

21.    "Merger Review" means the FTC's and AG's investigative review of the Proposed Transaction, FTC File No. 181-0128, including but not limited to, this Litigation and the Administrative Proceeding.

22.    "Person" (or "person") means any natural person, corporation, association, organization, firm, company, partnership, joint venture, trust, estate, or other legal or governmental entity, whether state or federal, whether or not possessing a separate juristic existence.

23.    "Greater Philadelphia Area," as used herein, means the following counties in Pennsylvania:  Philadelphia, Bucks, Chester, Delaware, and Montgomery; and the following counties in New Jersey:  Burlington, Camden, Gloucester, and Mercer.

24.    "Plaintiffs" (or "plaintiffs") means the Federal Trade Commission and the Commonwealth of Pennsylvania.

25.    "Proposed Transaction" (or "Transaction"), as used herein, means the merger of Jefferson and Einstein pursuant to the System Integration Agreement entered on September 14, 2018 as described in the Complaint.

26.    "Third Party" (or "third party") means any person or entity other than the FTC, the Commonwealth of Pennsylvania, Jefferson, or Einstein.

27.    "You" (or "you") or "Yours" (or "yours") means Shannondell at Valley Forge, its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, including all healthcare facilities (e.g., hospitals, outpatient facilities, clinics, etc.), its employees, attorneys, accountants, economists, staff, consultants, experts, agents, and representatives, and specifically includes any third party representative or agent, wherever located, acting or purporting to act on behalf of or assisting Shannondell at Valley Forge in its involvement with the FTC's Investigation or the Litigation.

## DOCUMENT REQUESTS

1.      A copy of each organizational chart and personnel directory in effect for each of Your facilities that provides inpatient general acute care services or Acute Rehab Services since January 1, 2016.

2.      All documents relating to the Proposed Transaction, the Merger Review, the Administrative Proceeding, or this Litigation, including but not limited to, all documents and communications relating to, referenced in, or that form the basis for the statements in any declaration (including drafts) or investigational hearing testimony, Your communications with Plaintiffs, the potential effect of the Transaction on Your business or the business of any other healthcare provider, and/or any efforts by You to oppose, prevent, delay, or terminate the Proposed Transaction.

3.      Documents sufficient to identify the location of each hospital (e.g., general acute care hospital, inpatient rehabilitation facility) or other healthcare facility (e.g., outpatient, clinic, physician office, skilled nursing) at which You provide inpatient or outpatient general acute care services, or Acute Rehab Services in the Greater Philadelphia Area.

4.      Documents and data sufficient to show the service areas in which you draw patients for inpatient general acute care services, outpatient services, or Acute Rehab Services, including the zip codes that compromise each of Your facility's service areas and the market shares of providers with whom Your facilities compete within Your service area(s).

5.      All documents discussing competition between You and any Jefferson facility and/or any Einstein facility.

6.      All documents, including internal business plans, board/management presentations, consultant reports, or capital plans discussing or analyzing Your plans to provide,

develop, expand, or reduce the inpatient general acute care services, outpatient services, or Acute Rehab Services You offer patients in the Greater Philadelphia Area.

7.      All strategic and business planning documents, marketing plans, advertising, market studies, forecasts, surveys, consultant reports, or other strategic documents that discuss, analyze or describe competition, competitors, or market share for inpatient general acute care services, outpatient services, or Acute Rehab Services in the Greater Philadelphia Area.

8.      All documents regarding Your analyses, plans, or strategies to expand or enhance the Acute Rehab Services offered, or the types of rehab patients and conditions treated, at your facility.

9.      All referral and/or denial logs or similar documents or analyses, created in the ordinary course of business from January 1, 2016 to present, regarding patients referred to or within Your facility for Acute Rehab Services, including but not limited to the reasons for any denial and the additional fields included in Appendix 2.

10.     Documents sufficient to show physician referral patterns in the Greater Philadelphia Area for inpatient general acute care services, outpatient services, or Acute Rehab Services, including any analyses of trends in or the expected future of how these referral patterns may change, which physicians, physician groups, or other healthcare providers refer You and Your competitors patients.

11.     All encounter-level data for each patient at your hospital and healthcare facilities for Acute Rehab Services, including but not limited to information on five-digit patient zip code, insurance type, Diagnosis Related Group ("DRG"), Case-Mix Group ("CMG"), Resource Utilization Group ("RUG") and other relevant procedure and diagnosis codes.  A full list of requested claims data fields can be found in Appendix 1.

12

12.     All documents concerning any contemplated merger, acquisition, joint venture, or affiliation between You and Einstein from January 1, 2011 to the present.

13.     Documents sufficient to identify each health plan in which You are participating provider since January 1, 2016.

14.     Documents and communications discussing the possible or actual termination of Your participation in any health plan offered by a payor in the Greater Philadelphia Area.

15.     Documents and communications reflecting any price/rate, discount or other contract concessions You made or offered to any commercial payor for inpatient, outpatient, physician, or Acute Rehab Services based, in whole or in part, on actual or perceived competition from other healthcare providers in the Greater Philadelphia Area for inclusion in a commercial payor's network.

16.     Documents and communications discussing Your participation in any tiered or narrow network product offered by a commercial payor in the Greater Philadelphia Area, including the rates, terms, basis under which You were willing to participate in such products, and requests for excluding a competing provider or placing that provider in a less-favorable tier, and whether or not a final agreement with the commercial payor was reached.

17.     Documents sufficient to show the initial date and, and notwithstanding any evergreen provision, the end date of each of Your contracts with the five largest commercial payers, and separately for each health insurance product, with whom you held agreements for general acute care services, outpatient services, or Acute Rehab Services, since January 1, 2015.

18.     All documents discussing, describing, or analyzing actual or proposed changes in Medicare reimbursement for Acute Rehab Services from January 1, 2015 to the present, and Your assessment of how any such changes might impact the provision of Acute Rehab Services

13

at inpatient rehabilitation hospitals, inpatient rehabilitation units within hospitals, and/or skilled nursing facilities.

19.     All documents discussing, describing, or analyzing the entry or expansion of inpatient rehabilitation hospitals, inpatient rehabilitation units within hospitals, and/or skilled nursing facilities by any other healthcare provider within the Greater Philadelphia Area from January 1, 2016 to the present.

# Appendix 1

Claims Data Requests:

| | |
|---|---|
| 1 | Submit (in electronic, machine readable format), for each inpatient admission or discharge at any skilled nursing facility owned or operated by you in the Greater Philadelphia Area that occurred in the period January 1, 2016 to the present: |
| 1(a) | A unique patient identifier and a unique inpatient admission identifier |
| 1(b) | The identity of the skilled nursing facility at which the patient received the inpatient care, the address of the facility (including the ZIP code), and any facility identification number used for reimbursement purposes |
| 1(c) | The patient's city, town, or village of residence; the patient's county of residence; and the patient's 5-digit ZIP code of residence |
| 1(d) | The patient's Gender and Age |
| 1(e) | The date of admission and date of discharge |
| 1(f) | The primary Diagnosis Related Group ("DRG" or "MSDRG") associated with the patient's admission |
| 1(g) | The primary and secondary ICD9 or ICD10 diagnosis or procedure codes associated with the patient's admission |
| 1(h) | The HIPPS code, resource utilization group ("RUG"), tier within the RUG, and designated weight associated with the tier, associated with the patient's admission |
| 1(i) | The source of the patient (e.g., transfer or referral from another provider), including the identity of any transferring or referring provider |
| 1(j) | The specific name and type (e.g., HMO, POS, PPO, etc.) of the health plan product |
| 1(k) | The identity of any secondary sources of payment |
| 1(l) | The billed charges of the facility, the allowed amount under the patient's health plan, and the amount actually paid by the health plan |
| 1(m) | Any additional amounts paid or to be paid by the patient to the facility under the patient's health plan, including (and listed |

separately):

| | |
|---|---|
| 1(m)(i) | the deductible amount; |
| 1(m)(ii) | the copay amount, and |
| 1(m)(iii) | the coinsurance amount; |
| 1(n) | The type of admission (e.g., admitted through emergency room, admitted through physician referral) |
| 1(o) | The patient's status (e.g. normal discharge, deceased, transferred to another inpatient rehabilitation facility) upon discharge |

## Appendix 2

Referral/Denial Log Requests:

2    Submit (in electronic, machine readable format), for each inpatient referral at any inpatient rehabilitation facility or skilled nursing facility owned or operated by you in the Greater Philadelphia Area that occurred in the period January 1, 2016 to the present:

2(a)    A unique patient identifier

2(b)    The identity of the inpatient rehabilitation facility or skilled nursing facility at which the referral was received

2(c)    The referred patient's city, town, or village of residence; the referred patient's county of residence; and the referred patient's 5-digit ZIP code of residence

2(d)    The referred patient's Gender and Age

2(e)    The date of the referral, and the date of admission and date of discharge if the referred patient was admitted

2(f)    The identity of the referring provider or facility

2(g)    The referral outcome, including admission status. If referral was denied, please include all reasons for denied admission, including information on where patient was ultimately admitted, if known.

2(h)    The specific name and type (e.g., HMO, POS, PPO, etc.) of the referred patient's health plan product

2(i)    The primary Diagnosis Related Group ("DRG" or "MSDRG") and general diagnostic category associated with the patient's referral

2(j)    The primary and secondary ICD9 or ICD10 diagnosis codes associated with the referral

2(k)    The HIPPS code, case-mix group ("CMG"), tier within the CMG, and designated weight associated with the tier, associated with the referral

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Federal Trade Commission, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:20-cv-01113-GJP |
| Thomas Jefferson University, et. al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Shannondell, Inc.
                    5000 Shannondell Drive, Audubon, PA 19403

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Federal Trade Commission<br>400 7th Street, SW<br>Washington, DC 20024 | Date and Time:<br><br>04/20/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Christopher Harris |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
Federal Trade Commission _____ , who issues or requests this subpoena, are:
Christopher Harris, 400 7th Street SW, Washington, DC 20024, charris1@ftc.gov 202-326-2492

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:20-cv-01113-GJP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION**<br><br>and<br><br>**COMMONWEALTH OF PENNSYLVANIA**<br><br>                    Plaintiffs,<br><br>          v.<br><br>**THOMAS JEFFERSON UNIVERSITY**<br><br>and<br><br>**ALBERT EINSTEIN HEALTHCARE NETWORK**<br><br>                    Defendants. | No. 2:20-cv-01113-GJP |

**ATTACHMENT A TO SUBPOENA TO PRODUCE DOCUMENTS**
**ISSUED TO SHANNONDELL, INC.**

**SPECIFICATION**

In accordance with the Definitions and Instructions below:

1.     Submit all documents and information responsive to the Document Requests enumerated in the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of the Premises in a Civil Action issued by Defendant Albert Einstein Healthcare Network in this litigation to the Company on or about March 27, 2020.

## **DEFINITIONS**

For the purposes of this Subpoena, the following Definitions apply:

D1.   The terms "and" and "or" have both conjunctive and disjunctive meanings.

D2.   The term "the Company" means Shannondell, Inc.; its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures; and all directors, officers, employees, agents, and representatives of the foregoing.

D3.   The term "documents" means any information, on paper or electronic format, including written, recorded, and graphic materials of every kind in the possession, custody, or control of the Company.  The term "documents" includes, without limitation:  electronic mail messages; audio files; instant messages; drafts of documents; metadata and other bibliographic or historical data describing or relating to documents created, revised, or distributed electronically; copies of documents that are not identical duplicates of the originals in that person's files; and copies of documents the originals of which are not in the possession, custody, or control of the Company.

   a.   Unless otherwise specified, the term "documents" excludes:  (i) bills of lading, invoices, purchase orders, customs declarations, and other similar documents of a purely transactional nature; (ii) architectural plans and engineering blueprints; and (iii) documents solely relating to environmental, tax, human resources, OSHA or ERISA issues;

   b.   The term "computer files" includes information/data stored in, or accessible through, computer or other information retrieval systems.  Thus, the Company should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, workstations, minicomputers, mainframes, servers, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether on or off Company premises.

D4.   The terms "each," "any," and "all" mean "each and every."

D5.   The term "person" includes the Company and means any natural person, corporate entity, partnership, association, joint venture, government entity, or trust.

D6.   The term "relating to" means in whole or in part constituting, containing, concerning, discussing, describing, analyzing, identifying, or stating.

## INSTRUCTIONS

For the purposes of this Subpoena, the following Instructions apply:

I1.    Unless modified by agreement with the Plaintiffs, this Subpoena requires a complete search of all the files of the Company. The Company shall produce all responsive documents, wherever located, that are in the actual or constructive possession, custody, or control of the Company and its representatives, attorneys, and other agents, including, but not limited to, consultants, accountants, lawyers, or any other person retained by, consulted by, or working on behalf or under the direction of the Company.

I2.    This Subpoena shall be deemed continuing in nature and shall be supplemented in the event that additional documents responsive to this Subpoena are created, prepared, or received between the time of the Company's initial response and the date established by the Court for hearing the Plaintiffs' Motion for Preliminary Injunction in the above-captioned proceeding.

I3.    Do not produce any Sensitive Personally Identifiable Information ("Sensitive PII") or Sensitive Health Information ("SHI") prior to discussing the information with Plaintiffs' representative.

  a.    For purposes of this Subpoena, PII means an individual's Social Security Number alone; or an individual's name, address, or phone number in combination with one or more of the following: date of birth; driver's license number or other state identification number, or a foreign country equivalent; passport number; financial account number; or credit or debit card number.

  b.    For purposes of this Subpoena, SHI includes medical records and other individually identifiable health information, whether on paper, in electronic form, or communicated orally. SHI relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.

I4.    Forms of Production: The Company shall submit all documents as instructed below absent written consent from the Plaintiffs.

  a.    Documents stored in electronic or hard copy format in the ordinary course of business shall be submitted in electronic format provided that such copies are true, correct, and complete copies of the original documents:

    i.    Submit Microsoft Access, Excel, and PowerPoint in native format with extracted text and metadata;

    ii.    Submit all documents other than those identified in subpart (a)(i) in image format with extracted text and metadata; and

    iii.    Submit all hard copy documents in image format accompanied by OCR.

b. For each document submitted electronically, include the following metadata fields and information:

    i. For loose electronic files other than email:  beginning Bates or document identification number, ending Bates or document identification number, page count, custodian, creation date and time, modification date and time, last accessed date and time, size, location or path file name, and SHA Hash value;

    ii. For emails:  beginning Bates or document identification number, ending Bates or document identification number, page count, custodian, to, from, CC, BCC, subject, date and time sent, child records (the beginning Bates or document identification number of attachments delimited by a semicolon);

    iii. For email attachments:  beginning Bates or document identification number, ending Bates or document identification number, page count, custodian, creation date and time, modification date and time, last accessed date and time, size, location or path file name, parent record (beginning Bates or document identification number of parent email), and SHA Hash value; and

    iv. For hard copy documents:  beginning Bates or document identification number, ending Bates or document identification number, page count, and custodian.

c. If the Company intends to utilize any de-duplication or email threading software or services when collecting or reviewing information that is stored in the Company's computer systems or electronic storage media in response to this Subpoena, or if the Company's computer systems contain or utilize such software, the Company must contact a Plaintiffs' representative to determine, with the assistance of the appropriate Plaintiffs technical representative, whether and in what manner the Company may use such software or services when producing materials in response to this Subpoena.

d. Submit data compilations in electronic format, specifically Microsoft Excel spreadsheets or delimited text formats, with all underlying data un-redacted and all underlying formulas and algorithms intact.

e. Submit electronic files as follows:

    i. For any production over 10 gigabytes, use IDE and EIDE hard disk drives, formatted in Microsoft Windows-compatible, uncompressed data in a USB 2.0 external enclosure;

    ii. For productions under 10 gigabytes, CD-R CD-ROM and DVD-ROM for Windows-compatible personal computers, and USB 2.0 Flash Drives are also acceptable storage formats; and

    iii. **All documents produced in electronic format shall be scanned for and free of viruses.  The Plaintiffs will return any infected media for replacement, which may affect the timing of the Company's compliance with this Subpoena.**

    iv. Each production shall be submitted with a transmittal letter that includes the Civil Action Number (2:20-cv-1113-GJP); production volume name; encryption method/software used; passwords for any password protected files; list of custodians and document identification number range for each; total number of documents; and a list of load- file fields in the order in which they are organized in the load file.

I5. All documents responsive to this Subpoena, regardless of format or form and regardless of whether submitted in paper or electronic form:

    a. Shall be produced in complete form, un-redacted unless privileged or as required by Instruction I3, and in the order in which they appear in the Company's files, and shall not be shuffled or otherwise rearranged.  For example:

        i. If in their original condition papers were stapled, clipped, or otherwise fastened together or maintained in file folders, binders, covers, or containers, they shall be produced in such form, and any documents that must be removed from their original folders, binders, covers, or containers in order to be produced shall be identified in a manner so as to clearly specify the folder, binder, cover, or container from which such documents came; and

        ii. If in their original condition electronic documents were maintained in folders or otherwise organized, they shall be produced in such form and information so as to clearly specify the folder or organization format;

    b. If written in a language other than English, shall be translated into verbatim English, with the English translation attached to the foreign language document;

    c. Shall be produced in color where necessary to interpret the document;

    d. Shall be marked on each page with corporate identification and consecutive document control numbers;

    e. Shall be accompanied by an affidavit of an officer of the Company stating that the copies are true, correct, and complete copies of the original documents; and

    f. Shall be accompanied by an index that identifies:  (i) the name of each person from whom responsive documents are submitted; and (ii) the corresponding consecutive document control number(s) used to identify that person's documents, and if submitted in paper form, the box number containing such documents.  If the index exists as a computer file(s), provide the index both as a printed hard copy and in machine-readable form (provided that Plaintiffs

determine prior to submission that the machine-readable form would be in a format that allows the Plaintiff to use the computer files). The Plaintiffs will provide a sample index upon request.

I6.     Unless otherwise agreed, if any documents are withheld from production based on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support thereof, in the form of a searchable and sortable log that includes each document's authors, addresses, date, a description of each document, and all recipients of the original and any copies. Attachments to a document should be identified as such and entered separately on the log. For each author, addressee, and recipient; state the person's full name, title, and employer or firm; and denote all attorneys with an asterisk. The description of the subject matter shall describe the nature of each document in a manner that, though not revealing information itself privileged, provides sufficiently detailed information to enable Plaintiffs or a court to assess the applicability of the privilege claimed under Federal Rule of Civil Procedure ("FRCP") 45(e)(2). For each document withheld under a claim that it constitutes or contains attorney work product, also state whether the Company asserts that the document was prepared in anticipation of litigation or for trial and, if so, identify the anticipated litigation or trial upon which the assertion is based. Submit all non-privileged portions of any responsive document (including non-privileged or redactable attachments) for which a claim of privilege is asserted (except where the only non-privileged information has already been produced in response to this instruction), noting where redactions in the document have been made. Documents authored by outside lawyers representing the Company that were not directly or indirectly furnished to the Company or any third-party, such as internal firm memoranda, may be omitted from the log.

I7.     If the Company is unable to answer the Specification fully, supply such information as is available. Explain why such answer is incomplete, the efforts made by the Company to obtain the information, and the source from which the complete answer may be obtained. If books and records that provide accurate answers are not available, enter best estimates and describe how the estimates were derived, including the sources or bases of such estimates. Estimated data should be followed by the notation "est." If there is no reasonable way for the Company to make an estimate, provide an explanation.

I8.     If documents responsive to the Specification no longer exist for reasons other than the ordinary course of business or the implementation of the Company's document retention policy, but the Company has reason to believe have been in existence, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the Document Request in the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of the Premises in a Civil Action issued by Defendant Albert Einstein Healthcare Network to which they are responsive, and identify persons having knowledge of the content of such documents.

I9.     If you object to any part of the Specification, set forth the basis for your objection and respond to all parts of the Specification to which you do not object. Any ground not stated in an objection within the time provided by FRCP 45(d), or any extension thereof,

shall be waived.  All objections must be made with particularity and must set forth all the information upon which you intend to rely in response to any motion to compel.

I10.  All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the scope of any search for documents or withholding any responsive documents.  If you are withholding responsive information pursuant to any general objection, you should so expressly indicate.  If, in responding to the Specification, you claim any ambiguity in interpreting either the Specification or a definition or instruction applicably thereto, set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the Specification, and produce all documents that are responsive to the Specification as you interpret it.

I11.  Whenever necessary to bring within the scope of the Specification a response that might otherwise be construed to be outside its scope, the following construction should be applied:

  a.  Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Specification more inclusive;

  b.  Construing the singular form of any word to include the plural and plural form to include the singular;

  c.  Construing the past tense of the verb to include the present tense and present tense to include the past tense; and

  d.  Construing the term "date" to mean the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters.

I12.  Unless otherwise stated, construe the Specification independently and without reference to any other for the purpose of limitation.

I13.  Any questions relating to the scope or meaning of anything in this Subpoena and any suggestions for possible modifications to it should be directed to Christopher Harris at (202) 326-2492 or charris1@ftc.gov.

I14.  Any response to this Subpoena shall be addressed to the attention of Mr. Harris and delivered between 8:30 a.m. and 5:00 p.m. on any business day to the Federal Trade Commission, 400 7th Street S.W., Washington, D.C. 20024.  Please notify Mr. Harris in advance of each such delivery.  For instructions on submitting through secure file transfer protocol ("FTP"), please contact Mr. Harris at charris1@ftc.gov or (202) 326-2492.  If you wish to submit your response by United States mail, please call Mr. Harris for mailing instructions.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of March, 2020, I had the foregoing served on

the following via electronic mail:

>Shannondell, Inc.
>c/o Dan Freed
>5000 Shannondell Drive
>Audubon, PA 19403
>dfreed@shannondell.com

>  /s/ Christopher Harris
>CHRISTOPHER HARRIS
>Attorney for Plaintiff Federal Trade Commission