IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION and COMMONWEALTH OF PENNSYLVANIA, <br> *Plaintiffs,* <br><br> v. <br><br> THOMAS JEFFERSON UNIVERSITY and ALBERT EINSTEIN HEALTHCARE NETWORK, <br> *Defendants.* | Civil Action No. 20-01113 |

## DECLARATION OF STEPHEN LONEY IN SUPPORT OF EINSTEIN HEALTHCARE NETWORK'S OPPOSITION TO SHANNONDELL, INC.'S MOTION TO QUASH

I, Stephen Loney, hereby state and declare as follows:

1. I am a partner at the law firm of Hogan Lovells US LLP and am duly admitted to practice before this Court. I represent Einstein Healthcare Network ("Einstein") in the above-captioned action and make this declaration in support of Einstein's Opposition to Shannondell, Inc.'s Motion to Quash and/or Modify the Subpoenas. I make this declaration based on my own personal knowledge of the facts stated herein.

2. In connection with that action, Einstein served such a subpoena for documents and data on Shannondell at Valley Forge ("Shannondell") on March 30, 2020 (the "Subpoena").

3. The Subpoena includes 19 requests for documents and data related to any transaction with, or competition with, Jefferson and Einstein (RFP Nos. 2, 5, and 12); Shannondell's rehab facilities and personnel (RFP Nos. 1 and 3); the relevant geographic market and area from which Shannondell draws patients (RFP Nos. 4 and 10); the rehab services offered by Shannondell (RFP Nos. 6 and 8); competition with respect to rehab services (RFP Nos. 7, 9,

and 19); data showing patient location and demographics, health plan participation and reimbursement, and claim reimbursement for purposes of evaluating market definition and competitive effects (RFP Nos. 11 and 13-18).

4. On April 3, 2020, counsel for Shannondell contacted counsel for Einstein to request an opportunity to meet and confer regarding the timing and scope of Shannondell's response.

5. Counsel for Einstein and counsel for Shannondell spoke for the first time about the Subpoena on April 6, 2020. During the April 6, 2020 call, counsel for Einstein offered to work with Shannondell to reduce any burden by providing additional time and narrowing the scope of the requests based on what documents Shannondell perceived as particularly difficult to obtain. Counsel for Einstein further offered a preliminary extension of time to respond to the Subpoena to April 30, 2020, and because the Scheduling Order in this matter had not yet been entered, counsel indicated that Einstein would consider a further extension if the parties to the litigation and the Court could settle on a discovery schedule that would accommodate more time for third party discovery.

6. After the first meet and confer, counsel to Shannondell served written Objections to the Subpoena on April 22, 2020.

7. On April 27, 2020, counsel for Einstein offered Shannondell additional time to respond to the Subpoena in light of the Court's April 17, 2020 Scheduling Order, requesting a response by May 15, 2020. Counsel for Einstein again asked to discuss if additional time might impact Shannondell's objections.

8. Rather than attempting any further negotiations regarding timing or scope, Shannondell filed its Motion to Quash on April 30, 2020.

9. Undersigned counsel reached out to Shannondell's counsel on May 11, 2020, in an attempt to meet and confer about scope and substance of Einstein's requests. On May 13, 2020, at Einstein's request, counsel for Shannondell and Einstein met and conferred regarding the scope of the subpoena and whether there was any potential for resolving Shannondell's objections and arguments without the need for further motion practice. Einstein and Shannondell agreed to delay Einstein's response to the Motion to Quash by one week with the goal of continuing this meet and confer. Einstein submitted a stipulation reflecting that agreement on May 14, 2020, which the Court approved that same day.

10. Through several phone calls and correspondence with Shannondell's counsel between May 13 and the date of this declaration, Einstein offered to narrow, adjust and prioritize its subpoena requests in response to Shannondell's concern regarding burden, provided additional time for rolling production beginning at the end of May, and stated it remained open to discussion regarding the appropriate scope and timing. To the extent that Shannondell felt that it still could not comply with Einstein's adjusted requests, counsel for Einstein suggested that Shannondell respond to Einstein's proposals with some indication of what it could potentially produce and if it could produce anything sought by Einstein by the end of May.

11. On May 20, 2020, counsel for Einstein and Shannondell met and conferred once more regarding the scope of the Subpoena. Despite Einstein's efforts to adjust its requests, and its suggestion that Shannondell reply with some indication of what it could provide in response to the Subpoena, Shannondell had no meaningful response to give, as it was either unable or unwilling to provide any guidance even as to whether they would be willing to produce anything in response to the Subpoena.

12.     On the morning of May 21, 2020 – Einstein's extended deadline for responding to the Motion to Quash – Shannondell's counsel wrote to confirm that Shannondell would not produce any materials in response to the Subpoena at this time, regardless of Einstein's efforts to narrow, adjust and provide more time.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: May 21, 2020                                 */s/ Stephen A. Loney*
                                                     Stephen A. Loney, Jr.
                                                     HOGAN LOVELLS US LLP
                                                     1735 Market Street, 23rd Floor
                                                     Philadelphia, PA 19103
                                                     Stephen.loney@hoganlovells.com

## **CERTIFICATE OF SERVICE**

I, Stephen A. Loney, Jr., hereby certify that, on May 21, 2020, I caused a true and correct copy of the foregoing to be electronically filed and served via the Court's electronic filing system upon the parties registered to receive electronic filings.

*/s/ Stephen A. Loney, Jr.*
Stephen A. Loney, Jr.
