IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** and **COMMONWEALTH OF PENNSYLVANIA**<br>                              **Plaintiffs,**<br>v.<br>**THOMAS JEFFERSON UNIVERSITY** and **ALBERT EINSTEIN HEALTHCARE NETWORK**<br>                              **Defendants** | No. 2:20-cv-01113-GJP |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH OR MODIFY JEFFERSON HEALTH SYSTEM'S
DOCUMENT SUBPOENA AND 30(B)(6) DEPOSITION SUBPOENA
TO NON-PARTY, INDEPENDENCE BLUE CROSS**

Independence Blue Cross, LLC ("Independence") is the recipient of a third-party or non-party subpoena in this matter. The subpoena, served by defendant Thomas Jefferson University ("Jefferson"), contains 40 requests for the production of documents, many of which are overbroad, burdensome, harassing, irrelevant or unnecessary (the "Document Subpoena"). (A copy of the Document Subpoena is attached as Exhibit A.) Independence seeks to quash or modify the Document Subpoena, in light of the fact that Independence is not a party, many of the requests are not relevant to the merger review and Independence has already expended significant effort and incurred considerable expense in complying with Plaintiffs' Subpoena and Civil Investigative Demands. In the alternative, Independence seeks a protective order.

Simultaneously with this motion, Independence has served responses and objections to Jefferson's Subpoena. (A copy is attached as Exhibit B.) Jefferson's counsel agreed to several

extensions of the time to object to the document requests, while counsel for Independence and Jefferson attempted to resolve Independence's concerns about the document requests. The last such extension expires on June 4, 2020.

In addition to the Document Subpoena, on May 26, 2020, Jefferson served a subpoena for the deposition of a corporate representative of Independence pursuant to Fed.R.Civ.P. 30(b)(6) (the "30(b)(6) Deposition Subpoena"). The 30(b)(6) Deposition Subpoena tracks the document requests in the Document Subpoena. To answer questions on all the topics listed in the 30(b)(6) Deposition Subpoena, Independence's representative(s) would have to gather and familiarize themselves with the documents requested in the Document Subpoena. The 30(b)(6) Deposition Subpoena is therefore subject to the same objections as the Document Subpoena. Accordingly, Independence asks the Court to quash or modify the 30(b)(6) Subpoena for the same reasons as the Document Subpoena. In the alternative, Independence seeks a protective order. (A copy of the 30(b)(6) Subpoena is attached as Exhibit C. Exhibit D is a table showing the Document Requests to which the Deposition Topics relate.)

## Background

In 2018, the FTC and the Attorney General of Pennsylvania ("Plaintiffs") commenced an investigation of the proposed merger between Jefferson Health System ("Jefferson") and Albert Einstein Healthcare Network ("Einstein"). As part of that investigation, Plaintiffs requested an opportunity to interview one or more Independence employees and, in 2019, they issued two Civil Investigative Demands and Subpoenas to Independence Blue Cross, LLC ("Independence"). Independence did not instigate Plaintiff's investigation of the proposed merger and is not a party to the legal proceedings between Plaintiffs and Jefferson and Einstein.

Independence presented Paul Staudenmeier for interviews by the Plaintiffs. Mr. Staudenmeier is Independence's Vice President of Provider Contracting, Reimbursement, and Value-Based Programs. In addition, Independence complied with the Subpoena and Civil Investigative Demands ("CIDs") in good faith by producing extensive claims data and numerous documents, which are summarized in Exhibit E. Also, in lieu of responding to one of the CIDs, the Plaintiffs proposed to prepare a written declaration consistent with information that Mr. Staudenmeier provided during his interviews.

Plaintiffs prepared a declaration for Mr. Staudenmeier's signature. Mr. Staudenmeier reviewed the declaration with Independence's counsel and proposed edits, which the Plaintiffs accepted. Mr. Staudenmeier signed the declaration on November 7, 2019 (the "Declaration"). (Independence has designated the Declaration as "Highly Confidential." If the Court desires, Independence will submit a copy under seal.)

Plaintiffs did not interview anyone else at Independence besides Mr. Staudenmeier, and they did not communicate with anyone at Independence other than Mr. Staudenmeier and Independence's counsel. Although Mr. Staudenmeier consulted with Independence's legal counsel, he did not receive directions or suggestions from other Independence employees or officers concerning the substance of the interviews and the Declaration.

On February 27, 2020, Plaintiffs filed an administrative complaint to have the Commission declare the proposed merger anti-competitive. Plaintiffs also filed a complaint in the Eastern District of Pennsylvania for a temporary restraining order and a preliminary injunction to restrain the proposed merger pending the outcome of the administrative complaint. (*FTC and Commonwealth of Pennsylvania v. Thomas Jefferson University and Albert Einstein Healthcare Network*, E.D.Pa. No 20-cv-1113, Dkt. 7) (the "Complaint").

Jefferson and Einstein believe that the proposed merger is not anti-competitive, that the preliminary injunction should be denied, and that the merger should go forward regardless of the administrative trial.

### Jefferson's Document Subpoena

On April 24, 2020, Jefferson served a third-party Document Subpoena on Independence, containing 40 document requests.  In its cover letter, Jefferson stated:

> We understand that the current health care crisis may present substantial challenges for third parties, including IBC, responding to the subpoenas served on them.  Jefferson and Einstein will strive to minimize the burden and expense of compliance by the third parties, within the timetable set by the court for fact discovery.  Accordingly, once you have had an opportunity to review the requests for data and documents, we invite you to speak with us to discuss ways in which the subpoena might be clarified or potentially modified, consistent with Jefferson and Einstein's discovery needs.

(See p. 1 of Jefferson's April 24, 2020 cover letter, attached as Exhibit F.)  Notwithstanding the invitation, Jefferson has been loath to narrow the scope of its document requests.

Counsel for Jefferson and Independence had several extended conversations, the purpose of which was to narrow the scope of the requests.  However, Jefferson only narrowed the scope of one Request -- Request No. 16, and only because that request is clearly duplicative of a data request served by the Plaintiffs and Independence previously produced data concerning acute rehab services at inpatient rehabilitation facilities.  However, in "narrowing" Request No. 16, Jefferson has effectively requested an entirely new data pull with different parameters and, in addition, Jefferson has asked Independence to supplement the prior data pull by pulling additional data fields.  For the other 39 requests, Jefferson's goal remains a "complete production."  (See May 28, 2020 letter from Jefferson's counsel, p. 1, attached as Exhibit G).

Jefferson proposes to compel a "complete production" by requiring Independence to search the records of 1 former and 12 current officers, one of whom is Mr. Staudenmeier,

relating to all of the topics described in the Document Subpoena, including records that pertain to unrelated, irrelevant topics and documents that were exchanged with the Defendants in connection with matters that pre-dated and are unrelated to the proposed transaction.  The remaining twelve custodians include the CEO, Executive Vice-Presidents, Vice-Presidents, Directors and Managers in the areas of Provider Reimbursement, Provider Contracting, Provider Network Contracting, Facilitated Health Networks, Quality Management, Value optimization, Health Markets, Care or Case Management, and Treasury.  (Exhibit G, pp. 1-4.)  In addition, Jefferson has reserved the right to add more custodians or insist on a company-wide search if Mr. Staudenmeier and the 12 other custodians do not produce what Jefferson is looking for.[1]

None of the 12 other custodians gave instructions or suggestions to Mr. Staudenmeier relating to the FTC interviews or the contents of the Declaration.  Therefore, they cannot be expected to have information directly concerning the Declaration, which Jefferson's counsel has described as a key feature of Plaintiffs' case.

Independence has offered to produce all communications between the Plaintiffs and Independence that pertain to the Merger review and to search for non-privileged communications *regarding the Proposed Transaction* between: (i) Paul Staudenmeier and the Plaintiffs; and (ii) Paul Staudenmeier and other Independence employees and officers.  Independence will also produce Mr. Staudenmeier for a deposition noticed by Jefferson.  But unless the deposition and the production focused on Mr. Staudenmeier show that one or more of the 12 other custodians gave him directions or suggestions concerning the contents of the Declaration or the information

---

[1]  Jefferson has also provided 12 separate search strings it wants Independence to use in collecting electronic documents.  However, Jefferson can devise more search strings if the original 12 do not produce what Jefferson is looking for.

he provided during the interviews, Independence objects to Jefferson's document requests as an unjustified fishing expedition.

Independence believes it has already produced most of the data and documents that Jefferson and Einstein need to contest the geographic and product markets proposed by the Plaintiffs. If there is more data that Jefferson and Einstein need and it can be provided without undue burden and expense, Independence is willing to produce it. However, Independence does not believe that Jefferson's efforts to obtain information about Independence's business plans and strategies are relevant or appropriate.

Independence also believes it is improper for Jefferson to burden Independence with document requests that pertain to transactions, business discussions and/or business disputes with Jefferson, Einstein and other health systems that pre-date or are otherwise unconnected with the proposed merger. This includes Document Requests Nos. 30 (negotiations with DVACO), 37 (communications with Jefferson concerning DVACO), 38 (Independence's "strategy and rationale" relating to completed contract negotiations with Jefferson), and 40 (Independence's contract with Tower Health), which appear intended to harass, intimidate, embarrass or coerce a non-party for providing information to government agencies that are conducting a Merger Review. During one of the recent telephone conversations, Jefferson's counsel sought to justify the breadth and scope of Jefferson's Document Subpoena by asserting that Independence "volunteered to provide a declaration." Factually, this is untrue. More importantly, it suggests that Jefferson is seeking to burden Independence because it provided information to the government agencies that conducted the Merger Review.

Jefferson may argue that it is entitled to investigate Independence's motivations. However, as noted above, the Plaintiffs spoke to only one Independence representative regarding

the proposed transaction and Mr. Staudenmeier did not receive instructions or suggestions from other Independence officers, which can be verified during a deposition and by reviewing Mr. Staudenmeier's communications. Therefore, there is no good faith basis to justify Jefferson's efforts to burden Independence with requests that pertain to past business dealings that are unrelated and irrelevant to the proposed transaction. .

Among the requests Jefferson unreasonably refuses to withdraw or modify are Document Requests Nos. 4, 5, 7 and 17 (the magnitude, burden, and expense of these requests is excessive, and Independence doubts their necessity); No. 6 (Independence previously provided documents to Plaintiffs related to contract negotiations with Jefferson and Einstein); No. 11, 12, 15 and 27 (Independence previously provided various provider contracts, including rate information, to Plaintiffs); No. 33 (the Plaintiffs obtained materials from other sources and the Defendants also possess documents); Nos. 34 and 37 (Einstein and Jefferson were authors and recipients of the requested communications between Independence and Einstein or Jefferson and are therefore already in possession of them); No. 38 (materials exchanged during contract negotiations with Jefferson pre-date the Proposed Merger and should still be in Jefferson's possession); No. 39 (Independence has informed Jefferson it does not have any Managed Medicaid Products); and Nos. 28, 29, 30, 31, 33, 34, 35, 37, 38 and 40 (documents that are irrelevant to the Merger Review and/or are available from other sources).

In *Saller v. QVC, Inc.*, 2016 U.S. Dist. LEXIS 82895, *6-9, the Court explained that, under Fed.R.Civ.P. 45(d)(3), the subpoenaing party must demonstrate that it seeks "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The burden shifts to the recipient of the subpoena to establish that Rule 45(d)(3) provides a basis to quash or modify the

subpoena, *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. May 15, 2014), or that Rule 26(c) provides a basis for a protective order. The court is required to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; or (iv) subjects a person to undue burden.

A party seeking a protective order bears the burden of showing that there is good cause to limit or foreclose discovery. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). In particular, when discovery is sought from a non-party, "[b]roader restrictions may be necessary to prevent a **non-party** from suffering harassment or inconvenience." *Avago Techs. U.S., Inc. v. IPtronics, Inc.*, 309 F.R.D. 294, 297 (E.D. Pa. Sept. 15, 2015), citing *Frank v. Honeywell Int'l, Inc.*, No. 15-mc-00172, 2015 U.S. Dist. LEXIS 106453, 2015 WL 4770965, at *4 (E.D. Pa. Aug. 13, 2015). Thus, Courts have found blanket requests to a non-party for "all documents and communications referring or relating to" a particular subject to be impermissibly broad, as opposed to requests for specific categories of documents. *Saller, supra,* at *10-*11.

In *Frank v. Honeywell Int'l, Inc.*, 2015 U.S. Dist. LEXIS 106453, *11-13, 2015 WL 4770965, the Court explained that subpoenas to non-parties should not seek more documents than the subpoenaing party genuinely needs:

> "A non-party may seek from the court protection from discovery via the overlapping and interrelated provisions of both Rules 26 and 45." *In re Mushroom Direct Purchaser Antitrust Litig.*, No. 06-cv-0620, 2012 U.S. Dist. LEXIS 12319, 2012 WL 298480, at *3 (E.D. Pa. Jan. 31, 2012) (citation omitted). … If the subpoenaed **non-party** claims that disclosure would subject it to an undue burden under Rule 45(d)(3)(A), the Court considers several factors to determine whether the burden on the subpoenaed **non-party** is in fact undue, including: (1) relevance of the requested materials, (2) the party's need for the d**ocuments**, (3) the breadth of the request, (4) the time period covered by the request, (5) the particularity with which the **documents** are described, (6) the burden imposed, and (7) the recipient's status as a non-party. *See Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, No. 13-mc-238, 2014 U.S. Dist. LEXIS 8857, 2014 WL 272088, at *4 (E.D. Pa. Jan. 24, 2014).

> "[E]ven if the information sought is relevant, discovery is not allowed where no need is shown." *Garden City*, 2014 U.S. Dist. LEXIS 8857, 2014 WL 272088, at *4 (citing *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 383 (E.D. Pa. 2013)). Furthermore, a "court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on a non-party." *In re Domestic Drywall*, 300 F.R.D. at 239 … .[2]

The Court in *Frank v. Honeywell* determined that the requested documents were relevant but unnecessary. The subpoenaing party already had ample evidence to rehabilitate its expert witness.

Even if Jefferson's document requests are modified or restricted, compliance with a number of the requests remains burdensome and expensive, and Independence requests reimbursement of expenses it incurs in complying with them. Expenses may be allowed if the non-party recipient requests reimbursement before complying. *McCabe v. Ernst & Young, LLP.*, 221 F.R.D. 423, 427, 2004 U.S. Dist. LEXIS 9310, *15-16, and cases cited therein.

>                                             Respectfully submitted,
>
>                                             */s/ Richard P. Limburg*
>                                             Thomas A. Leonard (ID. #14781)
>                                             Richard P. Limburg (ID. #39598)
>                                             Obermayer Rebmann Maxwell
>                                             & Hippel LLP
>                                             Centre Square West
>                                             1500 Market Street, 34th Fl.
>                                             Philadelphia, PA  19102
>                                             Attorneys for Independence Blue Cross, LLC

---

[2] *Accord Frank Brunckhorst Co. v. Ihm*, No. 12-mc-0217, 2012 U.S. Dist. LEXIS 151816, 2012 WL 5250399, at *5 (E.D. Pa. Oct. 23, 2012) ("In the case of nonparty deponents, courts recognize that '[d]iscovery should be more limited to protect nonparty deponents from harassment, inconvenience or disclosure of confidential documents.'"); *Grider v. Keystone Health Plan Cent., Inc.*, No. 05-mc-40, 2005 U.S. Dist. LEXIS 44069, 2005 WL 2030456, at *7 (M.D. Pa. July 28, 2005) ("[I]n cases where a non-party is the subject of discovery requests, courts may impose broader restrictions, particularly where a non-party is requested to produce documents of another non-party.")

OMC\4848-2026-1311.v2-6/4/20