# EXHIBIT B

<u>IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA</u>

<table>
<tr>
<td>

<u>**FEDERAL TRADE COMMISSION**</u>
<u>**and**</u>
<u>**COMMONWEALTH OF**</u>
<u>**PENNSYLVANIA**</u>
              **Plaintiffs,**
<u>**v.**</u>
<u>**THOMAS JEFFERSON UNIVERSITY and**</u>
<u>**ALBERT EINSTEIN HEALTHCARE**</u>
<u>**NETWORK**</u>
              **Defendants**

</td>
<td>

<u>**No. 2:20-cv-01113-GJP**</u>

</td>
</tr>
</table>

<u>**Responses and Objections of Independence Blue Cross, LLC to Document Subpoena
Served by Jefferson Health System**</u>

In accordance with the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 45,

non-party Independence Blue Cross, LLC ("Independence") hereby provides responses and asserts

objections to the Subpoena to Produce Documents, Information or Objects or to Permit Inspection

of Premises in Civil Action, which was served by Jefferson Health System ("the Jefferson

Subpoena") and all Subpoenas that seek to adopt the Jefferson Subpoena by reference or that seek

the production of the same items.

**General Objections:**

Independence's responses are made subject to the following General Objections,

which apply to each and every Document Request in the Jefferson Subpoena and are

incorporated into each and every response below as if fully set forth therein:

        a.        Independence objects to the Document Requests to the extent they seek

information that is protected from discovery by the attorney-client privilege, the work

product doctrine, or any other applicable privilege, rule or duty of confidentiality that precludes or limits the disclosure of information.

       b.      Independence objects to the Document Requests to the extent they seek information that is not relevant to the claims or defenses of any party and/or are not proportional to the needs of the case.

       c.      Independence objects to the Document Requests to the extent they are vague, ambiguous, or do not describe the information, item, or category of information sought with reasonable particularity.

       d.      Independence objects to the Document Requests to the extent they are overly broad or harassing in nature, would cause unreasonable annoyance, embarrassment, oppression and/or would impose obligations on a non-party that are unduly burdensome, expensive, cumulative, duplicative, or unnecessary.

       e.      Independence objects to the Document Requests to the extent they seek items or information that have already been provided to any of the Parties or that are otherwise available to any of the Parties, including, but not limited to, materials that are publicly available, materials that are in the possession or control of any of the Parties or that are readily obtainable from other sources, because such requests impose an unnecessary and undue burden and expense upon Independence.

       f.      Independence objects to the Document Requests including the Instructions and Definitions to the extent they seek to place burdens and/or obligations upon Independence greater than those authorized by the Federal Rules of Civil Procedure.

       g.      Independence objects to requests for "all documents relating to" a topic because they are inherently overbroad and sweep in documents of no particular

importance but cost Independence substantial time, effort and money to gather and produce.

      h.     Independence objects to the Document Requests to the extent they impose undue burdens on senior management and distract them from performing their regular work, especially in light of the current pandemic, inasmuch as Independence is not a party to the litigation.

      i.     Independence objects to duplicating information previously provided to the FTC and/or that the FTC obtained from other sources.

      j.     Independence objects to the Document Requests to the extent they seek details about Independence's past or present business plans, business strategies, or business dealings that are unrelated to the Proposed Transaction and Merger Review and/or are intended to harass, intimidate, embarrass or coerce a non-party for providing information to government agencies that are conducting a Merger Review.

**Responses and Objections to numbered Document Requests:**

      1.     A copy of each organizational chart and personnel directory for Independence Blue Cross, LLC in effect since January 1, 2018.

      Response/Objection:  Independence objects to the request for "each organizational chart and personnel directory" since 2018 as vague, overbroad, unduly burdensome and irrelevant, as the vast majority of Independence's personnel do not possess information or materials that are relevant to the Merger Review.  Independence has produced specific organization charts requested by Jefferson's counsel for 2020 and 2018.

2.      All documents relating to the Proposed Transaction, the Merger Review, the Investigation, the Administrative Proceeding, or this Litigation, including but not limited to, all documents and communications relating to Your communications with Plaintiffs, the potential effect of the Transaction on Your business or the business of any other healthcare provider, and/or any efforts by You to oppose, prevent, delay, or terminate the proposed Transaction.

> Response/Objection:   Independence objects to this request as vague, overly broad and improper, since it imposes unnecessary, duplicative and undue burden and expense upon Independence.  It is overbroad, over-inclusive, unduly burdensome, time consuming, expensive, unproductive and harassing since the Proposed Transaction has been highly publicized and involves prominent health care providers in the Greater Philadelphia Area, so that searching "all documents" that might mention the Proposed Transaction  or Merger Review would require Independence to spend inordinate and unwarranted time searching and reviewing documents.  Also, the request is duplicative and unnecessary because Independence previously produced relevant documents to the Plaintiffs, which Plaintiffs have made available to Defendants.  Independence is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved.  Without waiver of the foregoing objections, Independence is willing to produce all communications between the Plaintiffs and Independence that pertain to the Merger review and Independence is willing to search for non-privileged communications regarding the Proposed Transaction between: (i) Paul Staudenmeier and the Plaintiffs; and (ii) Paul Staudenmeier and other Independence employees and officers.

3.      All documents and communications relating to, referenced in, reviewed for, or that form the basis for the statements made in Your Declaration (including any drafts) and all documents reflecting communications between You and Plaintiffs or any other party related to the Declaration.

> Response/Objection:  Independence objects to this request as vague, overly
> broad, and imposing unnecessary and undue burden and expense upon
> Independence, since it appears to ask for all documents relating to the subject
> matters of the Declaration.  Independence is willing to discuss ways to narrow
> the request to determine if its objectionable nature can be resolved.  Without
> waiver of the foregoing objections, Independence is agreeable to producing
> documents, if any, that Paul Staudenmeier reviewed in preparing the
> Declaration, to the best of his recollection, as well as non-privileged internal
> communications of Mr. Staudenmeier, if any, concerning the preparation of the
> Declaration.

4.      Documents and data sufficient to identify each commercial, Managed Medicaid, and Managed Medicare product You offer in the Greater Philadelphia Area, including the providers who are in each product, the prices that such healthcare providers are paid pursuant to such products, the benefit plan design for each product, and the annual enrollment for each product.

> Response/Objection:  Independence objects to this request as overly broad and
> unduly burdensome, time consuming, expensive, and harassing due to the
> magnitude of the request and the unnecessary and undue burden and expense it
> would impose on Independence.  Also, Independence already produced numerous
> provider contracts to the Plaintiffs that include rate information and information

about the various products offered by Independence. In addition, both of the

Defendants received extensive information from Independence over time relating

to this topic and Independence does not offer Managed Medicaid Products.  .

Independence is willing to discuss ways to narrow the request to determine if its

objectionable nature can be resolved.  Also, without waiving the foregoing

objections, Independence is willing to provide an example of each general type or

class of commercial and managed Medicare product that it offers and general

enrollment information for each, to the extent it does not duplicate information

previously produced to the Plaintiffs.

5.      All documents assessing, discussing, describing or analyzing the

advantages, disadvantages and benefits of each health system, hospital, or other facility

that provides inpatient services, outpatient services, or Acute Rehab Services in the

Greater Philadelphia Area for purposes of its inclusion in any healthcare network You or

Your competitors provide.

Response/Objection:  Independence objects to this request as vague, overly broad

and improper, and because it would impose unnecessary and undue burden and

expense upon Independence.    Independence is willing to discuss ways to narrow

the request to determine if its objectionable nature can be resolved.

6.      All documents that You rely on or utilize to prepare for negotiations

for a contract or contract renewal for each healthcare provider that provides inpatient

general acute care services, outpatient services, or Acute Rehab Services in the

Greater Philadelphia Area for purposes of its inclusion in any healthcare network

for You or Your competitors.

Response/Objection:  Independence objects to this request as vague, overly

broad and irrelevant, and because it would impose unnecessary and undue

burden and expense upon Independence.  Also, Independence previously

produced documents that pertained to contract negotiations involving

Jefferson and Einstein.  Independence is willing to discuss ways to narrow

the request to determine if its objectionable nature can be resolved.

7.     Documents and communications relating to the formation, strategy, and

development of each of the commercial networks You offer in the Greater Philadelphia

Area, including but not limited to, documents and communications reflecting Your pricing

and negotiation strategies with general acute care and Acute Rehab Services providers,

documents discussing or analyzing the desirability and attractiveness of such providers for

inclusion in Your commercial networks, documents discussing or analyzing the differences

or gaps between Your commercial networks and Your rivals' networks, documents

discussing the extent to which providers are competitors or substitutes, documents

reflecting or discussing the cost or quality of healthcare providers, and documents and

communications reflecting Your rationale for including or excluding any healthcare

provider from a product or network in the Greater Philadelphia Area.

Response/Objection:  Independence objects to this request since it is vague, overly

broad, burdensome and irrelevant as it does not pertain to the Merger Review or

any party's claims or defenses.  Independence is willing to discuss ways to narrow

the request to determine if its objectionable nature can be resolved.

8.     Documents and communications discussing or analyzing healthcare

providers in the Greater Philadelphia Area that You, employers, or Your members view

as comparable or substitutable with Jefferson (including any of its facilities) or Einstein

(including any of its facilities) with respect to the services and/or geographic coverage that each offer.

> Response/Objection:  Independence objects to this request as vague, overly broad and improper and because it would impose unnecessary and undue burden and expense upon Independence.  Independence is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved.

9.      All documents and communications related to or discussing Your "bargaining position" or "bargaining power," as those terms are used in paragraph 10 of the Declaration, relative to either Jefferson or Einstein.

> Response/Objection:  Independence object this this request since it vague, takes words out of context and would impose undue burden and expense upon a non-party.  Independence is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved.

10.     Documents or data sufficient to show patient travel patterns and distances patients will travel for inpatient general acute care services or Acute Rehab Services in the Greater Philadelphia Area.

> Response/Objection:  Independence objects to this request as vague, overly broad and improper and because it would impose unnecessary and undue burden and expense upon Independence.  Independence is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved.

11.     Documents sufficient to show the incentives You create in order to direct patients to certain healthcare facilities in the Greater Philadelphia Area for care including, by way of example, financial incentives You provide to healthcare providers (e.g.,

physicians) and/or financial incentives You provide to patients (e.g., tiered networks or forms of value-based insurance design).

      Response/Objection:  Independence objects to this request as vague, overbroad and unduly burdensome, time consuming, expensive, and harassing because of the magnitude of the request.  Also, Independence already produced various provider contracts to the Plaintiffs and both of the Defendants received extensive information from Independence over time relating to this topic.  Independence is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved.

12.    Documents discussing, analyzing, or reflecting the prices for Jefferson, Einstein, and other healthcare providers in the Greater Philadelphia Area when participating in the commercial products You offer, including any historical analyses of or data describing hospitals' or health systems' pricing over time, from January 1, 2016 to the present.

      Response/Objection:  Independence objects to this request as vague, ambiguous, overbroad and unduly burdensome, time consuming, expensive, and harassing because of the magnitude of the request.  Independence previously provided reimbursement rate information to the FTC and should not be compelled to duplicate that effort.   However, without waiving the foregoing objections, Independence is willing to produce documents sufficient to show the comparative rate information that it  utilizes during hospital contract negotiations.

13.    Documents related to Your strategy and rationale for reimbursement changes in Your contract with Einstein, including but not limited to any rationale related to Einstein's proposed acquisition by Jefferson.

Response/Objection:  Independence will search for responsive non-privileged

documents the extent they were not previously produced to the Plaintiffs.

14.     Documents related to Your strategy and rationale for, and the impact on

reimbursement paid to, Einstein due to the actual or attempted reclassification of Einstein

Medical Center Philadelphia from an academic medical center to a high-end community

hospital, and the actual or attempted reclassification of Einstein Medical Center

Montgomery from a high-end community hospital to a standard community hospital, or

other similar actual or attempted classification changes.

Response/Objection:  Independence objects this request as overly broad,

burdensome and irrelevant.  However, without waiver of the foregoing objections,

Independence is willing to search for non-privileged documents exchanged by

Paul Staudenmeier and member of his team since January 1, 2016, that refer to

Einstein Medical Center Philadelphia as a "high end community hospital" and

Einstein Medical Center Montgomery as a "standard community hospital."

15.     Documents sufficient to show the prices each general acute care hospital or

healthcare provider in the Greater Philadelphia Area charges You for inpatient general

acute care services, outpatient services, physician services, or Acute Rehab Services,

separately for each of Your commercial health insurance products sold primarily to

employer groups and other plan sponsor or to individuals not receiving coverage through

Medicare or Medicaid programs.

Response/Objection:  Independence objects that this request is overly broad,

burdensome and irrelevant.  Also, Independence previously produced contracts to

the Plaintiffs that included rate information and Independence does not offer

Managed Medicaid Products.  .  However, without waiver of the foregoing

objections, Independence is willing to produce documents sufficient to show the

comparative hospital charges and rate information that it utilizes during hospital

contract negotiations.

16.     Documents and data sufficient to show inpatient facility claims, including

but not limited to Acute Rehab Services claims associated with either inpatient

rehabilitation facilities or skilled nursing facilities, by individual patient for each of the

health care facilities who participated in any of Your products in the Greater Philadelphia

Area from January 1, 2016 to the present, including information on each patient's five-

digit patient zip code, Case Mix Group ("CMG"), Resource Utilization Group ("RUG"),

and other relevant procedure and diagnosis codes, as well as payments associated with

each claim (allowed amounts, charges etc.). A full list of requested claims data fields can

be found in Appendix 1. To the extent any of this information has already been produced

to Plaintiffs, we are willing to meet and confer.

Response/Objection:  Independence objects to this request because it produced

extensive claims data to the Plaintiffs that is responsive to this request and is

responsive to many of the other requests.   Independence is willing to discuss ways

to narrow the request to determine if a focused, non-repetitive data pull would be

appropriate.

17.     Documents and communications reflecting the prices and terms on which

You or any Third Party healthcare providers of general acute care or Acute Rehab

Services in the Greater Philadelphia Area are or were willing to participate in any of

Your actual or contemplated tiered network or narrow network commercial products,

including but not limited to Your PPO Tiered Network product, Your Keystone HMO

Proactive product, and Your Keystone 65 Focus product.

Response/Objection:  Independence objects to this request as vague,
unintelligible, overbroad and unduly burdensome.  Independence previously
produced various contracts to the Plaintiffs that pertain to Acute Rehab Services
providers, which include information about the networks offered by
Independence.  Also, both of the Defendants received extensive information from
Independence over time relating to Independence's networks.  Independence is
willing to discuss ways to narrow the request to determine if its objectionable
nature can be resolved.

18.      All documents related to instances in which a provider proposed that it
would agree to accept lower rates in exchange for a preferred benefit tier if You agreed
to place either Jefferson or Einstein in a less preferential benefit tier, as part of a
negotiation process generally described in paragraph 6 of Your Declaration.

Response/Objection:  Independence objects that this request, in part, because it
seeks information that is equally available to the Plaintiffs andIndependence
previously produced contracts to the Plaintiffs that pertain to this topic.
However, without waiver of the foregoing objections, Independence is willing to
discuss ways to narrow the request to determine if its objectionable nature can be
resolved.

19.      Documents discussing the financial condition of hospitals in the Greater
Philadelphia Area, including the impact of that financial condition on the prices paid to the
hospital, on the quality of services provided at the hospital, on Medicare and/or Medicaid
patient populations, and on the hospital's likelihood of insolvency.

Response/Objection:  Independence objects to this request as overbroad and
unduly burdensome, irrelevant, time consuming, expensive, and harassing because

of the magnitude of the request. Also, Independence does not offer Managed

Medicaid Products. Independence is willing to discuss ways to narrow the request

to determine if its objectionable nature can be resolved. Without waiver of the

foregoing objections, Independence is willing to search for responsive non-

privileged documents, if any, exchanged by Paul Staudenmeier and member of his

since January 1, 2016, that refer to Einstein's financial condition.

20.     Documents related to Your assessment of Einstein's financial condition or

analysis of the impact of Einstein's possible financial deterioration or failure on

reimbursement rates or provider services in the Greater Philadelphia Area.

Response/Objection: Independence objects to this request as vague, ambiguous,

overbroad and unduly burdensome. Without waiver of the foregoing objections,

Independence is willing to search for responsive non-privileged documents, if

any, exchanged by Paul Staudenmeier and members of his team since January 1,

2016, that refer to Einstein's financial condition.

21.     Documents or data sufficient to show physician referral patterns in the

Greater Philadelphia Area for inpatient general acute care services, outpatient services, or

Acute Rehab Services, including any analyses of trends in or the expected future of how

these referral patterns may change.

Response/Objection: Independence objects to this request as vague, ambiguous,

overbroad and unduly burdensome. Independence is willing to discuss ways to

narrow the request to determine if its objectionable nature can be resolved.

22.     All documents related to Your use of pre-certification for any acute rehab

admission at an inpatient rehab facility ("IRF"), including but not limited to Your ability

to steer patients from one IRF to another or from an IRF to another post-acute care provider, including but not limited to, a skilled nursing facility ("SNF").

Response/Objection: Independence objects to this request as vague, ambiguous, overly broad and unduly burdensome. Also, Independence previously produced documents to the Plaintiffs that included Medical Policies and Interqual Criteria. Independence is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved.

23.    All documents related to the scope and composition of the Acute Rehab Services provider network You believe is necessary to serve your members in the Greater Philadelphia Area.

Response/Objection: Independence objects to this request as vague, ambiguous, overly broad and unduly burdensome. Independence is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved.

24.    All documents relating to the marketing of Acute Rehab Services to Your members in the Greater Philadelphia Area, including all documents relating to communications with insurance brokers, employers, or members regarding plans or strategies to market post-acute services to Your members.

Response/Objection: Independence is willing to conduct a search to determine if it has responsive documents.

25.    All documents reflecting Your ability to bargain for or negotiate lower rates for Acute Rehab Services provided by Jefferson's Magee Rehabilitation Hospital due to the presence of Einstein's MossRehab, and all documents reflecting Your ability to bargain for or negotiate lower rates for Acute Rehab Services provided by Einstein's MossRehab due

to the presence of Jefferson's Magee Rehabilitation Hospital, as described in paragraph 31 of Your Declaration.

Response/Objection:  Independence is willing to conduct a search to determine if it has responsive documents.

26.     Documents and data sufficient to show the extent to which Your members residing in the Greater Philadelphia Area obtain Acute Rehab Services in New Jersey or elsewhere outside of the Greater Philadelphia Area.

Response/Objection:  Independence objects that it previously produced extensive claims data to the Plaintiffs.  Independence is willing conduct an additional limited search of claims data that is not repetitive and/or burdensome.

27.     All documents related to contracting with SNFs to provide Acute Rehab Services in the Greater Philadelphia Area.

Response/Objection:  Independence objects to this request as vague, overbroad, irrelevant and unduly burdensome.  Without waiving the foregoing objections, Independence is willing produce contracts with SNF's that were not previously produced to the Plaintiffs.

28.     Documents and communications discussing or analyzing Your competitors or competition in the sale of commercial health insurance, Managed Medicare, or Managed Medicaid products in the Greater Philadelphia Area, including, but not limited to, market shares by product or customer segment and competition from Health Partners Plans.

Response/Objection:  Independence objects to this request since it is vague, overly broad, burdensome, and irrelevant as it does not pertain to the Merger

Review or any party's claims or defenses.   Also, Independence does not offer
Managed Medicaid Products.  Independence is willing to discuss ways to narrow
the request to determine if its objectionable nature can be resolved.

29.     Documents discussing Your plans to acquire, control, or affiliate with
healthcare providers and physicians in the Greater Philadelphia Area.

Response/Objection:  Independence objects to this request since it is vague, overly
broad, burdensome, and irrelevant as it does not pertain to the Merger Review or
any party's claims or defenses. Independence is willing to discuss ways to narrow
the request to determine if its objectionable nature can be resolved.

30.     Documents and communications discussing the Delaware Valley
Accountable Care Organization ("DVACO"), including but not limited to, Your analysis
of the DVACO as a possible provider in Your health plans and whether to contract (and
on what terms) with the DVACO for participation in Your health plans.

Response/Objection:  Independence objects to this request since it is vague,
overly broad, burdensome, and irrelevant as it does not pertain to the Merger
Review or any party's claims or defenses and because it is intended to harass,
intimidate, embarrass or coerce a non-party for providing information to
government agencies that are conducting a Merger Review.

31.     Documents and communications discussing Your participation in the
request for proposal the DVACO issued to select a third party administrator for
Jefferson's employee medical benefits plan, including but not limited to Your
efforts and strategies to retain Your role as the third party administrator for
Jefferson's employee medical benefits.

Response/Objection:  Independence objects to this request since it is vague, overly broad, burdensome, and irrelevant as it does not pertain to the Merger Review or any party's claims or defenses and because it is intended to harass, intimidate, embarrass or coerce a non-party for providing information to government agencies that are conducting a Merger Review.

32.     Documents reflecting the actual and/or projected impact of the closure of any general acute care or acute rehab hospital, including but not limited to Hahnemann University Hospital, St. Joseph's Hospital, and Mercy Philadelphia Hospital, on patient access and pricing for inpatient general acute care services, outpatient services, or Acute Rehab Services in the Greater Philadelphia Area.

Response/Objection:  . Independence objects to this request as overly broad and unduly burdensome, time consuming, expensive, and harassing due to the magnitude of the request and the unnecessary and undue burden and expense it would impose on Independence.   Independence is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved.

33.     Documents and communications related to Your strategy and rationale for any proposed or contemplated merger, affiliation, joint venture, or other transaction among You, Temple University and/or Temple University Health System ("Temple"), and Einstein, including but not limited to all communications with any consultants hired by You and/or Temple.

Response/Objection: Independence objects to this request since it is vague, overly broad, burdensome, and irrelevant as it does not pertain to the Merger Review or any party's claims or defenses.  Also, the request is objectionable since it seeks information that was previously obtained by the Plaintiffs from other sources.

Independence is willing to discuss the basis for this request to determine whether a more limited request may be proper

34.    Documents and communications that You, Your employees, and/or Your agents had with Einstein or its employees, including but not limited to Einstein President and CEO Barry Freedman, regarding any contemplated, potential, or actual merger, affiliation, joint venture, or other transaction between the University of Pittsburgh Medical Center and Einstein, including the dates of Your communications and the persons involved.

Response/Objection:  Independence objects to this request since it is vague, overly broad, burdensome and irrelevant as it does not pertain to the Merger Review or any party's claims or defenses. Also, the request is intended to harass to harass, intimidate, embarrass or coerce a non-party since it admittedly is requesting information that is or should be in the possession of Einstein. Independence is willing to discuss the basis for this request to determine whether a more limited request may be proper

35.    Documents and communications that You, Your employees, and/or Your agents had with any federal, state, or local government employee regarding any contemplated, potential, or actual merger, affiliation, joint venture, or other transaction with Einstein and any entity, including but not limited to Jefferson, Temple, and the University of Pittsburgh Medical Center, including the dates of Your communications and the persons involved.

Response/Objection:  Independence objects to this request since it is vague, overly broad, burdensome and irrelevant as it does not pertain to the Merger

Review or any party's claims or defenses.  Independence is willing to discuss the

basis for this request to determine whether a more limited request may be proper.

36.     Documents sufficient to identify all meetings and/or telephone

conferences, whether scheduled or ad hoc, at which the proposed Einstein and Jefferson

transaction was discussed, including the identification of all participants involved in such

communications.

Response/Objection:  Independence objects to this request as vague, overly

broad and improper, since it imposes unnecessary, duplicative and undue

burden and expense upon Independence.  It is overbroad, unduly

burdensome, time consuming, expensive, unproductive and harassing since

the Proposed Transaction has been highly publicized and involves

prominent health care providers in the Greater Philadelphia Area, so that

searching for information about "all meetings and/or telephone

conferences" that might have included some discussion about the Proposed

Transaction  would require Independence to spend inordinate and

unwarranted time searching and reviewing documents.  Independence is

willing to discuss ways to narrow the request to determine if its

objectionable nature can be resolved.

37.     Documents and communications (including text messages) that You, Your

employees, and/or Your agents had with Jefferson or its employees, including but not

limited to Stephen K. Klasko, regarding Your contract negotiations with Jefferson (and

any of its facilities),including but not limited to, the potential termination of Jefferson's

contract(s) with You, and Your participation in the request for proposal process with the

DVACO.

Response/Objection:  Independence objects to this request as burdensome,
irrelevant and improper.  Jefferson is requesting materials that are admittedly in
its own possession and control and the request serves no legitimate purpose.
Also, the request is unrelated to the Merger Review or any party's claims or
defenses and it is intended to harass, intimidate, embarrass or coerce a non-party
for providing information to government agencies that are conducting a Merger
Review.

   38.     Documents and communications related to Your strategy and rationale for
Your contract negotiations with Jefferson and the potential termination of Jefferson's
contract(s) with You.

Response/Objection: Independence objects to this request since it is vague,
overly broad, burdensome and irrelevant as it does not pertain to the Merger
Review or any party's claims or defenses.  The request also is intended to
harass to harass, intimidate, embarrass or coerce a non-party to the extent it
seeks information about Independence's "strategy and rationale" relating to
contract negotiations that were completed long ago and the information,
documents and data that were exchanged during the contract negotiations is or
should be in the possession of Jefferson.

   39.     Documents and communications related to any limit of patient lives that
You place on Jefferson's or Einstein's participation in Your Keystone Managed Medicaid
product.

Response/Objection: Independence objects to this request since it is vague,
overly broad, burdensome and irrelevant as it does not pertain to the Merger

Review or any party's claims or defenses.  Also, Independence does not offer a

Managed Medicaid product.

40.    All documents related to Your contract negotiations with Tower Health,

including but not limited to the contract dispute that occurred in 2017 and is referenced

in the October 6, 2017 Philadelphia Inquirer article by Bob Fernandez, entitled

*Uncertainty for 120,000 ends as Independence Reaches Deal with Tower Health.*[1]

> Response/Objection:  Independence objects to this request since it is vague,
>
> overly broad, burdensome, and irrelevant as it does not pertain to the Merger
>
> Review or any party's claims or defenses and because it is intended to harass,
>
> intimidate, embarrass or coerce a non-party for providing information to
>
> government agencies that are conducting a Merger Review.

/s/ Richard P. Limburg
Thomas A. Leonard (ID. #14781)
Richard P. Limburg (ID. #39598)
Obermayer Rebmann Maxwell
& Hippel LLP
Centre Square West
1500 Market Street, 34th Fl.
Philadelphia, PA  19102
Attorneys for Independence Blue Cross,
LLC

---

[1]  https://www.inquirer.com/philly/business/crisis-for-120k-patients-passes-as-independence-reaches-deal-with-tower-health-20171006.html

# **Appendix 1**

Claims Data Requests:

1          Submit (in electronic, machine readable format), for each inpatient admission or discharge at any general acute care hospital, inpatient rehabilitation facility, or skilled nursing facility that participated in any of your products in the Greater Philadelphia Area that occurred in the period January 1, 2016 to the present:

  1(a)     A unique patient identifier and a unique inpatient admission identifier

  1(b)     The identity of the general acute care hospital, inpatient rehabilitation facility, or skilled nursing facility at which the patient received the inpatient care, the address of the facility (including the ZIP code), and any facility identification number used for reimbursement purposes

  1(c)     The patient's city, town, or village of residence; the patient's county of residence; and the patient's 5-digit ZIP code of residence

  1(d)     The patient's Gender and Age in years

  1(e)     The date of admission and date of discharge

  1(f)     The primary Diagnosis Related Group ("DRG" or "MSDRG") associated with the patient's admission and the version for the reported Diagnosis Related Group

  1(g)     The primary and secondary ICD9 or ICD10 diagnosis or procedure codes associated with the patient's admission

  1(h)     For services rendered at a rehabilitation facility or skilled nursing facility, the HIPPS code, case mix group ("CMG"), resource utilization group ("RUG"), tier within the CMG or RUG, and designated weight associated with the tier, associated with the patient's admission

  1(i)     The source of the patient (e.g., transfer or referral from another provider), including the identity of any transferring or referring provider and, for general acute care admissions, whether the source or point of origin of admission was the hospital's emergency department

  1(j)     The specific name and type (e.g., HMO, POS, PPO, etc.) of the health plan product

20

1(k)        The identity of any secondary sources of payment and amounts paid by those sources

1(l)         The billed charges of the facility, the allowed amount under the patient's health plan, and the amount actually paid by the health plan

1(m)      Any additional amounts paid or to be paid by the patient to the facility under the patient's health plan, including (and listed separately):

1(m)(i)     the deductible amount;

1(m)(ii)    the copay amount, and

1(m)(iii)   the coinsurance amount;

1(n)        The type of admission (e.g., admitted through emergency room, admitted through physician referral)

1(o)        The patient's status (e.g. normal discharge, deceased, transferred to another inpatient rehabilitation facility) upon discharge

1(p)        The name, National Provider Identification (NPI) number, and specialty area of practice of the admitting physician, referring physician, and treating physician associated with the claim

21