**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**FEDERAL TRADE COMMISSION**
**and**
**COMMONWEALTH OF**
**PENNSYLVANIA**
                **Plaintiffs,**
**v.**
**THOMAS JEFFERSON UNIVERSITY**
**and**
**ALBERT EINSTEIN HEALTHCARE**
**NETWORK**
              **Defendants**

**No. 2:20-cv-01113-GJP**

## ORDER

AND NOW, this _____ day of June, 2020, upon consideration of the Motion of Non-party Independence Blue Cross to Quash the April 24 and May 26, 2020 Subpoenas served on it by Defendant Thomas Jefferson University, and Defendant's response, it is hereby ORDERED that the April 24 and May 26, 2020 Subpoenas are QUASHED.

 

_____
Gerald J. Pappert, J.

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION and COMMONWEALTH OF PENNSYLVANIA**<br>                    **Plaintiffs,**<br>**v.**<br>**THOMAS JEFFERSON UNIVERSITY and ALBERT EINSTEIN HEALTHCARE NETWORK**<br>                    **Defendants** | **No. 2:20-cv-01113-GJP** |

## ORDER

AND NOW, this _____ day of June, 2020, upon consideration of the Motion of Non-party Independence Blue Cross to Quash or Modify the April 24 and May 26, 2020 Subpoenas served on it by Defendant Thomas Jefferson University, and Defendant's response, it is hereby ORDERED that the April 24, 2020 Subpoena shall be MODIFIED as follows:

1. Independence shall produce all communications between the Plaintiffs and Independence that pertain to the Merger review and search for non-privileged communications *regarding the Proposed Transaction* between: (i) Paul Staudenmeier and the Plaintiffs; and (ii) Paul Staudenmeier and other Independence employees and officers.  Independence will also produce Mr. Staudenmeier for a deposition noticed by Jefferson.  Unless the deposition

and the production focused on Mr. Staudenmeier show that one or more of the 12 other custodians identified in the letter of May 26, 2020 gave him directions or suggestions concerning the contents of the Declaration or the information he provided during the interviews, Independence need not produce documents of any other custodian

2. Independence need not produce information regarding its past or present business plans and strategies.

3. Independence need not produce documents that pertain to transactions, business discussions and/or business disputes with Jefferson, Einstein and other health systems that pre-date or are otherwise unconnected with the proposed merger.  This includes Document Requests Nos. 29, 30, 31, 33, 34, 35, 37, 38 and 40.

4. Independence need not produce data previously produced to Plaintiffs or that is available from other sources.

5. Independence need not respond to Document Requests Nos. 1, 2, 3, 4, 12, 14, 15, 19, 20 or 27 except as proposed in its Responses.

6. Jefferson and Independence shall discuss ways to narrow Requests Nos. 5, 8, 9, 10, 13, 16, 18, 21, 22, 23, 24, 25, 26 and 32, so documents are requested and produced that relate to the proposed transaction and its potential impact on the healthcare market.

7.  Independence need not respond to Document Requests Nos. 6, 7, 11, 17, 23, 28, 36 and 39.  Jefferson may submit revised requests to Independence that relate to the proposed transaction and its potential impact on the healthcare market.

8.  The topics listed in the 30(b)(6) Deposition Subpoena shall be conformed to the foregoing modifications of the Deposition Subpoena.

_____

Gerald J. Pappert, J.