# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** and **COMMONWEALTH OF PENNSYLVANIA**<br>       Plaintiffs,<br>v.<br>**THOMAS JEFFERSON UNIVERSITY** and **ALBERT EINSTEIN HEALTHCARE NETWORK**<br>       Defendants | No. 2:20-cv-01113-GJP |

**Responses and Objections of Tandigm Health, LLC to Document Subpoena Servedby Jefferson Health System**

In accordance with the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 45, non-party Tandigm Health, LLC ("Tandigm") hereby provides responses and asserts objections to the Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in Civil Action, which was served by Jefferson Health System ("the Jefferson Subpoena") and all Subpoenas that seek to adopt the Jefferson Subpoena by reference or that seek the production of the same items.

**General Objections:**

Tandigm's responses are made subject to the following General Objections, which apply to each and every Document Request in the Jefferson Subpoena and are incorporated into each and every response below as if fully set forth therein:

  a. Tandigm objects to the Document Requests to the extent they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege, rule or duty of confidentiality that precludes or limits the disclosure of information.

b. Tandigm objects to the Document Requests to the extent they seek information that is not relevant to the claims or defenses of any party and/or are not proportional to the needs of the case.

c. Tandigm objects to the Document Requests to the extent they are vague, ambiguous, or do not describe the information, item, or category of information sought with reasonable particularity.

d. Tandigm objects to the Document Requests to the extent they are overly broad or harassing in nature, would cause unreasonable annoyance, embarrassment, oppression and/or would impose obligations on a non-party that are unduly burdensome, expensive, cumulative, duplicative, or unnecessary.

e. Tandigm objects to the Document Requests to the extent they seek items or information that have already been provided to any of the Parties or that are otherwise available to any of the Parties, including, but not limited to, materials that are publicly available, materials that are in the possession or control of any of the Parties or that are readily obtainable from other sources, because such requests impose an unnecessary and undue burden and expense upon Tandigm.

f. Tandigm objects to the Document Requests including the Instructions and Definitions to the extent they seek to place burdens and/or obligations upon Tandigm greater than those authorized by the Federal Rules of Civil Procedure.

g. Tandigm objects to requests for "all documents relating to" a topic because they are inherently overbroad and sweep in documents of no particular importance but cost Tandigm substantial time, effort and money to gather and produce.

h. Tandigm objects to the Document Requests to the extent they impose undue burdens on senior management and distract them from performing their regular

      work, especially in light of the current pandemic, inasmuch as Tandigm is not a party to the litigation.

    i. Tandigm objects to the extent they seek documents in the exclusive possession and control of physicians or physicians groups with whom Tandigm works.

    j. Tandigm objects to the Document Requests to the extent they seek details about Tandigm's past or present business plans, business strategies, or business dealings that are unrelated to the Proposed Transaction and Merger Review and/or are intended to harass, intimidate, embarrass or coerce a non-party for providing information to government agencies that are conducting a Merger Review.

    k. Tandigm objects to the Definition of "Acute Rehab Services," because the complaint specifically excludes skilled nursing facilities.

**Responses and Objections to numbered Document Requests:**

1. A copy of each organizational chart and personnel directory for Tandigm Health, LLC in effect since January 1, 2018.

    Response:    Tandigm objects to the request for a personnel directory as overbroad and unduly burdensome, and irrelevant, as the vast majority of Tandigm personnel have no contact with this matter and a comprehensive directory does not exist and would have to be created. Tandigm will produce organizational charts for 2020 and 2018.

2. All documents and communications relating to the Proposed Transaction, the Merger Review, the Administrative Proceeding, or this Litigation, including but not limited to, Your communications with Plaintiffs, the potential effect of the Transaction on Your business or the business of any other healthcare provider, and/or any efforts by You to oppose, prevent, delay, or terminate the Proposed Transaction.

Response/Objection: Tandigm objects to this request as vague, overly broad and improper, since it imposes unnecessary and potentially undue burden and expense upon Tandigm. Tandigm is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved. Without waiver of the objection, Tandigm believes it has no responsive documents.

3. Documents and data sufficient to identify each physician or physician group that participates in Your network and each location where You currently offer or have offered physician services in the Greater Philadelphia Area, including the name and address of the physician practice, the number of physicians by medical specialty, and the date the office opened, if opened in 2015 or later.

Response/Objection: Tandigm objects to this request as vague, overly broad and improper, since it imposes unnecessary and undue burden and expense upon Tandigm. Tandigm is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved.

4. Documents and communications relating to the formation, strategy, and development of Your network in the Greater Philadelphia Area, including but not limited to, documents and communications reflecting Your pricing and negotiation strategies with physicians and/or physician groups, documents discussing or analyzing the desirability and attractiveness of such providers for inclusion in Your network, documents discussing the extent to which certain providers and/or physician groups are competitors or substitutes, documents reflecting or discussing the cost or quality of healthcare providers and/or physician groups, and documents and communications reflecting Your rationale for including or excluding any healthcare provider and/or physician group from Your network in the Greater Philadelphia Area.

Response/Objection: Tandigm objects to this request as being unduly burdensome, time consuming, and harassing. Tandigm further objects that this request is irrelevant because it concerns Tandigm's business and not the proposed merger of Jefferson and Einstein or the claims and defenses of the parties. Tandigm is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved.

5. Documents and data sufficient to show the service areas in which You draw patients in the Greater Philadelphia Area, including the zip codes that comprise each of Your service areas and the market shares of providers with whom Your compete within Your service area(s).

Response/Objection: Tandigm objects to this request as vague, overly broad and improper, and because it would impose unnecessary and undue burden and expense upon Tandigm. Tandigm is willing to discuss ways to clarify and narrow the request to determine if its objectionable nature can be resolved. Without waiver of the objection, Tandigm believes it has no responsive documents.

6. Documents and data sufficient to identify each provider location to which You refer patients for inpatient general acute care services, outpatient services, or Acute Rehab Services in the Greater Philadelphia Area.

Response/Objection: Tandigm objects to this request as vague, overly broad and improper, and because it would impose unnecessary and undue burden and expense upon Tandigm. Tandigm is willing to discuss ways to clarify and narrow the request to determine if its objectionable nature can be resolved. Without waiver of the objection, Tandigm believes it has no responsive documents.

7. Documents sufficient to show Your physicians' referral patterns in the Greater Philadelphia Area for inpatient general acute care services, outpatient services, or Acute Rehab

Services, including any analyses of trends in or the expected future of how these referral patterns may change.

> Response/Objection: Tandigm objects to this request as vague, overly broad and improper, and because it would impose unnecessary and undue burden and expense upon Tandigm. Tandigm is willing to discuss ways to clarify and narrow the request to determine if its objectionable nature can be resolved. Without waiver of the objection, to conduct a search to determine if it has responsive documents.

8. All documents, including internal business plans, board/management presentations, consultant reports, or capital plans discussing or analyzing Your plans to provide, develop, expand, or reduce the services You offer patients in the Greater Philadelphia Area.

> Response/Objection: Tandigm objects to this request as being unduly burdensome, time consuming, and harassing. Tandigm further objects that this request is irrelevant because it concerns Tandigm's business and not the proposed merger of Jefferson and Einstein or the claims and defenses of the parties. Tandigm is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved.

9. Documents sufficient to show Your future plans to add a new physician or physician group or expand Your network of physicians in Montgomery County or Philadelphia County, including but not limited to, the address of the practice (if known), the expected number of physicians by specialty, and the projected opening date.

> Response/Objection: Tandigm objects to this request as being unduly burdensome, time consuming, and harassing. Tandigm further objects that this request is irrelevant because it concerns Tandigm's business and not the proposed merger of Jefferson and Einstein or the claims and defenses of the parties. Tandigm is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved.

10. All strategic and business planning documents, marketing plans, advertising, market studies, forecasts, surveys, consultant reports, or other strategic documents that discuss, analyze or describe competition, competitors, or market share for inpatient general acute care services, outpatient services, or Acute Rehab Services in the Greater Philadelphia Area.

Response/Objection: Tandigm objects to this request as being unduly burdensome, time consuming, and harassing. Tandigm further objects that this request is irrelevant because it concerns Tandigm's business and not the proposed merger of JHS and Einstein or the claims and defenses of the parties. Tandigm is willing to discuss ways to narrow the request to determine if its objectionable nature can be resolved.

11. All documents discussing competition between You and any Jefferson facility or Jefferson physicians and between You and any Einstein facility or Einstein physicians.

Response/Objection: Tandigm objects to this request as vague, overly broad and improper, and because it would impose unnecessary and undue burden and expense upon Tandigm. Tandigm is willing to discuss ways to clarify and narrow the request to determine if its objectionable nature can be resolved. Without waiver of the objection, Tandigm believes it has no responsive documents.

12. Documents discussing the financial condition of hospitals in the Greater Philadelphia Area, including the impact of that financial condition on the prices paid to the hospital, on the quality of services provided at the hospital, on Medicare and/or Medicaid patient populations, and on the hospital's likelihood of insolvency.

Response/Objection: Tandigm objects to this request as vague, overly broad and improper, and because it would impose unnecessary and undue burden and expense upon Tandigm. Tandigm is willing to discuss ways to clarify and narrow the request to

determine if its objectionable nature can be resolved.  Without waiver of the objection, Tandigm believes it has no responsive documents.

13. Documents and data sufficient to identify each commercial, Managed Medicaid, and Managed Medicare product in which You participate in the Greater Philadelphia Area, including the providers who are in each product and the prices that such healthcare providers are paid pursuant to such products.

Response/Objection:  Tandigm objects to this request as vague, overly broad and improper, and because it would impose unnecessary and undue burden and expense upon Tandigm.  Tandigm is willing to discuss ways to clarify and narrow the request to determine if its objectionable nature can be resolved.  Without waiver of the objection, Tandigm has a contract with Independence Blue Cross and a contract with Humana, each of which requires to be notified before Tandigm may produce the contract.

14. Documents sufficient to show any agreements, joint ventures, partnerships, or other affiliations that You have with any hospital or health system in the Greater Philadelphia Area, including the terms and scope of the affiliation and any incentives or disincentives provided pursuant to that affiliation.

Response/Objection:  Tandigm objects to this request as vague, overly broad and improper, and because it would impose unnecessary and undue burden and expense upon Tandigm.  Tandigm is willing to discuss ways to clarify and narrow the request to determine if its objectionable nature can be resolved.

15. Documents sufficient to show the incentives and disincentives You provide to Your physicians to refer patients to certain healthcare facilities in the Greater Philadelphia Area for care, including by way of example shared savings programs or value-based arrangements. This Request includes but is not limited to identifying the criteria You use in

establishing those incentives or disincentives and identifying for which facilities a referring provider would or would not receive an incentive or disincentive.

>Response/Objection:  Tandigm objects to this request as vague, overly broad and improper, and because it would impose unnecessary and undue burden and expense upon Tandigm.  Tandigm is willing to discuss ways to clarify and narrow the request to determine if its objectionable nature can be resolved.

16. Documents sufficient to show the incentives and disincentives You provide to hospitals, health systems, or other healthcare providers to refer patients to certain healthcare facilities or providers in the Greater Philadelphia Area for care, including by way of example shared savings programs or value-based arrangements. This Request includes identifying the criteria You use in establishing those incentives or disincentives and identifying for which facilities a referring provider would or would not receive an incentive or disincentive.

>Response/Objection:  Tandigm objects to this request as vague, overly broad and improper, and because it would impose unnecessary and undue burden and expense upon Tandigm.  Tandigm is willing to discuss ways to clarify and narrow the request to determine if its objectionable nature can be resolved.

17. All documents and communications discussing the incentives or disincentives You provide to Your physicians or to other hospitals, health systems, or other healthcare providers to refer patients to healthcare facilities other than those owned by Jefferson in the Greater Philadelphia Area.

>Response/Objection:  Tandigm objects to this request as vague, overly broad and improper, and because it would impose unnecessary and undue burden and expense upon Tandigm.  Tandigm is willing to discuss ways to clarify and narrow the request to

determine if its objectionable nature can be resolved. Without waiver of the objection, Tandigm believes it has no responsive documents, other than an agreement with Jefferson.

18. Documents and data sufficient to identify any preferred providers to which You refer patients in the Greater Philadelphia Area.

Response/Objection: Tandigm objects to this request as vague, overly broad and improper, and because it would impose unnecessary and undue burden and expense upon Tandigm. Tandigm is willing to discuss ways to clarify and narrow the request to determine if its objectionable nature can be resolved. Without waiver of the objection, Tandigm is willing to conduct a search for responsive documents.

19. Documents and data sufficient to identify Your physicians or providers that have been designated as preferred providers by other hospitals, health systems, or other healthcare providers in the Greater Philadelphia Area.

Response/Objection: Tandigm objects to this request as vague, overly broad and improper, and because it would impose unnecessary and undue burden and expense upon Tandigm. Tandigm is willing to discuss ways to clarify and narrow the request to determine if its objectionable nature can be resolved. Without waiver of the objection, Tandigm believes it has no responsive documents.

*/s/ Richard P. Limburg*
Thomas A. Leonard (ID. # 14781)
Richard P. Limburg (ID. #39598)
Obermayer Rebmann Maxwell
& Hippel LLP
Centre Square West
1500 Market Street, 34th Fl.
Philadelphia, PA  19102
Attorneys for Tandigm Health, LLC