# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>and<br><br>COMMONWEALTH OF PENNSYLVANIA<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS JEFFERSON UNIVERSITY<br><br>and<br><br>ALBERT EINSTEIN HEALTHCARE NETWORK<br><br>Defendants. | No. 2:20-cv-1113-GJP |



## [PROPOSED] FINAL PRE-TRIAL ORDER

**I.  Hearing Protocol**

1. The Court will use Courtroom 15A as the Main Courtroom for the hearing of this matter, and it will use Courtroom 15B as an the Overflow Courtroom, which will contain a video and audio feed of the proceedings for the general public to observe.  No more than 25 persons, including Court personnel, will be allowed at any time in either Courtroom 15A or 15B.

2. The Court imposes the following further protocols to limit the number of persons entering the Main Courtroom while also recognizing the Parties' desire to manage their presentation of evidence efficiently.

    a. The Parties will use their best efforts to minimize, as much as possible, the number of personnel in the Main Courtroom at any given time.

    b. Each side may have no more than five (5) people in the well of the Main Courtroom.

    c. Two (2) seats total in the Main Courtroom gallery will be reserved for Defendants' party representatives.

  d. Each side may have up to four (4) additional personnel seated in the Main Courtroom gallery at any given time, including but not limited to (i) technical personnel to assist the Parties' and the Court with use of electronic exhibits and other technology; (ii) attorneys for the parties; and/or (iii) expert witnesses for the parties.

  e. Any Non-Party witness may have one (1) attorney present in the Main Courtroom when the witness testifies.

  3. Space in the Overflow Courtroom shall be reserved for the general public and available on a first-come, first-served basis. In order to maximize efficiency and safety, the Main Courtroom will be limited to the attorneys, witnesses, experts, and other personnel assisting in the conduct of this Hearing.

  4. The Court finds that good cause exists given the compelling circumstances of the ongoing public health emergency to "permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). *See, e.g.*, *ResCap Liquidating Trust v. Primary Residential Mortgage, Inc.*, 444 F. Supp. 3d 967 (D. Minn. 2020) (permitting two witnesses to testify remotely because of COVID-19).

  a. The Parties shall serve a copy of this Order on all third-party witnesses identified on their respective final witness lists.

  b. On or before September 9, 2020, any witness intending to testify by contemporaneous transmission from a different location shall notify the Parties and the Court of that intent.

  c. Such a witness may appear and testify remotely via live audio and video feed through a Court-approved technology platform, which the Parties will arrange working with Court's information technology staff. In coordination with the Court's staff, the Parties will arrange for any necessary computers, video cameras, microphones, or other technology necessary for all individuals in the Main Courtroom and Overflow Courtroom. Such witnesses shall not communicate with anyone about the subject of their testimony while their testimony is ongoing.

  5. All attorneys for the Parties or Non-Parties with a speaking role during the hearing will endeavor to appear in person unless they are unable to do so due to health concerns or travel restrictions. Attorneys for any Party or Non-Party with such concerns or restrictions may appear remotely via the Court-approved technology platform for speaking roles at the hearing.

  6. In addition, the same Court-approved technology platform for any examinations of witnesses testifying by live audio and video will be available for the Parties' counsel and any of their representatives who do not have a speaking role to observe the hearing in real time. Any party participants using this audio/video feed will be disclosed to the Court. Any individual with a speaking role in the hearing must appear by both audio and video.

## II. Exchange of Exhibit Lists

1. The Parties shall exchange preliminary exhibit lists by September 2, 2020. Preliminary exhibit lists need not include exhibits a Party expects to be used solely for impeachment. This deadline does not supersede the requirement under Paragraph 16 of the May 18, 2020, Stipulation and Order Regarding Case Management requiring that all exhibits anticipated to be used on direct examination of a particular witness be disclosed two calendar days prior to the date upon which such a witness is intended to be called at the hearing.

2. Objections to exhibit lists will be served on September 8, 2020.

## III. Proposal for Confidentiality Issues at the Hearing

1. No later than September 3, 2020, each Party must notify Non-Parties of any exhibits appearing on that Party's preliminary exhibit list that contain information that the non-party has previously designated as "Confidential Information" or "Highly Confidential Information" under the Court's Stipulated Protective Order. Such notice to any Non-Parties shall also include a description of the procedure in Paragraph 2, below, for seeking relief from the Court and a copy of this Order.

2. Any Party or Non-Party seeking to protect the use of a proposed exhibit containing sensitive business information in open court during the hearing will move the Court for such relief by 5:00 PM EDT on September 8, 2020. The moving party must include in its motion whether the restriction sought is either complete non-disclosure or partial disclosure of each identified exhibit, and it must include a redacted version of each affected exhibit that can be used publicly. Should any Party oppose such a request for relief, that opposition must be submitted by September 9, 2020. All filings pursuant to these procedures shall not exceed five pages each. When the Parties notify any Non-Parties of the potential use of Confidential or Highly Confidential exhibits, per Paragraph 17 of the Stipulated Protective Order, they must also notify them of the foregoing procedures that apply to moving for protection of those exhibits in court.

3. This procedure shall not apply for exhibits used for impeachment, which the Court will address as required during the hearing.

BY THE COURT:

*/s/ Gerald J. Pappert*     9/4/20
GERALD J. PAPPERT, J.