IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FEDERAL TRADE COMMISSION and
COMMONWEALTH OF PENNSYLVANIA,
   *Plaintiffs,*

 v.

THOMAS JEFFERSON UNIVERSITY and
ALBERT EINSTEIN HEALTHCARE
NETWORK,
   *Defendants.*

Civil Action No. 2:20-cv-01113

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SEAL**

Pursuant to Federal Rule of Civil Procedure 5.2 and Local Rules of Civil Procedure 5.1.5 and 7.1, Defendant Thomas Jefferson University ("Jefferson") respectfully moves this Court for an order that certain portions of documents that may be presented during the preliminary injunction hearing or in the parties' proposed findings of fact and conclusions of law be sealed with protections necessary to prevent from public disclosure the contents of these documents.

**I. INTRODUCTION**

In accordance with the Final Pretrial Order (Dkt. # 136) in this matter, the parties exchanged exhibit lists September 2, 2020. Both Plaintiffs and Defendants included among their exhibits certain documents containing highly confidential and sensitive business, financial, or patient information, which are identified in Appendix A to this motion.[1] Specifically, the parties designated several potential hearing exhibits and deposition transcripts falling into the following sensitive categories: 1) managed care contacts and the negotiated terms and prices therein, the disclosure of which would be severely detrimental to Jefferson's competitive standing and would

---

[1] In discovery, Jefferson marked all of these documents "Confidential Information" or "Highly Confidential Information" under the Stipulated Protective Order in this action (Dkt. # 55).

1

disadvantage Jefferson in future managed care negotiations; 2) current Jefferson strategic and business plans, the disclosure of which would likewise pose significant competitive harm to Jefferson; and 3) protected health information ("PHI"), the disclosure of which is prohibited under the Health Insurance Portability and Accountability Act ("HIPAA").

Courts in similar cases have granted parties' motions to seal trial exhibits that contain such competitively sensitive information or protected health information. *See, e.g.*, *FTC, et al. v. Penn State Hershey Medical Center, et al.*, 1:15-cv-02362, Order Authorizing Parties to File Certain Documents Under Seal, Docket No. 85 (M.D. Pa., Mar. 8, 2016); *see also*, *FTC, et al. v. Advocate Health Care Network, et al.*, 15-C-11473, Order, Docket No. 415 (N.D. Ill., Apr. 11, 2016).

As outlined in Appendix A to this motion, Jefferson requests complete or partial non-disclosure of these documents to the extent necessary to protect this material. Wherever possible, Jefferson has endeavored to redact only those highly sensitive portions of the documents and transcripts in order to allow the maximum amount of information on the public record. There is therefore no less restrictive manner of protecting Jefferson and non-party patients' interests.

## II.   ARGUMENT

The Third Circuit recognizes that the general presumption of public access to judicial proceedings "is 'not absolute.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). A party's "interest in secrecy" of judicial records may overcome this presumption where it "is the kind of information that courts will protect and . . . disclosure will work a clearly defined and serious injury." *Id.* To the extent applicable to documents presented at the evidentiary hearing, the First Amendment right of access to civil trials may likewise be overcome where "closure is essential to preserve higher values and is narrowly tailored to serve that interest," as demonstrated by a "showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue." *Id.* at 173.

### A.     Managed Care Contracting Information

As outlined in Appendix A to this motion, several of the documents identified by the parties as potential exhibits are managed care contracts themselves, or include descriptions or modeling of sensitive managed care contracting rates and contracting strategies that so permeate the document that redaction would be futile. Additional documents and deposition transcripts designated by the parties as potential exhibits contain or reference highly confidential information related to managed care rates, prices, contracting strategies, or future managed care contracts.

In all cases, the public disclosure of these documents and transcripts (or portions thereof) would disadvantage Jefferson in relation to other health care providers and payors in the Philadelphia area; indeed, some if not all of this material constitutes Jefferson trade secrets. If payors or competing healthcare providers were to obtain Jefferson's actual managed care rates, its contract terms with payors, or the strategies underlying either, they could use that information to negotiate more favorable rates or other agreement terms for themselves, thereby "harm[ing] Jefferson's] competitive standing." *In re Avandia*, 924 F.3d at 679. In addition, the managed care contracts themselves and any material revealing actual contract rates or terms is uniformly covered by confidentiality provisions negotiated between Jefferson and payors. This is precisely "the kind of information that courts" in the Third Circuit protect because its disclosure would lead to "clearly defined and serious" harm, which sufficiently outweighs the public interest in this information to overcome the presumption of public access. *See id.* at 671-72. As a result, the Court should order these materials to be protected from public disclosure in full or in part, as set forth in Appendix A.

### B.     Strategic and Business Plans

Jefferson additionally seeks complete or partial nondisclosure documents and deposition transcripts set forth in Appendix A that the parties listed as potential exhibits that contain or refer to Jefferson's current forward-looking affiliation, contracting, and other business plans and

strategies. As with the managed care contracting materials discussed above, much if not all of this material would qualify for trade secret protection. As with Jefferson's managed care contracting materials, disclosure of Jefferson's current business plans and strategies would pose serious "harm [to Jefferson's] competitive standing" because, if revealed, competing healthcare providers would use this information to combat those same strategies. *In re Avandia*, 924 F.3d at 679. This harm to Jefferson is "clearly defined and serious" and outweighs the public interest in access to this information. *See id.* at 671-72. The Court should therefore completely or partially protect these materials from disclosure as set forth in Appendix A.

### C. Patient Information

Finally, Jefferson seeks confidentiality for materials it has identified in Appendix A as containing protected health information ("PHI") of Jefferson patients. Disclosure of PHI is prohibited under the Health Insurance Portability and Accountability Act ("HIPAA"). *See*, 42 U.S.C. § 1320d-6. Furthermore, the patients whose PHI is contained in these materials are not parties to this case and are unable to object to the release of their private medical information, which heightens the interest in favor of sealing these documents. *Cf. United States v. Hubbard*, 650 F.2d 293, 319 (D.C. Cir. 1980) ("We think that where a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great . . . ."). The Court should therefore completely or partially seal these materials from disclosure as set forth in Appendix A.

### CONCLUSION

For the foregoing reasons, Defendants request that the identified documents described above be maintained under seal. On September 8, 2020, Defendants sought Plaintiffs' consent to the relief sought in this motion and as of the time of filing Plaintiffs have not stated a position.

Dated:  September 8, 2020                             Respectfully Submitted,

                                                          */s/ Paul H. Saint-Antoine*
Paul H. Saint-Antoine  (ID# 56224)
John S. Yi  (ID# 318979)
Carol F. Trevey (ID# 312087)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone:  215-988-2700
Facsimile:  215-988-2757
paul.saint-antoine@faegredrinker.com
john.yi@faegredrinker.com
carol.trevey@faegredrinker.com

Kenneth M. Vorrasi (admitted *pro hac vice*)
John L. Roach, IV (admitted *pro hac vice*)
Jonathan H. Todt  (admitted *pro hac vice*)
Alison M. Agnew (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW, Suite 1100
Washington, DC  20005
Telephone:  202-842-8800
Facsimile:  202-842-8465
kenneth.vorrasi@faegredrinker.com
lee.roach@faegredrinker.com
jonathan.todt@faegredrinker.com
alison.agnew@faegredrinker.com

Daniel J. Delaney (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone: 312-569-1000
Facsimile: 312-569-3000
daniel.delaney@faegredrinker.com

*Counsel for Defendant Thomas Jefferson University*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September, 2020, a true and correct copy of the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users in this action.

*/s/ John L. Roach IV*
John L. Roach IV

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION and COMMONWEALTH OF PENNSYLVANIA, *Plaintiffs*, <br><br> v. <br><br> THOMAS JEFFERSON UNIVERSITY and ALBERT EINSTEIN HEALTHCARE NETWORK, *Defendants*. | Civil Action No. 2:20-cv-01113 |

### [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2020, pursuant to Federal Rule of Civil Procedure 5.2 and Local Rules of Civil Procedure 5.1.5 and 7.1, the Court **GRANTS** Defendant Thomas Jefferson University's Motion to Seal Confidential Exhibits.

_____
Gerald J. Pappert
United States District Judge