# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br>*Plaintiffs,*<br><br>v.<br><br>THOMAS JEFFERSON UNIVERSITY, et al.<br>*Defendants.* | CIVIL ACTION<br>NO. 20-01113 |

## ORDER

**AND NOW**, this 10th day of September, 2020, it is **ORDERED** that, upon consideration of the motion of Defendants Thomas Jefferson University and Albert Einstein Healthcare Network to exclude the testimony of Christine Hammer (Dkt. No. 127) and Plaintiff's opposition thereto (Dkt. No. 185), the motion is **DENIED** without prejudice to Defendants' ability to renew their arguments in the context of the parties' post-hearing briefing.[1]

---

[1] Defendants seek to preclude Hammer's opinions that: (1) "Einstein would likely be able to meet its financial obligations in the near future absent" a merger with Jefferson; and (2) "Einstein has not ruled out the possibility that it could reorganize successfully under Chapter 11." (Defs.' Mem., Dkt. No. 127-1, at 2.) They argue that these opinions and the analysis that underlies them should be excluded for lack of relevance (*id.* at 6-9) and also that the second opinion should be excluded because Hammer is not qualified to testify about bankruptcy matters and provides no specialized knowledge that is helpful to the Court. (*Id.* at 9-11.) Plaintiffs respond that "Defendants' arguments merit – at most – exploration on cross-examination . . . ." (Defs.' Opp'n Mem. at 1.)

Under Federal Rule of Evidence 702, the Court acts "as a gatekeeper to ensure that [expert] opinion is based on the methods and procedures of science rather than on subjective belief or unsupported speculation." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 290 (3d Cir.2012) (internal quotations omitted). If expert testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue," and if the witness is an expert "by knowledge, skill, experience, training, or education," it is admissible so long as it is based on "sufficient facts or data," "is the product of reliable principles and methods," and the witness has "applied the principles and methodology reliably to the facts of the case." Fed. R. Evid. 702. The rule codifies the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), and "embodies a trilogy of restrictions": "qualification, reliability and fit." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003).

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

"[T]he real question is for whom the Court is supposed to be keeping the gate in a matter that is to be decided by the Court itself as a factfinder rather than by a jury." *Federal Trade Comm'n v. Whole Foods Mkt., Inc.*, No. 07-1021, 2007 WL 7632283, at *2 (D.D.C. July 27, 2007). In the context of a bench trial, a district court "may conditionally admit the expert testimony subject to a later Rule 702 determination." *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 833 (3d Cir. 2020) (citing *In re Unisys*, 173 F.3d 145, 155-58 (3d Cir. 1999) ("When the role of the gatekeeper to admit or exclude evidence (the judge) and the role of the factfinder to assess and weigh the evidence that was admitted (the jury) are one and the same, the judge who becomes the factfinder as well as the gatekeeper must be given great deference by this Court[ ] and . . . should not be required to waste judicial time.").) "[A] district court has leeway about 'whether or when special briefing or other proceedings are needed to investigate' the facts relevant to qualification and admissibility of expert testimony." *UGI Sunbury*, 949 F.3d at 833 (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)). Exercising that leeway, the Court will hear Hammer's testimony during the preliminary injunction hearing. When she testifies, Defendants can choose how much time to spend challenging the relevance of her opinions and/or her expertise and how much time to spend on the substance of her report. Ultimately, the Court will decide whether it believes Hammer's testimony and report were reliable and/or relevant, and how much weight, if any, to give them in the context of its final opinion.