

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Bureau of Competition

September 9, 2020

**VIA E-MAIL**

Hon. Gerald J. Pappert
James A. Byrne U.S. Courthouse
601 Market Street
Room 5614
Philadelphia, PA 19106
Chambers_of_Judge_Pappert@paed.uscourts.gov

Re:   *FTC & Commonwealth of Penn. v. Thomas Jefferson Univ. & Albert Einstein Healthcare Network*, Civil Action No. 20-01113 (E.D. Pa.)

Dear Judge Pappert:

We write on behalf of all parties in the above-referenced action regarding the confidentiality issues discussed on this morning's teleconference with the Court. The parties have met and conferred and worked to narrow significantly the extent to which pending motions to seal before the Court require a decision in advance of the scheduled preliminary injunction hearing.

After narrowing their witness lists, and eliminating exhibits that will not be used at the hearing, we submit that the Court can focus on motions to seal for only four third-parties for purposes of the hearing. Plaintiffs are prepared to proceed without implicating any third-party documents subject to motions to seal during the hearing. Defendants have identified 18 exhibits at issue for each of these third parties that they may use at the hearing, which are identified in the attachment and organized by entity. While the parties anticipate that additional documents might be used in their post-hearing filings, the confidentiality of these documents can be addressed at that later time after the hearing.

In addition, the parties have reduced the number of Defendants' own documents that are subject to proposed sealing for purposes of the hearing. These are identified in the attachment and total 37 exhibits. The parties respectfully propose that, prior to the hearing, the Court need rule only on the portions of the pending Defense motions to seal implicated by the below documents. While Defendants seek to seal certain additional Defendant documents on their exhibit list, to the extent such documents are used at the hearing, Defendants anticipate relying upon redacted documents that omit confidential material. Any information in the documents actually used at the hearing to elicit testimony will remain un-redacted. Any issues related to the confidentiality of redacted material could be addressed following the hearing.

The parties also jointly moved for provisional sealing of their respective expert reports pending the Court's rulings on the other party and third-party motions to seal. Dkt. 173. The parties respectfully suggest that the Court may defer ruling on that issue until after the hearing. The parties will endeavor to examine experts in a way that elicits only information that is not confidential.

The parties greatly appreciate Your Honor's patience and thank Your Honor for your attention to these issues.

Respectfully submitted,

*/s/ Mark Seidman*
Mark Seidman
Counsel for Plaintiff
Federal Trade Commission

*/s/ Tracy Wertz*
Tracy Wertz
Counsel for Plaintiff
Commonwealth of Pennsylvania

*/s/Paul Saint-Antoine*
Paul Saint-Antoine
Counsel for Defendant
Thomas Jefferson University

*/s/ Virginia Gibson*
Virginia Gibson
Counsel for Defendant
Albert Einstein Healthcare Network

Enclosure
cc: All Counsel of Record (*via e-mail*)

2

## Appendix A
## Third-Party Witnesses and Documents at Issue in Motions to Seal

Plaintiffs do not anticipate using any third-party documents addressed in the third parties' motions to seal.

Defendants reasonably anticipate using the following third-party documents addressed in third parties' motions to seal:

1. IBC
    a. DX323 (IBC011440-SUB)
    b. DX317 (IBC07584- SUB)
    c. DX333 (IBC009418- SUB)
    d. DX332 (IBC008791-SUB
    e. DX9512 (Snyder deposition transcript)
    f. DX9511 (Staudenmeier deposition transcript)
2. Genesis
    a. DX2103 (GHC-000260)
    b. PX7049 (deposition transcript)
3. Cigna
    a. DX204, DX205 (CI-TJU-LIT3347)
    b. DX206 (CI-TJU-LIT787)
    c. DX 208 (CI-TJU-LIT359)
    d. DX209 (CIGTU000000001)
    e. DX219 (CIGTU6661)
    f. DX8817 (deposition transcript)
4. St. Mary
    a. DX2305, DX2315, DX2317 (STM0091)
    b. DX2308 (STM0481)
    c. DX2311 (STM0510)
    d. DX8833 (deposition transcript)

**Appendix B**
**Party Defendant Fact Witnesses and Documents at Issue in Motions to Seal**

The parties reasonably anticipate using the following Defendant documents addressed in Defendants' motions to seal, with the exception of redacted documents that might be used by Defendants:

PX1051
PX1074
PX1153
PX1261
PX1310
PX1364
PX1365
PX1368
PX1375
PX1382
PX1395
PX1404
PX1412
PX2045
PX2091
PX2099
PX2109
PX2122
PX2142
PX2143
PX2175
PX2241
PX2245
PX2316
PX2345
PX2402
PX2408
PX2435
PX2459
PX6049
PX1375
PX1300
PX1412
DX9372
DX9420
DX9436