IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., *Plaintiffs,*  v.  THOMAS JEFFERSON UNIVERSITY, et al. *Defendants.* | CIVIL ACTION NO. 20-01113 |

**PAPPERT, J.**                                                                                            **September 11, 2020**

**<u>MEMORANDUM</u>**

Discovery in this case has been governed in part by a Stipulated Protective Order which, among other things, allowed parties and third parties to designate documents as either "Confidential" or "Highly Confidential". (ECF 55.) The Order does not authorize the filing of any document, whatever its designation, "under seal" though to the extent a document produced by a third party with a confidential designation is "identified on any parties' final pre-hearing exhibit list," the party which has listed the document is required to notify the third party of such inclusion. (*See id.*, ¶ 17.)

The parties submitted, and the Court approved, a Final Pre-Trial Order establishing protocols for the upcoming hearing and allowing parties or non-parties to seek to protect the use of a proposed exhibit at the hearing by filing a motion for such relief by 5 P.M. on September 8. The Court never saw the parties' proposed final pre-hearing exhibit list before third parties were informed that exhibits comprised of their documents were listed on it. When compiling their lists, the parties apparently erred on the side of inclusion, because what the Court did see, beginning in the afternoon of September 8 and carrying into that evening, was the filing by 19 different entities of 35

motions comprising 179 pages, seeking to seal 4,096 pages of material. (ECF 137-143, 145, 148, 151, 154-156, 160, 162-163, 165, 167-172, 174-179, 181, 184, 186, 193-194 and 218). In addition to specific documents, there were additional requests for the Court to seal "all portions of the judicial record containing or making reference to . . ." documents the parties were concerned about. (ECF 141).

By the time the dust settled on the Court's docket, roughly 36 hours remained before the September 10 Final Pretrial conference and just 4 days before the start of the hearing. The Court did not even have many of the documents it was supposed to review. Given its obligation to "conduct a document-by-document review" before finding that the "strong presumption" of a "public right of access to judicial proceedings and records" may be overcome and material sealed, the Court concluded that it could not perform this duty without delaying the hearing. *See In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019) and *In re Cendant Corp.*, 60 F.3d 183, 192 (3d Cir. 2001). The Court convened a call with counsel for the parties on September 9 to discuss this predicament. Counsel pledged to trim their proposed exhibit lists. They did so and sent the Court a letter (ECF 225) which reduced to 18 the number of exhibits containing documents designated by third parties as confidential or highly confidential. These exhibits are implicated in the motions docketed at ECF Nos. 138, 170, 175 and 181. All other motions to seal are accordingly denied as moot. In the event the parties seek to disclose or introduce into evidence documents forming the basis for any of these other motions, counsel will so inform the Court and the Court will, if necessary, address purported confidentiality issues in those documents at that time.

I

There is a common law rebuttable presumption of a "public right of access to judicial proceedings and records." *In re Cendant*, 260 F.3d at 192. A document is clearly a "judicial record" where it has been filed with the Court and may be a judicial record "if a court interprets or enforces the terms of that document or requires that it be submitted to the court under seal." *Id.* "The 'strong presumption of openness does not permit the routine closing of judicial records to the public.'" *Avandia*, 924 F.3d at 672 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994).

"[T]he party seeking the closure of a hearing or the sealing of part of the judicial record 'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *In re Cendant*, 260 F.3d at 194 (citation omitted). "In delineating the injury to be prevented, specificity is essential . . . . Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* (internal citation omitted). The party seeking to overcome the presumption of access must also "show that the interest in secrecy outweighs the presumption." *Id.*

"[T]he presumption in favor of public access applies not only to civil trials and records but also to 'motions filed in court proceedings.'" *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986)). "[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Leucadia*, 998 F.2d at 164; *Avandia* 924 F.3d at 672 (same).

3

"To overcome th[e] strong presumption, the District Court must articulate 'the compelling, countervailing interests to be protected,' make 'specific findings on the record concerning the effects of disclosure,' and 'provide[] an opportunity for interested third parties to be heard.'" *Avandia*, 924 F.3d at 672–73 (quoting *In re Cendant*, 260 F.3d at 194). "Consideration of the public's right of access must be the starting point, not just one of multiple factors. The scale is tipped at the outset in favor of access." *Avandia*, 924 F.3d at 677. Finally, "[c]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." *Leucadia,* 998 F.2d at 167. "The bar for sealing a document is high." *Gratz Coll. v. Synergis Educ. Inc.*, No. CV 14-06966, 2015 WL 9582743, at *3 (E.D. Pa. Dec. 30, 2015).

## II

The Court has now carefully reviewed every third-party document that Defendants reasonably anticipate using at the preliminary injunction hearing. (*See* ECF 225.). None of the exhibits identified by the parties and produced by third-parties St. Mary Rehabilitation Hospital, Genesis Healthcare, Cigna Corporation and Independence Blue Cross, LLC should be sealed.

The moving parties, while innocent bystanders to this dispute, nonetheless have the burden to show that the harm to their competitive standing outweighs the right to openness. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070–71 (3d Cir. 1984) ("The party seeking the closure of a hearing or the sealing of a transcript bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue.") Each of the third parties makes general

assertions that their documents are sensitive and confidential and that publication would harm their competitive standing in the marketplace, but none of them have met their burden to show that public disclosure of any of these materials will work a "clearly defined and serious injury." *See In re Cendant*, 260 F.3d at 194.

While the Court lacks, in some respects, necessary context and information that could permit it to conclude the documents should be shielded from view, much of the information in the documents is cast in broad generalities, is the product of common sense, or was then, or is now, public. Many of the documents are dated. *See Leucadia*, 998 F.2d at 167 ("continued sealing must be based on *current evidence* to show how public dissemination of the pertinent materials *now* would cause the competitive harm they claim") (emphasis in original, citation, internal quotations and alteration omitted); *see also Avandia*, 924 F.3d at 678. "[A]n interest in safeguarding a trade secret may overcome a presumption of openness," but none of the third parties have shown that their documents include them. *Publicker*, 733 F.2d at 1073. Based on its detailed review, the Court cannot find that the third parties have rebutted the strong presumption of a right to public interest to these judicial records.[1]

An appropriate Order follows.

BY THE COURT:

_____
GERALD J. PAPPERT, J.

---

[1]    St. Mary, Genesis, Cigna and IBC each also move to seal entire deposition transcripts, some of which are several hundred pages long. Their motions are denied without prejudice as to the deposition transcripts. The deposition transcripts themselves will not be admitted into evidence at the hearing. To the extent witnesses are required to testify about purportedly confidential matters from their depositions, or to the extent the parties seek to submit or refer to the deposition transcripts after the hearing, the court will address any purported confidentiality issues at that time.