IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., *Plaintiffs,* <br><br> v. <br><br> THOMAS JEFFERSON UNIVERSITY, et al. *Defendants.* | CIVIL ACTION NO. 20-01113 |

# MEMORANDUM ORDER

Before the Court are Defendant Thomas Jefferson University's Motion to Seal Confidential Exhibits (ECF 168) and Defendant Albert Einstein Healthcare Network's Motion to Seal Highly Confidential and Confidential Documents. (ECF 186.) In deciding the motions, the Court incorporates the background and legal standards from its Memorandum ruling on the third-party motions to seal. (ECF 229.) The Court makes its determinations after a careful document-by-document review and based on the limited reasons Defendants provided for keeping the materials under seal. The motions (ECF 168 and 186) are **GRANTED IN PART** and **DENIED IN PART** as follows.[1]

The motions are **GRANTED** with respect to the following exhibits: PX1074, PX1261, PX1310, PX1365, PX1395, PX1404, PX6049, DX9372 and DX 9438. "Courts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" *In re Avandia Mktg., Sales*

---

[1] Further, Defendant Thomas Jefferson University's motion seeking to file its motion to seal under seal (ECF 163) is **GRANTED IN PART**. Only those exhibits to (ECF 168) which this Order allows to remain under seal will be maintained under seal.

*Practices & Prod. Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019) (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)). These exhibits are, at least as of this point in time, being placed under seal because they contain future financial and budget projections, future strategic plans and other business information that, if disclosed, might harm a Defendant's ability to compete. They contain information which, if made public, would "work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). *Cf. Bradburn Parent/Teacher Store, Inc. v. 3M*, No. 02-7676, 2004 WL 1146665, at *2 (E.D. Pa. May 19, 2004) (holding disclosure of financial projections "could clearly cause competitive harm . . . , by giving competitors an understanding of [the defendant's] view of the marketplace as well as [its] competitiveness within the marketplace").

The motions to seal are **DENIED** as to exhibits PX1051, PX1153, PX1300, PX1364, PX1368, PX1375, PX1382, PX1412, PX2045, PX2091, PX2099, PX2109, PX2122, PX2142, PX2143, PX2175, PX2241, PX2245, PX2316, PX2345, PX2402, PX2408, PX2435, PX2459, DX9420. Based on the information available to the Court, Defendants have not met their burden to show these documents should be sealed. "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal citation omitted). And to the extent that these exhibits include projections that are no longer current, Defendants have not shown "how public dissemination of the pertinent materials *now* would cause the competitive harm they claim." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993). Absent further context, the

Court cannot find that Defendants' interests in keeping these documents confidential outweighs the public interest in access to judicial records. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("the strong common law presumption of access must be balanced against the factors militating against access") (citation omitted).

Defendants' motions to seal are **DENIED AS MOOT** in all other respects.[2]

**SO ORDERED** this 14th day of September, 2020.

BY THE COURT:

_____
GERALD J. PAPPERT, J.

---

[2] After Defendants filed their motions, the parties informed the Court that, except for redacted documents that might be used by defendants, they only reasonably anticipate using a subset of the documents subject to Defendants' motions to seal at the preliminary injunction hearing. (ECF 225 (identifying 34 separate exhibits).) Accordingly, the Court's Order addresses only those documents listed in Appendix B to ECF 225.

3