

Bureau of Competition

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

October 12, 2020

**VIA E-MAIL**

The Honorable Gerald J. Pappert
James A. Byrne U.S. Courthouse
601 Market Street
Room 5614
Philadelphia, PA 19106-1745

Re:   *FTC & Commonwealth of Pennsylvania v. Thomas Jefferson University & Albert Einstein Healthcare Network,* No. 2:20-cv-01113-GJP

Dear Judge Pappert:

On behalf of Plaintiffs in the above-referenced action, we write to respectfully request that the Court admit the evidence Plaintiffs used during the hearing of this matter. A list of that evidence, and the witnesses with whom the evidence was used, is attached as Exhibit A to this letter. Plaintiffs also respectfully request that the Court admit other additional reliable evidence, identified in Exhibit B, to supplement the evidence submitted during the hearing. Plaintiffs cite this additional evidence in their Proposed Findings of Fact and Conclusions of Law, which Plaintiffs are filing today. The admission of this additional evidence will allow the Court to consider evidence that will be part of the subsequent administrative proceeding. Other courts have admitted such evidence in FTC merger challenges, and the Third Circuit has relied upon such evidence in its review of the record in such cases.

## BACKGROUND

Plaintiffs' initial exhibit list identified approximately 500 exhibits. In light of the Court's guidance, Plaintiffs have revised their exhibit list to include only fifty-seven exhibits, of which thirty-two are exhibits that Plaintiffs used with witnesses during the hearing. *See* Exhibit A to this letter. The remaining twenty-five exhibits are exhibits that Plaintiffs cite in their Proposed Findings of Fact, but which were not used during the hearing.

The additional twenty-five exhibits not used during the hearing that Plaintiffs move to admit are identified in Exhibit B and comprise:

- sixteen documents produced from Defendants' files;

- four transcripts of deposition testimony of witnesses who did not testify at the hearing;
- one transcript of deposition testimony of a witness (Barry Freedman) who testified at the hearing in Defendants' case;
- one transcript of sworn investigational hearing testimony of a witness (Dr. Stephen Klasko) who testified at the hearing in Defendants' case;
- one transcript of sworn investigational hearing testimony of a witness (Einstein's CFO, Gerard Blaney) who did not testify at the hearing;
- one Rule 1006 summary exhibit; and
- one document that the Department of Health and Human Services published regarding inpatient rehabilitation therapy.

The parties have met and conferred, and Defendants have agreed to drop all of their objections to the exhibits that Plaintiffs seek to admit, with the exception of three categories of evidence. Defendants are maintaining their objections to admission of (1) sworn declarations, (2) transcripts of investigational hearing testimony, and (3) transcripts of testimony for any witness who testified at the hearing. The Court previously denied Defendants' motion *in limine* to exclude the first two categories of evidence. *See* Order (ECF 224) (Sept. 10, 2020).

Of the fifty-seven exhibits identified in Plaintiffs' updated exhibit list, eleven exhibits were the subject of motions to seal that were filed before the hearing. Of those eleven exhibits subject to motions to seal, the Court granted motions to seal as to two exhibits, denied motions to seal two exhibits, and denied as moot motions to seal three exhibits. The last four exhibits subject to motions to seal are Plaintiffs' expert reports, which the parties jointly moved to seal because the expert reports reference confidential information from Defendants and non-parties. *See* ECF No. 173. That joint motion to seal remains pending with the Court.

## ARGUMENT

The thirty-two exhibits that Plaintiffs used during the hearing and the additional twenty-five exhibits that Plaintiffs also cite in their Proposed Findings of Fact and Conclusions of Law constitute admissible evidence in this case.

### 1. The Thirty-Two Exhibits Plaintiffs Referenced during the Hearing Are Admissible.

The thirty-two exhibits that Plaintiffs used during examinations of witnesses should be admitted. These exhibits are comprised almost entirely of documents from Defendants' own files that Defendants produced during this litigation. "The Court is not strictly bound by the Federal Rules of Evidence in a preliminary injunction proceeding." Order (ECF 224) at 1 n.1 (Sept. 10, 2020). Even if those Rules strictly applied, the documents are admissible business records and statements of party opponents. *See* Fed. R. Evid. 801(d)(2), 803(6).

Plaintiffs also move to admit a handful of third-party business records used during the hearing. The documents also constitute business records and were subject to testing on cross-examination. *See* Fed. R. Evid. 803(6).

Plaintiffs move to admit Dr. Loren Smith's and Ms. Christine Hammer's expert reports, the substance of which was incorporated into their testimony at the hearing and the demonstrative exhibits Plaintiffs used during their respective direct examinations. The Court should admit the expert reports so that it may consider the details of the experts' opinion and analysis. The Court may give the analysis the weight it deems appropriate, and there is no risk that reviewing the reports will unduly prejudice the Court.

Plaintiffs also move to admit two transcripts of prior deposition testimony of third parties, the investigational hearing testimony of a party executive, and a declaration of a third party. *See* JX0033, JX0067, PX5007, and PX7001 identified in Exhibit A. None of these persons testified at the hearing. All of these exhibits were used during the hearing. The Court already ruled when it denied Defendants' motion *in limine* to exclude declarations and transcripts that the Court will "give the weight it considers appropriate to any declarations or investigational hearing transcripts introduced into the record in the absence of a live witness." Order (ECF 224) at 1 n.1 (Sept. 10, 2020). The evidence is, accordingly, admissible.

Finally, Plaintiffs move to admit a copy of the Horizontal Merger Guidelines (PX9045) as a courtesy for the Court. It is undisputed that the Merger Guidelines are persuasive authority in this matter, provide the relevant framework for analyzing the proposed merger, and will apply in the pending FTC administrative trial on the merits.

### 2. The Twenty-Five Additional Exhibits that Plaintiffs Rely Upon in Their Proposed Findings of Fact Are Admissible.

Courts deciding whether to preliminarily enjoin a merger routinely allow parties to cite evidence in post-trial proposed findings of fact that was not introduced during a hearing. For example, the United States District Court for the Middle District of Pennsylvania considered evidence presented outside the hearing used by the FTC and the Commonwealth in *FTC v. Penn State Hershey Med. Ctr.*, 185 F. Supp. 3d 552 (M.D. Pa. 2016), *rev'd on other grounds,* 838 F.3d 327 (3d Cir. 2016). Other courts also routinely consider evidence beyond what is presented in the preliminary injunction hearing when determining whether a preliminary injunction should issue. *See, e.g.*, *FTC v. Wilhelmsen*, 18-cv-00414, ECF 87 (D.D.C. May 23, 2018) (pursuant to oral ruling, the FTC cited expert reports, declarations, and deposition testimony in its post-hearing Findings of Fact); *FTC v. Staples, Inc.*, 15-cv-02115, ECF 444 (D.D.C. Apr. 20, 2016) (the FTC cited expert reports, declarations, and deposition testimony in its post-hearing Findings of Fact); *FTC v. Sysco Corp.*, 113 F. Supp. 3d 1, ECF 174-1 (D.D.C. 2015). Such cases also include challenges to hospital mergers. *See, e.g.*, *FTC v. ProMedica Health Sys.*, No. 3:11-cv-47, 2011 WL 1219281, at *35-36 (N.D. Ohio Mar. 29, 2011) (quoting and citing testimony from investigational hearings).

The additional evidence Plaintiffs seek to admit is particularly appropriate for admission—and consideration—here because of the "character and objectives" of this injunctive proceeding. *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 719 (3d Cir. 2004). The purpose of this preliminary injunction hearing is for the Court to determine the

government's likelihood of success on the merits in the upcoming administrative adjudication. The evidence identified in Exhibit B is admissible in that proceeding per the applicable rules:

> Admissibility. Relevant, material, and reliable evidence shall be admitted. . . . Evidence that constitutes hearsay may be admitted if it is relevant, material, and bears satisfactory indicia of reliability so that its use is fair. . . . If otherwise meeting the standards for admissibility described in this paragraph, depositions, investigational hearings, prior testimony in Commission or other proceedings, expert reports, and any other form of hearsay, shall be admissible and shall not be excluded solely on the ground that they are or contain hearsay. . . Statements or testimony by a party-opponent, if relevant, shall be admitted.

FTC Rules of Practice, 16 C.F.R. § 3.43(b) (2018). This Court should have the benefit of the evidence developed during the pre-Complaint investigation and in discovery that will be admitted in the administrative proceeding.

The additional twenty-five exhibits not used during the hearing that Plaintiffs rely upon in their Proposed Findings of Fact are admissible here. *First*, emails and other documents from Defendants' files are admissible business records and statements of party-opponents. *See* Fed. R. Evid. 801(d)(2), 803(6). *Second*, the Court already ruled when it denied Defendants' motion *in limine* to exclude declarations and transcripts that the Court will "give the weight it considers appropriate to any declarations or investigational hearing transcripts introduced into the record in the absence of a live witness." Order (ECF 224) at 1 n.1 (Sept. 10, 2020). *Third*, deposition and investigational hearing testimony of two Defense witnesses who testified at the hearing should be admitted because this additional sworn testimony is admissible for the reasons the Court gave in denying the motion *in limine*, *see id*., and the testimony constitutes admissible opposing party statements, *see* Fed. R. Evid. 801(d)(2). Plaintiffs, moreover, should not be prohibited from relying on sworn testimony of Defendants' executives that fell outside the scope of Defendants' direct examinations of their own witnesses at the hearing. *Fourth*, Plaintiffs' summary exhibit is admissible under Rule 1006. *Fifth*, the Court may take judicial notice of the Department of Health and Human Services' publication regarding inpatient rehabilitation therapy. *See* Fed. R. Evid. 201.

\*\*\*

The FTC and the Commonwealth respectfully request that the Court admit the evidence Plaintiffs used during the hearing and admit the additional reliable evidence identified in Exhibit A and Exhibit B, respectively.

Sincerely,

| | |
|---|---|
| /s/ Mark Seidman | /s/ James A. Donahue |
| MARK SEIDMAN | JAMES A. DONAHUE, PA 42624 |
| CHARLES DICKINSON | ABIGAIL WOOD, PA 325273 |
| JAMES H. WEINGARTEN | TRACY WERTZ, PA 69164 |
| RYAN ANDREWS | JENNIFER THOMSON, PA 89360 |
| GUSTAV CHIARELLO | STEPHEN KOVATIS, PA 209495 |
| GUIA DIXON | STEPHEN SCANNELL (*pro hac vice*), IL 633307 |
| JAMIE FRANCE | |
| CHRISTOPHER HARRIS | Office of the Attorney General |
| ALBERT TENG | Commonwealth of Pennsylvania |
| JONATHAN WRIGHT | Strawberry Square |
| Federal Trade Commission | Harrisburg, PA 17120 |
| Bureau of Competition | (717) 787-4530 |
| 600 Pennsylvania Avenue, NW | awood@attorneygeneral.gov |
| Washington, DC 20580 | jdonahue@attorneygeneral.gov |
| (202) 326-3570 | twertz@attorneygeneral.gov |
| mseidman@ftc.gov | jthomson@attorneygeneral.gov |
| cdickinson@ftc.gov | skovatis@attorneygeneral.gov |
| jweingarten@ftc.gov | sscannell@attorneygeneral.gov |
| randrews@ftc.gov | |
| gchiarello@ftc.gov | *Attorneys for Plaintiff Commonwealth of Pennsylvania* |
| gdixon@ftc.gov | |
| jfrance@ftc.gov | |
| charris1@ftc.gov | |
| ateng@ftc.gov | |
| jwright1@ftc.gov | |
| | |
| *Attorneys for Plaintiff Federal Trade Commission* | |

                 *cc: Defense Counsel of Record*

**EXHIBIT A**
**Exhibits Referenced During the Hearing**

| Exhibit | Description | Producing Party | Witness(es) | Motion to Seal & Disposition |
|---|---|---|---|---|
| JX0022 | Meeting Minutes of Thomas Jefferson University Board of Trustees (9/12/18) | Jefferson | Peter DeAngelis | |
| JX0033 | Deposition Transcript of Jack Carroll (07/07/20) | Jefferson | Dr. Subramaniam Ramanarayanan | |
| JX0067 | Deposition Transcript of Dan Freed (08/04/20) | Shanonndell | Dr. Subramaniam Ramanarayanan | Yes (Denied as Moot) |
| JX0078 | System Integration Agreement by and between Thomas Jefferson University and Albert Einstein Healthcare Network (09/14/18) | Jefferson | Barry Freedman | |
| PX1027 | Email from Lane Brown to Jack Carroll; Stephen DeStefano re: RE: SNFs (05/10/19) | Jefferson | Dr. Loren Smith | |
| PX1047 | Email from Stephen Klasko to Robert Adelson; Stephen Klasko re: Re: Last night's discussion (10/31/17) | Jefferson | Dr. Stephen Klasko | |
| PX1050 | Email from Stephen Klasko to Debra Taylor; Kirk Gorman re: Re: Independence Blue Cross - Medicare Advantage Narrow Network Plan 2016 (10/25/15) | Jefferson | Dr. Stephen Klasko | |
| PX1055 | Email from Phil Green to Stephen Klasko; Larry Merlis; Robert Cindrich re: Re: Redefining (11/13/18) | Jefferson | Dr. Stephen Klasko | Yes (Denied as Moot) |
| PX1057 | Email from Sal Tschuler to Stephen Klasko re: RE: No Subject (04/08/19) | Jefferson | Dr. Stephen Klasko | |

| Exhibit | Description | Producing Party | Witness(es) | Motion to Seal & Disposition |
|---|---|---|---|---|
| PX1079 | Email from Larry Merlis to Monica Doyle re: Fwd: Comments from Monday's Presentation (03/30/17) | Jefferson | Laurence Merlis | |
| PX1081 | Email from Monica Doyle to Larry Merlis re: Most Recent Einstein Profile w/Attach: Einstein Health 9.5.2017.pdf (06/20/18) | Jefferson | Laurence Merlis | |
| PX1101 | Jefferson HSR Filing: 4(c)-20 (03/29/17) | Jefferson | Dr. Loren Smith | |
| PX1141 | Email from Peter DeAngelis to Stephen Klasko re: RE: Follow up (02/12/17) | Jefferson | Peter DeAngelis | |
| PX1153 | Jefferson Documents: Payer Negotiations and Strategy Documents (NA) | Jefferson | Peter DeAngelis | Yes (Denied) |
| PX1243 | Email from Michael Walsh to Peter DeAngelis re: AJH Inpatient Market Share Report (FY2016 Qtr 2) w/Attachments Abington - Jefferson Health Market Share.pdf (09/07/16) | Jefferson | Laurence Merlis | |
| PX1303 | Email from Stephen Klasko to Phil Green; Robert Cindrich; Stephen Boochever re: Payor Issues (05/19/17) | Jefferson | Dr. Stephen Klasko | |
| PX1313 | Email from Michelle Dougherty to Stephen Klasko; Austin Meehan; Benjamin Sanchez; et al. re: Sent on Behalf of Stephen Klasko, MD, MBA. (12/19/16) | Jefferson | Dr. Stephen Klasko | |
| PX1375 | Email from Sharon Galup to Peter DeAngelis re: RE: Independence Blue Cross Summary 4/9/17 (04/10/17) | Jefferson | Peter DeAngelis | Yes (Denied) |
| PX2069 | Einstein HSR Filing: 4(d)-15 (09/29/16) | Einstein | Dr. Loren Smith | |

| Exhibit | Description | Producing Party | Witness(es) | Motion to Seal & Disposition |
|---|---|---|---|---|
| PX2225 | Email from Ruth Lefton to Dixie James re: Fw: EMCP/EP Growth & Sustainability Planning w/Attach: EMCP-EP Growth & Sustainability Plan - Tactical Planning v7.pptx (10/31/17) | Einstein | Dr. Loren Smith | |
| PX5007 | Declaration of Cindy Winings (12/04/19) | United | Dr. Loren Smith | Yes (Denied as Moot) |
| PX6041 | Kaufman Hall Document: EHN Strategic Options (Redline) (09/26/16) | Kaufman Hall | Andre Maksimow | |
| PX6066 | Email from Andre Maksimow to Dixie James re: Re: Files w/Attach: 161014_EHN_SO_Meeting 2 Pre-Read_final.pptx (05/03/17) | Kaufman Hall | Andre Maksimow | |
| PX6080 | Grant Thornton Document: Jefferson Health System - Einstein Due Diligence (04/05/18) | Grant Thornton | Peter DeAngelis | |
| PX7001 | Investigational Hearing Transcript of Alberto Esquenazi (09/19/19) | Einstein | Dr. Loren Smith | |
| PX8000 | Expert Report of Dr. Loren Smith (07/23/20) | FTC | Dr. Loren Smith | Yes (Pending) |
| PX8001 | Expert Report of Christine Hammer (07/23/20) | FTC | Christine Hammer | Yes (Pending) |

| Exhibit | Description | Producing Party | Witness(es) | Motion to Seal & Disposition |
|---|---|---|---|---|
| PX8002 | Expert Rebuttal Report of Dr. Loren Smith (08/20/20) | FTC | Dr. Loren Smith | Yes (Pending) |
| PX8003 | Expert Rebuttal Report of Christine Hammer (08/20/20) | FTC | Christine Hammer | Yes (Pending) |
| PX9025 | Tweet by Alberto Esquenazi re: JAMA Stroke Guidelines (03/23/18) | Public | Dr. Subramaniam Ramanarayanan | |
| PX9044 | Cigna Document: Cigna Inpatient Acute Rehabilitation Medical Coverage Policy (03/15/2020 through 03/15/2021) | Public | Keith Markowitz | |
| PX9045 | U.S. Department of Justice and the Federal Trade Commission Horizontal Merger Guidelines (NA) | FTC/Public | Dr. Loren Smith | |

**Exhibit B**
**Additional Reliable Evidence Relied Upon in Plaintiffs' Proposed Findings of Fact**

| Exhibit | Description | Producing Party | Motion to Seal & Disposition |
|---|---|---|---|
| JX0032 | Deposition Transcript of Beth Duffy (07/07/20) | Einstein | |
| JX0035 | Deposition Transcript of Gerard Blaney (07/08/20) | Einstein | |
| JX0043 | Deposition Transcript of Scott Latimer (07/14/20) | Einstein | |
| JX0046 | Deposition Transcript of Barry Freedman (07/16/20) | Einstein | |
| JX0065 | Deposition Transcript of Lori Gustave (07/29/20) | Penn | |
| JX0087 | Email from Rachel Barakat to Mary Schmidt re: FY19 Marketing plan (09/18/18) | Jefferson | |
| PX1025 | Email from Jack Carroll to Venus Bradley; Stephen DeStefano re: Update ExecFinance Draft Agenda 1.3 w/Attach: Agenda Exec.Finance.04.17.19.V.1.3.doc (04/12/19) | Jefferson | |
| PX1074 | Jefferson Presentation: Jefferson Health's Strategic Roadmap Consolidated Findings; Implications & Recommendations December 2016 (12/16) | Jefferson | Yes (Granted) |

| Exhibit | Description | Producing Party | Motion to Seal & Disposition |
|---|---|---|---|
| PX1100 | Jefferson HSR Filing: 4(c)-15 (11/22/16) | Jefferson | |
| PX1105 | Email from Rachel Baraket to Barbara Giletto-Patterson re: RE: FY19 post-acute marketing plan (09/17/18) | Jefferson | |
| PX1108 | Email from Jack Carroll to Stephen DeStefano re: Private Rooms (10/13/17) | Jefferson | |
| PX1261 | Email from Margaret McGoldrick to Margaret McGoldrick re: FW: Abington Jefferson Health Strategic Planning - Meeting # 1 w/Attach: Jefferson Health Strategic Framework.pdf; Abington JH Environmental Assessment.pdf; Abington JH Strategic Plan Template.pdf; Meeting #1 Discussion Guide - Abington.pdf (01/09/18) | Jefferson | Yes (Granted) |
| PX2044 | Email from David Ertel to George Cronan; Greta Montes; Paul Staudenmeier; et al. re: Einstein Follow-up Materials w/Attach: Independence Blue Cross Material 2.23.15 -Final2_02.24.15_1.pdf; Staudenmeier Letter 2.18.15.PDF (02/24/15) | Einstein | |
| PX2144 | Email from Joan Moyer to Gerard Blaney; Brian Burgess; Brian Derrick; et al. re: RE: New Hospital Projection (07/05/07) | Einstein | |
| PX2146 | Einstein Document: Discovery Questionnaire (NA) | Einstein | |
| PX2177 | Email from Safat Hannan to Eoin Ward; Gerard Blaney re: RE: Debt-to-Cash Flow Projected Fy 19 w/Attach: PA AEHN - Moody's Credit Opinion March 2019 Surveillance.pdf (03/14/19) | Einstein | |

| Exhibit | Description | Producing Party | Motion to Seal & Disposition |
|---|---|---|---|
| PX2186 | Email from 'Zixvpmgateway@z156.zixworks.com' to Gerard Blaney re: FW: Moody's w/Attach: FW: Moody's (02/12/19) | Einstein | |
| PX2329 | Email from Reshma Patel to Beth Duffy; James Dixie; Lauren Johnson; et al. re: EMCM Strategic Plan w/Attach: EMCM Strategic Plan Kickoff v17.pptx (03/24/16) | Einstein | |
| PX2348 | Email from Lawrence Reichlin to Gerard Blaney re: Re: Moody's Rating (04/07/20) | Einstein | |
| PX2476 | Einstein Spreadsheet: Capital Expenditures (NA) | Einstein | |
| PX2482 | Einstein Document: Consolidated Financial Statements June 30, 2020 (06/30/20) | Einstein | |
| PX2485 | Rule 1006 Summary of Einstein's Financial Statements (09/07/20) | Einstein | |
| PX7007 | Investigational Hearing Transcript of Stephen Klasko (10/15/19) | Jefferson | |
| PX7012 | Investigational Hearing Transcript of Gerard Blaney (12/19/19) | Einstein | |
| PX9014 | Department of Health and Human Services Document: Inpatient Rehabilitation Therapy Services Fact Sheet (07/12) | HHS/Public | |