IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION et al., *Plaintiffs,* <br><br> v. <br><br> THOMAS JEFFERSON UNIVERSITY et al., *Defendants.* | CIVIL ACTION <br> NO. 20-01113 |

## ORDER

AND NOW, this 8th day of December, 2020, it is **ORDERED** that the exhibits listed in Exhibits A and B to ECF 274 and in Appendix A to ECF 275 are **ADMITTED**.

It is **FURTHER ORDERED** that the motions at ECF 129, 130, 173, 218, 257, 265 and 267 are **DENIED**. The motion at ECF 163 is **GRANTED** to the extent that it seeks to keep PX1074, PX1261, PX1310, PX1365, PX1395, PX1404, PX6049, DX9372 and DX 9438 under seal, *see* (ECF 232), and is **DENIED** in all other respects.[1]

---

[1] "It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). "The 'strong presumption of openness does not permit the routine closing of judicial records to the public.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). Parties "seeking to seal any part of a judicial record bear[ ] the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller*, 16 F.3d at 551 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal citation omitted).

The Court has reviewed all documents and materials received from the parties in this litigation and previously placed certain documents under seal. *See* (ECF 232.) Parties and third parties seeking to seal any other documents have not met their burden to show that disclosure will work the kind of clearly defined and serious injury that a sealing order is intended to protect and have not rebutted the strong presumption of openness. In addition, to the extent that parties and third parties seek to seal information because it has been designated as "confidential" or "highly

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

confidential" in accordance with the terms of the parties' Stipulated Protected Order (ECF 55), the Court finds that disclosure of this information is in the interest of justice. *See* (ECF 55 at ¶ 19.)