IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION et al.,<br>*Plaintiffs,*<br><br>v.<br><br>THOMAS JEFFERSON UNIVERSITY et al.,<br>*Defendants.* | CIVIL ACTION<br>NO. 20-01113 |

December 14, 2020

## ORDER

Pursuant to the stipulated terms of a February 28, 2020 temporary restraining order (ECF 11), Defendants may consummate their proposed merger after 11:59 p.m. on Tuesday December 15, 2020, seven calendar days after the Court's ruling that dismissed the Government's Complaint seeking a preliminary injunction barring the merger. (ECF 277 and 278.) On December 9, the Government filed an Emergency Motion for Injunction Pending Appeal. (ECF 279.) On December 10, the Government filed a Notice of Appeal (ECF 280) and on December 11, it filed an Emergency Motion for an Injunction Pending Appeal with the Third Circuit. (3d Cir. Case No. 20-3499, ECF 5-1.) The parties have since consented to the entry of an order temporarily extending the February 28, 2020 TRO until 11:59 p.m. on Monday, December 21, 2020 pending a determination with respect to the Government's Emergency Motions. *See* (ECF 284.) They have advised the Third Circuit of their consent to such a ten-day extension and ask the Court to enter an administrative order reflecting their agreed-upon extension. (*Id.*)

AND NOW, this 14th day of December, 2020, it is **ORDERED** that:

1.        Consistent with the parties' agreement, the February 28, 2020 TRO (ECF 11) is **AMENDED** to bar consummation of the Defendants' merger until 11:59 p.m. on Monday, December 21, 2020; and

2.        The Government's Emergency Motion for Injunction Pending Appeal (**ECF 279**), is **DENIED**.[1]

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1]      An amendment to the terms of the TRO does not materially alter the status of the case on appeal, while the Government's requested injunctive relief does not permit the Court to maintain the status quo as of the time of the appeal.  The Government's emergency motion effectively requests a preliminary injunction where none has issued, a request arguably "beyond the ambit" of Federal Rule of Civil Procedure 62(d).  *United Parcel Serv. v. United States Postal Serv.*, 475 F. Supp. 1158, 1162-63 (E.D. Pa. 1979).  *Cf. George S. Hofmeister Family Tr. v. Trans Indus. of Indiana, Inc.*, No. 06-13984, 2007 WL 128932, at *2 (E.D. Mich. Jan. 12, 2007) (denying a Rule 62(d) motion where the relief sought was "total reconsideration which bears no resemblance to preserving the status quo or the more forgiving rule of preserving the integrity of the case for appellate proceedings").  In *United Parcel Service* the district court considered the converse scenario, a request under then-Rule 62(c), now Rule 62(d), to dissolve or suspend an injunction that the district court had granted pending an appeal.  *Id.*  The court explained that "far from preserving the status quo, an order dissolving or suspending the injunction would significantly alter it" and therefore the "the relief sought by the Postal Service [was] beyond the ambit of" the Rule.  *Id.* at 1164.  Here too, although the Government's request would preserve the integrity of the appeal, it would require the Court to alter the status quo.  There is presently no preliminary injunction in place for the Court to modify.  *Cf. Ortho Pharm. Corp. v. Amgen, Inc.*, 887 F.2d 460, 464 (3d Cir. 1989) ("in furtherance of preserving the integrity of the appeal, an order entered under Fed. R. Civ. P. 62(c) to *modify* a preliminary injunction may alter the status quo") (emphasis added).  And while Rule 62(d) gives the Court jurisdiction to issue an injunction staying a case pending appeal, the rule seeks to "secure the *opposing party's* rights," here the Defendants' rights, not those of the Government.  Fed. R. Civ. P. 62(d) (emphasis added).

If, in the alternative, the Government's emergency motion seeks reconsideration of the legal merits of its claims, the motion must be "denied for want of jurisdiction . . . ." *United Parcel Serv.*, 475 F. Supp. at 1164; *see also McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982) *(*holding Rule 62(d)'s predecessor, "Rule 62(c) does not restore jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right of appeal and jurisdiction has passed to an appellate court")  "As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) (further citations omitted).