**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION,** *et al.*<br>Plaintiffs,<br>v.<br>**THOMAS JEFFERSON UNIVERSITY,** *et al.*<br>Defendants. | Civil Action No. 2:20-cv-1113-GLP |

**MOTION OF NON-PARTY AETNA, INC TO PARTIALLY SEAL AETNA EXHIBITS
AND FOR FURTHER RELIEF REGARDING OTHER DOCUMENTS**

Non-party Aetna, Inc. respectfully requests an order partially sealing its documents recently admitted into evidence in this matter (Dkts. 275, 276).[1] These exhibits[2] consist of highly confidential Aetna materials that the company does not disclose to competitors and medical providers to protect its competitive standing, healthcare competition, and consumers. Aetna's information includes, among other competitively and commercially sensitive information, "future financial and budget projections, future strategic plans and other business information that, if disclosed, might harm [Aetna's] ability to compete" (Dkt. 232 at 2 (granting motion to seal in part)). Accordingly, when initially notified of the proposed use of Aetna documents at the evidentiary hearing, Aetna immediately moved to have these exhibits partially sealed (Dkt. 171). Aetna's motion was denied as moot after the parties stated they did not intend to admit the Aetna exhibits (*see* Dkts. 229, 230). Shortly thereafter the Court granted Defendants' request to seal documents containing the same types of information as in Aetna's documents (Dkt. 232).

This issue is no longer moot, and immediate relief is warranted. Defendants have since moved to have six Aetna exhibits admitted into evidence (Dkt. 275). The Court granted that request

---

[1] Plaintiffs and Defendants inform Aetna that they take no position on this motion.
[2] Exhibit Numbers DX0108, DX0126, DX0127, DX0136, DX8822, DX9609 (*See* Dkt. 275 at 3, 7, 9).

(Dkt. 276) before Aetna had an opportunity to renew its previous denied-as-moot motion. Partially sealing these exhibits is appropriate under the prevailing Third Circuit precedent, as this Court recognized in granting Defendants' motion to seal documents containing nearly identical categories of information and based on nearly identical arguments as those presented in Aetna's prior denied-as-moot motion. (*Compare* Dkts. 163, 168, 186, 192 (Defendants' Motions and Memoranda in Support) *with* Dkt. 171 (Aetna's Motion and Memorandum in Support); *see* Dkts. 232, 276 (granting Defendants' Motions in part)). Aetna, a non-party in this case, respectfully requests it receive at least the same protections granted to Defendants. If made public, this information would harm Aetna's competitive standing and create serious risks of anti-competitive consumer harm to the public. *See* Motion of Non-Party Aetna, Inc. for *In Camera* Treatment of Hearing Exhibits (Dkt. 171); Declaration of Chris Morris on Behalf of Aetna, Inc. (Dkt. 171-2) (attached hereto as Attachment B).

Additionally, Aetna seeks immediate relief from this Court with respect to other documents cited by the parties and otherwise submitted to the Court but not admitted into evidence. Aetna was first made aware on December 11, 2020, that in addition to the six exhibits referenced above, various other Aetna documents may be cited and quoted in filings initially submitted under seal, including the parties' expert reports and proposed findings of fact and conclusions of law. [3] Because Aetna was not notified by the parties at the time of these filings, Aetna was never afforded an opportunity to request that the highly confidential information contained in those documents remain under seal. And Aetna is still not aware of the full extent of the citation or quotation of its documents because it does not have access to the parties' unredacted expert reports and proposed

---

[3] On December 11, 2020, Counsel for the FTC provided Counsel for Aetna a list of statements in Plaintiffs' Expert Reports discussing Aetna information.

findings. This series of events is inconsistent with the Stipulated Protective Order, which requires covered documents to be filed initially under seal with notice to third parties within one day of such filing (Dkt. 55 ¶¶17, 21). It is likewise inconsistent with the Pre-Trial Order which afforded Aetna an opportunity to seek to seal exhibits proposed to be used during the evidentiary hearing (Dkt. 136). And it is inconsistent with a non-party's basic due process rights. *See, e.g., Mancini v. Northampton Cty.*, 836 F.3d 308, 315 (3d Cir. 2016) ("Fundamentally, procedural due process requires notice and an opportunity to be heard."). Fortunately there is a straightforward remedy— Aetna requests that the parties' expert reports, proposed findings of fact and conclusions of law, and any other filings containing Aetna's designated highly confidential information be ordered to remain under seal until Aetna receives a full list of its documents cited, a description of the Aetna information disclosed, and an opportunity to identify portions of these documents should remain confidential under *In re Avandia.*[4]

Should the Court determine that additional argument or evidence would be helpful to its consideration of this motion, Aetna requests a hearing to further expand on the points raised herein. And should the Court deny this motion, Aetna requests an order temporarily sealing the exhibits and documents so Aetna may seek immediate appellate relief before the information is published.

---

[4] Aetna was likewise only now made aware that the parties submitted these and perhaps other Aetna documents to the Court *in camera*. Aetna requests that all unredacted documents in the Court's possession be treated as sealed and remain unavailable for public viewing until Aetna receives an opportunity to brief the Court fully as to the justification for sealing each of its documents. Because Aetna is not presently aware of which documents were submitted, it is unable to fully brief the Court except for the documents identified in Aetna's September 8, 2020 motion. *See* Dkts. 171, 171-1, 171-2 (providing a detailed, document-by-document analysis of Aetna documents and explaining why each should be sealed in whole or part).

**Background**

Aetna, a non-party, produced documents and provided deposition testimony in this matter in reliance on the protections identified in the Stipulated Protective Order (Dkt. 55). Less than a week before the evidentiary hearing was to commence, Aetna was notified that the parties intended to admit certain of its documents as part of the hearing. Aetna promptly filed a motion on September 8, 2020, under Paragraph III.2 of the Final Pre-Trial Order (Dkt. 136), asking this Court to seal (in whole or in part) highly confidential Aetna information that the parties had planned to introduce into evidence (Dkt. 171). Aetna's highly confidential information included reimbursement rates, negotiating strategies, strategic plans, contracting information, and other competitively and commercially sensitive information that the company protects from disclosure to competitors and medical providers, and was designated "Highly Confidential" under the Stipulated Protective Order (Dkt. 55). Aetna's motion provided a detailed description of the information it sought to have sealed and a declaration explaining the harm to Aetna, competition, and consumers that would result from the publication of its highly confidential information (Dkt. 171). To avoid duplicative argumentation, Aetna hereby incorporates and adopts by reference the arguments raised and facts provided therein.

Also on September 8, 2020, Defendants filed a motion similar to Aetna's to place their own exhibits under seal (Dkts. 163, 168, 186, 192). For example, Defendant Thomas Jefferson University ("Jefferson") sought to protect its highly confidential managed care contracting information, strategic and business plans, patient information, and other confidential business information (Dkt. 168). Defendant Albert Einstein Healthcare Network ("Einstein") sought to protect its highly confidential documents regarding payor negotiation strategies, rates and

contracting; financial projections and future budgets; strategic plans; patient information; and employee and third-party compensation information (Dkt. 192).

Following a September 11, 2020 status conference, the parties substantially narrowed their witness and exhibit lists (Dkt. 225). The parties stated they no longer anticipated introducing any of Aetna's documents at the hearing (*Id*. at Appendix A). This Court accordingly denied Aetna's motion as moot (Dkt. 230). The Court did however grant Defendants' motions in part, finding that nine documents should be sealed because "they contain future financial and budget projections, future strategic plans and other business information that, if disclosed, might harm a Defendant's ability to compete." (Dkt. 232). The Court also reasoned that the documents "contain information which, if made public, would 'work a clearly defined and serious injury to the party seeking closure.'" (*Id.* (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

Despite the parties' statements that they would not seek to introduce Aetna exhibits for purposes of the evidentiary hearing, Aetna understands that its documents were later cited by the parties in other filings submitted under seal, including expert reports and proposed findings of fact and conclusions of law. For example, in a letter dated October 12, 2020 and docketed on December 7, 2020, Defendants submitted a pre-marked list of exhibits that they sought to admit into evidence (Dkt. 275). These include six Aetna documents containing highly confidential Aetna materials. On December 8, 2020, before Aetna was notified of this development and before it was provided any opportunity to renew its motion to seal, the Court granted Defendants' request to admit these documents into evidence, granted Defendants' motion to seal more of their own exhibits, and declined to seal any documents submitted by certain other third parties in the case (Dkt. 276). The order further denied the parties' motions to file their expert reports and proposed findings of fact

and conclusions of law under seal (*Id.*). The order did not cite or address Aetna's previously denied-as-moot motion.

Because the risks to Aetna's competitive standing and consumers from the disclosure of Aetna's confidential contracting, pricing, and strategic materials persist, Aetna requests its documents and exhibits be partially sealed. But because Aetna is not aware of the full extent of its information submitted to the Court *in camera* or otherwise cited or quoted in other filings, Aetna requests an opportunity to be heard on those documents.

<u>**Argument**</u>

Aetna, as a non-party, should not have its Highly Confidential business information publicly disclosed as doing so will harm Aetna, competition, and consumers in the Philadelphia region. Requests to seal judicial records are governed by the common law right of access. *In re Avandia Mktg., Sales Prac. & Prod. Liab. Lit.*, 924 F.3d 662, 670 (3d Cir. 2019); *Ebert v. C.R. Bard, Inc.*, 2020 WL 429771, at *1 (E.D. Pa. Jan. 28, 2020) (granting motion to seal in part). The moving party bears the burden of "showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). Courts may seal judicial records when "the interest in secrecy outweighs the presumption" of public access. *Bank of Am. v. Hotel Rittenhouse*, 800 F.2d 339, 343 (3d Cir. 1986). This includes where the records "could become a vehicle for improper purposes," *Nixon v. Warner Comms.*, 435 U.S. 589, 598, (1978), and where the records "are sources of business information that might harm a litigant's competitive standing." *Rep. of Philippines v. Westinghouse Elec.*, 949 F.2d 653, 662 (3d Cir. 1991).

Aetna's documents [5] qualify for this protection. The disclosure of Aetna's Highly Confidential information "will work a clearly defined and serious injury" to Aetna and the public at large. *Miller*, 16 F.3d at 551. As identified with particularity on a document-by-document level in Attachment A, the six Aetna exhibits contain: (A) reimbursement, bidding, and pricing information; (B) negotiating strategies; (C) strategic planning and analyses; and (D) contracting information. This information, *regardless of its age*, would provide valuable insights to Aetna's competitors and providers on Aetna's current and future negotiating tactics, strategies, product plans, network plans, contracts, and finances, and allow them to access (or accurately project) Aetna's current and future reimbursement rates. To protect its competitive standing, preserve competition among providers and insurers, negotiate better deals for its members, and avoid potential antitrust law violations, Aetna does not publish this information. Aetna takes great care to keep these types of information confidential, regardless of the age of the information. Aetna does so as not to show its hand and tactics to its competitors or to providers, both of which could use past information and data points to disadvantage Aetna in, for example, future negotiations or head-to-head competition. Aetna's September 8, 2020 motion, incorporated herein at Attachment B, provides further details about each of these four categories of information and a declaration by Christopher Morris explaining the seriousness of the injury likely to arise from public disclosure.

Aetna seeks at least the same relief previously sought by the Defendants (Dkt. 168, 192) and granted by this Court (Dkts. 232, 276). Defendants' motions sought to seal their own confidential exhibits because they contained, *inter alia*, (A) managed care contracting information; (B) strategic and business plans; and (C) patient information. Defendants' motions mirrored

---

[5] The exhibits subject to this motion are listed in Attachment A hereto. Redacted versions for the public record are available at Dkt. 171-3 and Dkt. 171-4.

Aetna's September 8, 2020 motion with respect to the case law cited and the risks of public disclosure. Aetna's motion went further by providing a more detailed document-by-document breakdown of which risks applied to which document (Dkt. 171-1) and a declaration by Christopher Morris explaining the clearly defined and serious injury to Aetna from public disclosure (Dkt. 171-2). Denial of these protections would chill the cooperation of third parties in government investigations and litigations such as this one out of a rightful fear that they themselves would suffer harm to their competitive standing. This result would be contrary to the public interest as it would impose additional burdens and costs on the government and courts. Disclosure would also increase the risk of harm to Philadelphia consumers if, for example, providers were to use Aetna's highly confidential information to either collude with one another to raise reimbursement rates or to use insights on Aetna's past negotiation strategies to their advantage to extract higher reimbursement rates from Aetna's clients and members in future negotiations.

As a non-party, Aetna did not voluntarily avail itself of the judicial process and had no ability to influence which exhibits were admitted into evidence. This stands in contrast with the Defendants, who were able to choose which exhibits to introduce, balancing their competitive and confidentiality concerns. Where the movant is a non-party and has produced confidential business records as part of a government antitrust merger investigation and lawsuit, courts often recognize that the interest in secrecy outweighs the presumption of public access. *See e.g.*, *U.S. v. Sabre Corp.*, 2020 WL 1855433, at *44 (D. Del. Apr. 7, 2020) (discussing frequency of non-party confidentiality issues "in trials of government challenges to a proposed merger based on antitrust concerns"; holding courtroom sealing was appropriate under *In re Avandia*), *vacated on other grounds*, 2020 WL 4915824 (3d Cir. July 20, 2020); *FTC v. Tronox Ltd.*, 18-cv-1622 Dkt. 80 at 8-9 (D.D.C. July 26, 2018) (sealing courtroom for testimony about "competitively sensitive

information"); *FTC v. Wilhelmsen et al.*, 18-cv-414 Dkt. 62 at 85 (D.D.C. May 29, 2018) (same); *FTC v. Sysco*, 15-cv-256 Dkt. 183 at 465-66 (D.D.C. June 26, 2015) (same).

Granting lesser protections to a non-party than to Defendants would be inconsistent with the heightened protections courts provide for non-parties. *See, e.g.*, *FTC v. Advocate Health Care Network*, 162 F. Supp. 3d 666, 671-72 (N.D. Ill. 2016) (restricting disclosure of non-parties' confidential information in an FTC merger action and distinguishing confidential information of parties to a lawsuit); *Royal Park Investments v. Deutsche Bank*, 2017 WL 1331288, at *11, No. 14-CV-4394 (S.D.N.Y. Apr. 4, 2017) (sealing "evidentiary materials [that] would harm the business and/or financial interests of non-parties to this litigation that have produced documents pursuant to confidentiality agreements").

These considerations take on extra meaning where, as here, Aetna was not given notice of which documents were being submitted to the Court as part of the parties' expert reports and proposed findings of fact and conclusions of law, and thus Aetna did not have an opportunity to renew its motion to seal prior to the Court's December 8th ruling. The lack of notice to Aetna was inconsistent with the requirements of the Stipulated Protective Order. That Protective Order— which Aetna relied upon when agreeing to produce documents—requires that any third party whose documents are filed (or proposed to be admitted) be notified within one day of such filing (Dkt. 55 ¶17). The purpose of this provision, and the corresponding requirement that any filing containing the material from such documents be initially tendered to the Court under seal (*Id.* ¶21) is clear—it is to permit an opportunity for the third-party to seek relief before its documents are publicly revealed. Aetna was not afforded that opportunity. As such, Aetna requests that the parties' expert reports, proposed findings of fact and conclusions of law, and any other Aetna

information in the Court's possession[6] be ordered to remain under seal until Aetna receives a full list of its documents cited in those filings or otherwise submitted to the Court, a description of the Aetna information disclosed, and an opportunity to brief the Court on why certain portions of Aetna's information must remain confidential.[7]

Given the seriousness of the harm that would result, should the Court deny this motion, Aetna respectfully requests that the Court enter an order temporarily sealing the exhibits and documents so that Aetna may seek immediate appellate relief. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) ("an order denying a motion to unseal or seal documents is appealable either as a final order under 28 U.S.C. § 1291 or as a collateral order"); *cf. United States v. Smith*, 123 F.3d 140, 145 (3d Cir. 1997) ("Orders either granting or, as in this case, denying access to court proceedings or records are appealable as final orders under [28 U.S.C.] § 1291.").

---

[6] As set forth in the Proposed Order, Aetna requests that the following docket entries be sealed pending further order of the Court: Dkt. 134 (Plaintiffs' Pre-Trial Memorandum), Dkt. 135 (Exhibits to Defendant Einstein's Motion in Limine), Dkt. 208 (Plaintiffs' Expert Reports and Expert Transcripts), Dkt. 269 (Defendants' Proposed Findings of Fact and Conclusions of Law), and any other docket entry identified by the Court containing Aetna information. Aetna further requests that Plaintiffs and Defendants be ordered to notify Aetna as to which, if any, of Aetna's documents are cited in these docket entries, or in any other docket entry, within 7 days of the Court's order. Aetna shall then file any motion to seal relating to those documents 7 days following its receipt of the parties' notifications. Likewise, Aetna requests that all documents submitted *in camera* in this action be sealed pending further order of the Court. Plaintiffs and Defendants should be ordered to notify Aetna as to which of Aetna's documents were submitted to the Court in camera within 7 days of the Court's order, and Aetna shall then file any motion to seal relating to those documents 7 days following its receipt of the parties' notifications.

[7] While the Court cites and quotes Aetna information in its order denying a preliminary injunction (Dkt. 277), Aetna does not intend to seek relief with respect to the opinion.

## Conclusion

Because both Aetna's and the public's interests in confidentiality outweigh the presumption of public access, the Court should partially seal the exhibits listed at Attachment A. Likewise, and because of the violation of the Stipulated Protective Order (and Aetna's rights), the Court should at least temporarily seal the filings listed in Footnote 6 and any other filings or documents submitted *in camera* containing Aetna's highly confidential information.

Respectfully Submitted,

Dated:        December 14, 2020          By:  /s/ Rani A. Habash

Rani A. Habash (*pro hac vice*)
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3481

Justin M. Romeo (Pa. Bar No. 326684)
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000

*Attorneys for Non-Party AETNA, INC.*

Mike Cowie
Konstantin Medvedovsky
DECHERT LLP
1900 K Street, N.W.
Washington, DC
(202) 261-3300
        *Of counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that December 14, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: December 14, 2020

/s/ Justin M. Romeo
Justin M. Romeo (Pa. Bar No. 326684)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, *et al*.<br>Plaintiffs,<br>v.<br>**THOMAS JEFFERSON UNIVERSITY**, *et al.*<br>Defendants. | Civil Action No. 2:20-cv-1113-GLP |

## [PROPOSED] ORDER

AND NOW this _____ day of _____, 2020, upon consideration of the Motion of Non-Party Aetna, Inc. to Partially Seal Aetna Exhibits and for Further Relief Regarding Other Documents, it is hereby

ORDERED that the Motion is GRANTED. It is FURTHER ORDERED as follows:

1.      The exhibits identified in Attachment A of the Motion shall be filed **UNDER SEAL** with redacted versions for the public record, as indicated therein.

2.      Portions of the exhibits identified in Attachment A that have been redacted or withheld entirely from disclosure shall remain subject to the restrictions on disclosure for Highly Confidential documents as set forth in the Stipulated Protective Order (Dkt. 55).

3.      The following docket entries shall be **SEALED** pending further order of the Court: **Dkt. 134** (Plaintiffs' Pre-Trial Memorandum), **Dkt. 135** (Exhibits to Defendant Einstein's Motion in Limine), **Dkt. 208** (Plaintiffs' Expert Reports and Expert Transcripts), **Dkt. 269** (Defendants' Proposed Findings of Fact and Conclusions of Law), [and [*any other docket entry identified by the Court containing Aetna information*]]. Plaintiffs and Defendants shall notify Aetna as to which, if any, of Aetna's documents are cited in these docket entries, or in any other docket entry, within 7 days of this order. Aetna shall then file any motion to seal relating to those documents 7 days following its receipt of the parties' notifications.

4.      All documents submitted in camera in this action shall be **SEALED** pending further

order of the Court. Plaintiffs and Defendants shall notify Aetna as to which of Aetna's documents

were submitted to the Court in camera within 7 days of this order. Aetna shall then file any motion

to seal relating to those documents 7 days following its receipt of the parties' notifications.

BY THE COURT:

_____

GERALD J. PAPPERT, J.