IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., *Plaintiffs,* <br><br> v. <br><br> THOMAS JEFFERSON UNIVERSITY, et al. *Defendants.* | CIVIL ACTION <br> NO. 20-01113 |

# ORDER

On December 8, 2020, the Court dismissed the Complaint of the Federal Trade Commission and the Commonwealth of Pennsylvania seeking a preliminary injunction against Defendants Thomas Jefferson University and Albert Einstein Healthcare Network pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), and Section 16 of the Clayton Act, 15 C.S.C. § 26. (ECF 278.) The Federal Trade Commission filed an appeal (ECF 283) which was dismissed on March 4, 2021 in accordance with the agreement of the parties pursuant to Federal Rule of Appellate Procedure 42(b). (ECF 289.) This Order resolves three motions that remained pending at the time of the FTC's appeal.

1.  Defendant Albert Einstein Healthcare Network's Motion for a Finding of Civil Contempt by Non-Party Prospect Medical Holdings, Inc. (ECF 207) is **DENIED**.[1]

---

[1] Einstein asks the Court to find Prospect in civil contempt for its failure to comply with a valid subpoena and the Court's September 1, 2020 Order (ECF 126). Sanctions for civil contempt are "penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994). The Court remains disappointed with Prospect's responses to Einstein's discovery requests and discourages similarly obstructive conduct in the future. Nevertheless, this matter has been resolved in Einstein's favor and there is no present need to coerce Prospect's compliance with the Court's prior Order.

2. Non-Party Aetna, Inc.'s Motion to Partially Seal Aetna Exhibits and for Further Relief Regarding Other Documents (ECF 286) is **DENIED**.[2]

3. Non-Party UnitedHealth Group's Motion to Seal Confidential Information (ECF 287) is **GRANTED** only with respect to the following: (1) DX0450; (2) the redactions to DX0402 contained in ECF 287-4 (United Attachment D); and (3) the redactions to DX9498 contained in ECF 287-7 (United Attachment G).[3] The motion is

---

[2] After the parties removed Aetna and United's documents from the exhibits intended for use at the preliminary injunction hearing, the Court denied their previous motions to seal (ECF 171 (Aetna) and ECF 176 (United)) as moot. (ECF 270.) After the hearing, the Court admitted certain Aetna and United documents into evidence. (ECF 276.) Aetna and United filed the instant motions seeking relief regarding certain of those documents and certain other documents not entered into evidence that the parties submitted to the Court during this litigation. (ECF 286 (Aetna) and 287 (United).) They argue the Court granted Defendants relief similar to the relief they now request. (*See* ECF 286 at 1; ECF 287 at 2; *see also* ECF 232 (September 14, 2020 Order sealing certain of Defendants' documents).)

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). "The strong presumption of openness does not permit the routine closing of judicial records to the public." *In re Avandia Mktg., Sales Practice & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.,* 16 F.3d 549, 551 (3d Cir. 1994)). Those "seeking to seal any part of a judicial record bear[ ] the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller*, 16 F.3d at 551 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "Broad allegations of harm, bereft of specific examples or articulated reasoning are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal citation omitted).

"Courts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing." *In re Avandia Mktg., Sales Practice & Prod. Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019) (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *see also Bradburn Parent/Teacher Store, Inc. v. 3M*, NO. 02-7676, 2004 WL 11146665, at *2 (E.D. Pa. May 19, 2004) (holding disclosure of financial projections "could clearly cause competitive harm . . . , by giving competitors an understanding of [the defendant's view of the marketplace as well as [its] competitiveness within the marketplace").

The Court has carefully reviewed the documents Aetna and United seek to keep under seal (*see* ECF 286-1, ECF 287-1) and, other than for the specific United identified in this Order, finds that neither has rebutted the strong presumption of openness and met its burden to show that disclosure will work the kind of clearly defined and serious injury that a sealing order is intended to protect. Parties seeking the protection of a seal must demonstrate a specific risk of current harm. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 167 (3d Cir. 1993). Aetna and United have not sufficiently explained "how public dissemination of the pertinent materials *now* would cause the competitive harm they claim." *Id.* In addition, to the extent that Aetna and United seek to seal other information because it has been designated as "confidential" or "highly confidential" in accordance with the terms of the Stipulated Protected Order in this case (ECF 55), the Court finds that disclosure of this information is in the interest of justice even though Aetna and United are non-parties to this litigation. (*See id.* at ¶ 19.)

[3] The Court exercises its discretion to protect these documents from disclosure because they include information that derives economic value from not being generally known by others who might obtain economic value from its disclosure including detailed contract rate information and analyses of the impact of contract

**DENIED** in all other respects.

So **ORDERED** this 26th day of March, 2021.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

negotiations on specifically identified United customers.